Cohen Milstein Sellers & Toll PLLC
Michael Eisenkraft (#ME-6974)
Kenneth M. Rehns (#KR-9822)
88 Pine Street
14th Floor
New York, NY 10005
Telephone:  (212) 838-7797

*Attorneys for Proposed Lead Plaintiff*
*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
CHRIS BASNETT, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,                                  Case No: 13 cv 214 (HB)

       Plaintiffs,                          **MEMORANDUM IN SUPPORT OF**
                                                     **MOTION OF RICHARD D. KOZMA FOR**
  -against-                                         **APPOINTMENT AS LEAD PLAINTIFF,**
                                                     **APPOINTMENT OF LEAD COUNSEL,**
LONGWEI PETROLEUM INVESTMENT                         **AND CONSOLIDATION OF ALL**
HOLDING COMPANY, CAI YOUNGJUN,                       **RELATED ACTIONS**
JAMES CRANE, AND MICHAEL TOUPS,

       Defendants.
------------------------------------- X
JUN MA, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED                                             Case No: 13 cv 229 (JPO)

       Plaintiffs,

  -against-

LONGWEI PETROLEUM INVESTMENT
HOLDING COMPANY, YOUNGJUN CAI,
JAMES CRANE, AND MICHAEL TOUPS,

       Defendants.
------------------------------------- X

```
------------------------------------ X
CHARLIE MUNIZ, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED
                                        Case No: 13 cv 278 (HB)
            Plaintiffs,

    -against-

LONGWEI PETROLEUM INVESTMENT
HOLDING COMPANY, YOUNGJUN CAI,
JAMES CRANE, AND MICHAEL TOUPS,

            Defendants.
------------------------------------ X
PAUL HOWARD, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,                     Case No: 13 cv 422 (HB)

            Plaintiffs,

    -against-

LONGWEI PETROLEUM INVESTMENT
HOLDING COMPANY, CAI YONJUN,
JAMES CRANE, AND MICHAEL TOUPS,

            Defendants.
------------------------------------ X
```

## TABLE OF CONTENTS

|      |                                                                                              | Page |
|------|----------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                                 | 1    |
| II.  | BACKGROUND                                                                                   | 2    |
| III. | ARGUMENT                                                                                     | 2    |
|      | A. **Movant Should be Appointed Lead Plaintiff**                                             | 3    |
|      |    1. Movant's Motion to Serve as Lead Plaintiff is Timely and in Response to the Notice | 4    |
|      |    2. Movant has the Largest Financial Interest in this Action                | 4    |
|      |    3. Movant Satisfies the Requirements of Rule 23                            | 4    |
|      | B. **The Court Should Appoint Cohen Milstein as Lead Counsel**                               | 6    |
|      | C. **The Related Actions Should be Consolidated Pursuant to Rule 42(a)**                     | 7    |
| IV.  | CONCLUSION                                                                                   | 8    |

## TABLE OF AUTHORITIES

Page

**CASES**

*Albert Fadem Trust v. Citigroup Inc.*,
   239 F. Supp. 2d 344 (S.D.N.Y. 2002) .................................................................... 5, 7

*Chisholm v. TranSouth Fin. Corp.*,
   184 F.R.D. 556 (E.D. Va. 1999) ................................................................................ 5

*In re Crayfish Co. Sec. Litig.*,
   No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002) ........ 5

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ........................................................................................ 5

*In re Elan Corp. Sec. Litig.*,
   No. 02 Civ. 865, 2002 U.S. Dist. LEXIS 23162 (S.D.N.Y. Dec. 3, 2002) ................... 5

*Fields v. Biomatrix, Inc.*,
   198 F.R.D. 451 (D.N.J. 2000) ..................................................................................... 5

*Hargett v. Valley Fed. Sav. Bank*,
   60 F.3d 754 (11th Cir. 1995) ....................................................................................... 8

*Internet Law Library, Inc. v. Southridge Capital Mgmt.*,
   LLC, 208 F.R.D. 59 (S.D.N.Y. 2002) .......................................................................... 8

*Miller v. United States Postal Serv.*,
   729 F.2d 1033 (5th Cir. 1984) ..................................................................................... 8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................... 5, 6

*Primavera Familienstiftung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997) ................................................................................. 8

*Weltz v. Lee*,
   199 F.R.D 129 (S.D.N.Y. 2001) ........................................................................... 5, 6, 7

## TABLE OF AUTHORITIES

<u>Page</u>

**STATUTES AND RULES**

15 U.S.C. § 78u-4 (The Private Securities Litigation Reform Act of 1995)) ........................ *passim*

Fed. R. Civ. P. Rule 23 ................................................................................................................. *passim*

# MEMORANDUM IN SUPPORT OF MOTION OF RICHARD D. KOZMA FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS

## I.     INTRODUCTION

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, Richard D. Kozma ("Movant") respectfully moves this Court for an Order appointing Movant as Lead Plaintiff on behalf of himself and all others similarly situated who purchased common stock in Longwei Petroleum Investment Holding Company ("Longwei" or the "Company") between May 17, 2010 and January 3, 2013, inclusive.  Movant also seeks appointment of the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel, and consolidation of all related actions.

The above-captioned related actions (the "Related Actions") have been filed against Longwei, its Chief Executive Officer ("CEO"), Yongjun Cai, and its current and former Chief Financial Officers ("CFO"), Michael Toups and James Crane, respectively, for violations of the federal securities laws.[1]  The Related Actions are predicated on Defendants' materially false and misleading statements regarding the Company's business and financial condition.

Movant suffered losses of approximately $33,900 during the Class Period as a result of Defendants' misleading conduct.  Movant is unaware at this time of any other movant with a

---

[1] There are three other similar actions pending in this District: *Basnett v. Longwei Petroleum Investment Holding Co., et al.*, No. 13-cv-241 (HB) filed on January 9, 2013; *Muniz v. Longwei Petroleum Investment Holding Co., et al.*, No. 13-cv-278 (HB), filed on January 11, 2013; and *Howard v. Longwei Petroleum Investment Holding Co.*, No. 13-cv-422 (HB), filed on January 17, 2013.  There is also a similar action pending in the U.S. District Court for the Central District of California: *Contreras v. Longwei Petroleum Investment Holding Co. et al*, No. 2:13-cv-58 (SVW) (CW), filed on January 4, 2013.  Movant has filed a separate motion for appointment of lead plaintiff and approval of lead plaintiff's selection of lead counsel in *Contreras*.

greater loss.  Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because he has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Movant is represented in this action by Cohen Milstein, which is seeking appointment as lead counsel and is eminently qualified to prosecute securities class actions such as this one.

## II.     BACKGROUND

The Related Actions allege that Defendants violated the Exchange Act during the Class Period by (1) failing to disclose a material related party investment that totaled $32 million; (2) failing to disclose that the Company's CEO was a minority owner of three of Longwei's operating subsidiaries in China; and (3) by vastly exaggerating its November 2012 sales figures for at least two of its fuel depot storage facilities.  As a result, the Company's financial statements during the Class Period were false and misleading.

On January 3, 2013, GEOInvesting.com published a report disclosing the above allegations, and stating that "the [C]ompany's purported business operations are massively overstated and a brazen fraud, on an order of magnitude unmatched before by any China-based companies we have seen.  Furthermore, we have no faith in [the Company's] auditor, Anderson Bradshaw."  The report is available at http://seekingalpha.com/article/1092561-longwei-petroleum-the-most-brazen-china-based-u-s-listed-rto-to-date?source=yahoo.  The GEOInvesting report shocked the market and caused Longwei's stock to decline $1.68 per share, or nearly 73%, to close at $0.62 on January 3, 2013.  Later that day, all trading in the Company's stock was halted.

## III.    ARGUMENT

As discussed below, Movant satisfies each of the requirements of the PSLRA and is

therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks appointment of Cohen Milstein as Lead Counsel for the Class.

### A.      Movant Should be Appointed Lead Plaintiff

Section 21D of the Securities Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that
>
> aa)     has either filed the complaint of made a motion in response to a notice . . . ;
>
> bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> cc)     otherwise satisfies the requirement of Rule 23 of the

3

Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate lead plaintiff for the class.

### 1. Movant's Motion to Serve as Lead Plaintiff is Timely and in Response to the Notice

On January 4, 2013, pursuant to § 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. Therefore, Movant had sixty days, or until March 5, 2013 to file a motion to be appointed as Lead Plaintiff. As a purchaser of Longwei common stock during the relevant Class Period who suffered damages, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice. 15 U.S.C. Therefore, Movants satisfy the PSLRA's initial requirement.

### 2. Movant has the Largest Financial Interest in this Action

The PSLRA requires courts to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, Movant suffered a loss of approximately $33,900 during the Class period. Trading remains halted, and Movant's securities have collapsed in value. To the best of his knowledge, Movant is unaware of any other movant with a larger financial interest in these cases. Accordingly, Movant satisfies the PSLRA's second requirement for appointment as Lead Plaintiff.

### 3. Movant Satisfies the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of

4

the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865 (WK)(FM), 2002 U.S. Dist. LEXIS 23162, at *7 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

  The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *Olsten*, 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court has noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class….Complete identity between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.*, 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (internal citation omitted). The typicality requirement is plainly satisfied in the instant case, where Movant's claims arise from the same

5

course of conduct that gives rise to claims of other putative class members, and Movant seeks the same relief and advances the same legal theories as the class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Here, Movant is an adequate representative for the class. Movant purchased Longwei common stock during the Class Period and, like other putative class members, suffered a loss in the form of diminution of the value of his securities. Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B. The Court Should Appoint Cohen Milstein as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Cohen Milstein to serve as Lead Counsel, and appointing Cohen Milstein as Lead Counsel would be prudent to protect the interests of the class.

As detailed in its firm resume, Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Cohen Milstein has

6

been appointed lead counsel in numerous securities fraud class actions and the firm's securities practice has earned the respect and praise of lawyers and courts throughout the country. For example, in *In re BearingPoint Securities Litigation*, No. 03-CV-1062 (TSE) (E.D. Va.), U.S. District Court Judge T.S. Ellis, III praised the firm, noting that "people who run corporations are generally deterred by the fact that there are the . . . Cohen Milsteins out there" and the "good work" that Cohen Milstein does. Further, in *In re Globalstar Securities Litigation*, No. 01-CV-1748, (PKC) (S.D.N.Y.), after Cohen Milstein took a securities class action to trial and successfully negotiated a $20 million settlement near the end of the second week of trial, the Honorable P. Kevin Castel remarked that plaintiffs' counsel had "done a terrific job in presenting the case for the plaintiffs." Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (approving as lead counsel law firm with "substantial experience and success in prosecuting securities fraud actions").

   **C.**  **The Related Actions Should be Consolidated Pursuant to Rule 42(a)**

  Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F. R.D. at 131. Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Weltz*, 199 F.R.D. at 131 (internal quotations and citation omitted).

  The Related Actions present virtually identical factual and legal issues and allege similar violations of the federal securities laws. They involve substantially the same parties and arise from the same underlying facts and circumstances. "The proper solution to problems caused by the existence of two or more cases involving the same parties and issues, simultaneously pending

7

in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)); *see also Internet Law Library, Inc. v. Southridge Capital Mgmt.*, LLC, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a). Thus, consolidation is appropriate here. Accordingly, the motion to consolidate the Related Actions should be granted.

## IV.     CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court: (i) appoint Movant as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel; (iii) consolidate all Related Actions; and (iv) grant such other relief as the Court may deem to be just and proper.

| | |
|---|---|
| Dated:  March 5, 2013 | Respectfully submitted, |

                                                             s/ Michael Eisenkraft
Michael Eisenkraft (#ME-6974)
Kenneth M. Rehns (#KR-9822)
Cohen Milstein Sellers & Toll PLLC
88 Pine Street
14th Floor
New York, NY 10005
Telephone:  (212) 838-7797
Facsimile: (212) 838-7745
meisenkraft@cohenmilstein.com
krehns@cohenmilstein.com


Cohen Milstein Sellers & Toll PLLC
Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
Elizabeth Aniskevich
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com
eaniskevich@cohenmilstein.com


*Attorneys for Proposed Lead Plaintiff*