## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS BASNETT, Individually and on Behalf of All Others Similarly Situated, ) ) ) | **No. 13 Civ. 00214 (HB)** |
| Plaintiff, ) ) | |
| v. ) ) | |
| LONGWEI PETROLEUM INVESTMENT HOLDING LTD., YONGJUN CAI, MICHAEL TOUPS, and JAMES CRANE, ) ) ) ) | |
| Defendants. ) | |
| CHARLIE MUNIZ, Individually and on Behalf of All Others Similarly Situated, ) ) ) | **No. 13 Civ. 00278 (HB)** |
| Plaintiff, ) ) | |
| v. ) ) | |
| LONGWEI PETROLEUM INVESTMENT HOLDING LTD., YONGJUN CAI, MICHAEL TOUPS, and JAMES CRANE, ) ) ) ) | |
| Defendants. ) | |
| PAUL HOWARD, Individually and on Behalf of All Others Similarly Situated, ) ) ) | **No. 13 Civ. 00422 (HB)** |
| Plaintiff, ) ) | |
| v. ) ) | |
| LONGWEI PETROLEUM INVESTMENT HOLDING LTD., YONGJUN CAI, MICHAEL TOUPS, and JAMES CRANE, ) ) ) ) | |
| Defendants. ) ) | |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION BY THE LONGWEI INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION

Excalibur Special Opportunities, L.P. ("Excalibur"), Greg Lagermeier ("Lagermeier") and Todd Okimoto ("Okimoto") (collectively the "Longwei Investor Group") respectfully submit this memorandum in further support of their motion for consolidation of related actions, appointment as Lead Plaintiff, approval of their selection of lead counsel and in opposition to the competing motions, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

**<u>PRELIMINARY STATEMENT</u>**

Currently pending before the Court are seven motions seeking appointment as Lead Plaintiff. Recognizing that their financial losses were not as large as the Longwei Investor Group, Movants Kolakowski and Sappal; and Movant Kozma withdrew their motions for appointment as lead plaintiff and appointment of lead counsel. *Basnett v. Longwei Petroleum Investment Holding Limited*, No. 13-cv-0214-HB (S.D.N.Y.). ECF Nos. 31 and 32. Of the remaining movants, the Longwei Investor Group clearly has the largest financial interest in these actions. Moreover, ***movant Excalibur individually has a larger financial interest in this action compared to any other competing individual movant.***

The critical factor which the Court must determine to appoint the lead plaintiff is which movant has "the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status.").

Here, the Longwei Investor Group easily has the largest financial interest in this litigation. As the following table illustrates, the Longwei Investor Group's purported losses are greater than any of the purported losses of any other movants, and importantly they have retained

more shares at the end of the Class Period than any of the other competing movants.[1]

| Movant(s) | Shares Purchased | Amount Expended | Retained Shares at end of Class Period | Loss |
|---|---|---|---|---|
| Excalibur | 400,000 | $895,000 | 250,000 | $521,180 |
| Okimoto | 68,700 | $206,405 | 68,700 | $163,811 |
| Lagermeier | 80,000 | $146,729 | 80,000 | $108,329 |
| **Longwei Investor Group Total** | **548,700** | **$1,248,134** | **398,700** | **$793,320** |
| Love | 104,800 | $210,520 | 27,262 | $125,411 |
| Lupis | 618,327 | $1,244,185 | 0 | $430,397 |
| Wilson | 120,800 | $292,618 | 100 | $214,324 |
| **Love, Lupis, Wilson Total** | **843,927** | **$1,747,323** | **27,362** | **$770,154** |
| **Kolakowski, Sappal** | **260,450** | **$446,614** | **121,010** | **$368,287** |
| **Mously, Dandy** | **66,000** | **$166,150** | **66,000** | **$125,230** |
| **Pritt, Piasta** | **126,120** | **$220,127** | **38,000** | **$98,274** |
| **Kozma** | **165,000** | **$277,800** | **0** | **$33,700** |
| **Tylutki** | **7,500** | **$16,775** | **7,500** | **$73,686** |

Accordingly, because they have the largest financial interest in the litigation and otherwise meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the presumptively most adequate plaintiff supporting appointment as Lead Plaintiff in the instant litigation is the Longwei Investor Group.

---

[1] Movants Longwei Investor Group and Movants Love, Lupis and Wilson used the sales price for sales occurring after the Class Period in calculating purported losses.  Pursuant to the PSLRA § 21D (e)(1) damages shall not exceed the difference between the purchase price and the mean trading price of the subject security during the 90 day period after the company's disclosure (the "90 day average"). Here, trading was halted on the Company's stock and the 90 day average to be used in calculating damages should be $0.62.  Thus, both of the loss calculations by these movants were slightly incorrect.  Nevertheless, even after applying the 90 day average to the damage calculations, the Longwei Investor Group still has the largest financial interest with losses of $762,120 compared to Movants Love, Lupis and Wilson's losses, using the 90 day average, of $750,293.

The plain language of the PSLRA allows for the appointment of groups of investors to serve as lead plaintiff, *see* U.S.C. §78u-4(a)(3)(B)(iii)(I) (referring to presumptive lead plaintiff as "the person or **group of persons**"), and the Longwei Investor Group comprise a cohesive three-member group who have committed to prosecute this action together.

Furthermore, all members of the group have signed certifications setting forth their respective transactions in the securities of Longwei Petroleum Investment Holding Limited ("Longwei") and submitted Declarations indicating their willingness to cooperate and jointly act as lead plaintiffs in this matter. *Id.* ECF No. 22-Ex. D, Joint Decl. of Excalibur Special Opportunities, L.P., Greg Lagermeier and Todd Okimoto in support of their Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Joint Declaration"). Thus, as a threshold matter, the Longwei Investor Group has demonstrated their adequacy and typicality and that they will vigorously prosecute this action in the best interests of the proposed Class.

Further, the presumption that the Longwei Investor Group is the "most adequate plaintiff" "may be rebutted only upon proof." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Because competing movants can offer no proof to rebut the *prima facie* finding of the Longwei Investor Group's adequacy and typicality, the Court should appoint them Lead Plaintiffs and approve their selection of counsel.

<u>**ARGUMENT**</u>

**A.    The Longwei Investor Group Has the Largest Financial Interest**

Courts have considered four factors in the determination of the "largest financial interest" for purposes of the lead plaintiff motion: "(i) the number of shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered during the class period."  In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) ("*Lax-Olsten*").

Here, the Longwei Investor Group, without question, has the largest financial interest in the action of any competing movant under the *Lax-Olsten* factors. The Longwei Investor Group purchased a total of 548,700 shares during the Class Period, at a cost of $1,248,134. The Longwei Investor Group still held 398,700 of their shares after the end of the Class Period, and has total losses of approximately $793,320. As illustrated in the table above, the Longwei Investor Group suffered the largest losses during the Class Period and retained the most shares of any Class Member who filed a Lead Plaintiff Motion. *See In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).   As such, the chart above demonstrates that under the *Lax-Olsten* factors, the Longwei Investor Group has the largest financial interest in this action. Indeed, with losses of $521,180 and 250,000 retained shares, Excalibur has the single largest financial interest of any of the competing movants.

Of the four *Lax-Olsten* factors outlined above, most courts agree that the financial loss suffered is the most important factor.  *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp.2d 348, 354 (S.D.N.Y. 2011) (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) ("Financial loss, the last factor, is the most important element of the test."); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 118-119 (S.D.N.Y 2010).   On this factor, the Longwei Investor Group's net losses *exceed* the losses of all the other competing movants.

Significantly, the Longwei Investor Group also has the most retained shares – an important secondary measure of financial interest in light of the Supreme Court's ruling in *Dura*. *See* 544 U.S. 336 (2005). The Court in *Dura* held that loss causation could only be alleged for shares held at the time of a corrective disclosure. Accordingly, courts have recognized the

number of retained shares as the determinative factor in evaluating competing movants' financial interest in the litigation. *See Quan v. Advanced Battery Tech., Inc.*, No. 11 Civ. 2279 (CM), 2011 U.S. Dist. LEXIS 102723, at *6-7 (S.D.N.Y. Sept. 9, 2011); *Schueneman v. Arena Pharma., Inc.*, No. 10 cv 1959 BTM (BLM), 2011 U.S. Dist. LEXIS 87373, at *14 (C.D. Cal. Aug. 8, 2011) ("The Court adopts the retained share methodology, which looks to the number of retained shares at the end of the period."); *Applestein v. Medivation Inc.*, No. C 10-0098 MHP, 2010 U.S. Dist. LEXIS 98255, at *6 (N.D. Cal. Sept. 20, 2010) ("When calculating the greatest financial interest, the court utilizes the retained share methodology, which primarily looks to shares brought during the class period that are retained at the end of the class period."); *In re Comverse Tech. Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *13 (E.D.N.Y. Mar. 2, 2007) (appointing a group lead plaintiff because it "had the greatest number of relevant net shares purchased, net funds expended, and suffered the greatest loss"). Here, the Longwei Investor Group's retained almost 400,000 shares, *exceeding* the amount of retained shares of *all the other competing movants combined* by over 130,000 shares. Accordingly, the Longwei Investor Group has the largest financial interest in the litigation and should be appointed Lead Plaintiff.

Significantly, Longwei Investor Group member Excalibur has the largest individual loss of any of the competing movants, further militating towards Movants appointment as Lead Plaintiff. *See Puda Coal*, 827 F. Supp.2d at 356 (appointing a group as lead plaintiff where two of its members "have the largest and second-largest individual losses of any of the competing movants."); *In re Charles Schwab Sec. Litig.*, 2008 WL 2635495, at *3 (N.D. Cal. July 3, 2008) (appointing a group as lead plaintiff where an individual member had the largest financial interest that exceeded the combined losses of another group.).

**B.      The Longwei Investor Group is a Cohesive Group
in Satisfaction of the Requirements of Rule 23**

**1.      The Longwei Investor Group Is a Small Cohesive Group**

The Longwei Investor Group constitutes a proper group under the PSLRA. The PSLRA

explicitly permits a "group of persons" to serve as lead plaintiff.  *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I); *see also McDermott Int'l, Inc. Sec. Litig.*, No 08 Civ. 9943 (D.C.), 2009 U.S.

Dist. LEXIS 21539, at *7-8 (S.D.N.Y. Mar. 6, 2009).[2] Courts in this District have long accepted

groups as Lead Plaintiff where they are relatively small and demonstrate that they can work

effectively for the benefit of the Class.  *See Freudenberg v. E*Trade Fin. Corp.*, No. 07 Civ.

8538, 2008 U.S. Dist. LEXIS 62767, at *11 (S.D.N.Y. July 16, 2008) (appointing a three-

member group and noting that "[a] group consisting of persons that have no pre-litigation

relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively

small and therefore presumptively cohesive.")

The Longwei Investor Group constitutes a small three-member group, a small enough

number to be presumptively cohesive. Three-member groups are well within the acceptable

limits of group size.  *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. at 116 n.2, 120 (appointing

***seven***-member group plus an individual as co-lead plaintiff); *In re eSpeed, Inc. Sec. Litig.*, 232

F.R.D. 95, 99, 103 (S.D.N.Y. 2005) (appointing five-member group); *Weltz v. Lee*, 199 F.R.D.

129, 130, 134 (S.D.N.Y. 2001) (appointing seven-member group); *In re Baan Co. Sec. Litig.*,

186 F.R.D. 214 224-25 (D.D.C. 1999) (SEC advised courts that groups up to five unrelated

individuals is appropriate).

---

[2] *See also Reimer v. Ambac Fin. Group, Inc.*, 2008 U.S. Dist. LEXIS 38729, at *7-8 (S.D.N.Y. May 9, 2008) (noting that the cases which have disallowed groups are the "minority view"); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) (recognizing that "the majority view hold[s] that investors may aggregate [losses]"); *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 93 F. Supp. 2d 424, 436 (S.D.N.Y. 2000) ("[t]he nomination of a group of investors as co-lead plaintiffs is specifically contemplated by the PSLRA.").

In addition, the Longwei Investor Group has submitted a Joint Declaration demonstrating that each is knowledgeable about this litigation, they are actively working together, and they are committed to protecting the interests of the class. See Joint Declaration.

The Joint Declaration evidences the Longwei Investor Group's desire and ability to work together to oversee the litigation on behalf and for the benefit of the Class. Specifically, they seek appointment as lead plaintiff because each "suffered losses in [their] investments in Longwei Petroleum Investment Holding Ltd. and would like the opportunity to participate in this action as Lead Plaintiff," and "agreed to jointly prosecute the case together as Lead Plaintiff to ensure the best representation of the Class." Joint Decl. ¶ 7. They all understand that they "owe[] a fiduciary duty to all members of the proposed Class to provide fair and adequate representation." *Id.* at ¶ 8. They also "understand that it is [their] responsibility to monitor and remain fully informed regarding the status and progress of this litigation and the prospects for any resolution of this matter." *Id.* at ¶ 3. In addition, each has indicated their understanding that the Lead Plaintiff role includes "review[ing] pleadings and motion papers received from counsel, obtain periodic status reports on the progress of the litigation, and potentially produce documents, answer interrogatories and/or sit for depositions." *Id.*

Accordingly, the group members have each expressed their intention to "communicate regularly with counsel and each other regarding major litigation events such as important motions, settlement discussions, trial preparation and trial. . . ."*Id.* at ¶ 6.

Thus, the Longwei Investor Group is far from the sort of lawyer-driven group that courts have cautioned against. *See Beckman v. Ener1, Inc.*, No. 11-cv-05794 (PAC), 2012 U.S. Dist. LEXIS 19972, at *11 (S.D.N.Y. Feb. 15, 2012) (disaggregating losses of unrelated group where no evidence of cooperation offered and multiple proposed co-lead counsel). Rather, the Longwei

Investor Group has submitted the Joint Declaration, evidencing their cooperative efforts, and selected a single law firm to represent them and the proposed Class. *Id*. at ¶ 9.

Further militating in favor of the Longwei Investor Group's adequacy is that one of its members, a sophisticated institutional investor, has the largest financial interest of any of the competing movants.

As clearly indicated in their Declarations, there is no question that the Longwei Investor Group will ensure the vigorous and efficient prosecution of this case. Thus, the Court can be assured that Longwei Investor Group will effectively monitor and direct their counsel.

### 2. The Longwei Investor Group Otherwise Satisfies the Requirements of Rule 23

Under Rule 23(a)(3), typicality exists when the proposed lead plaintiff's claims and injuries arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. *See In re Bear Stearns Cos. Sec. Deriv. and ERISA Litig.,* No. 07-Civ-10453, 2008 U.S. Dist. LEXIS 106327, at *29 (S.D.N.Y. Dec. 29, 2008) (typicality established where claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). The Longwei Investor Group's claims "are not antagonistic [to] or in conflict with those of the class . . . ." *See id*. at *4. Indeed, the group's interests are the same as those of other Class members, because the Longwei Investor Group's claims are based on the same legal theories and arise from the same events and course of conduct giving rise to the claims of other Class members, thus satisfying the typicality requirement of Rule 23(a)(3).

The Longwei Investor Group also satisfies the adequacy requirement of Rule 23(a)(4). Here, the Longwei Investor Group's interests are squarely aligned with those of the Class and their proposed Lead Counsel is qualified to litigate the Class' claims. Accordingly, the adequacy

8

requirement of Rule 23(a)(4) is satisfied. As such, there should be little dispute regarding their motion for appointment as Lead Plaintiff in this action. Moreover, Longwei Investor Group member Excalibur is a sophisticated institutional investor, precisely the type of Lead Plaintiff envisioned by Congress when passing the PSLRA.

Indeed, the appointment of Excalibur would also meet one of the primary legislative goals in enacting the PSLRA – namely, to encourage sophisticated institutional investors with large financial holdings to serve as lead plaintiffs in securities class actions. H.R. CONF. REP. 104-369, 1995 U.S.C.C.A.N. 730, 1995 WL 709276, AT *34 (Leg. Hist.) (Nov. 28, 1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representations in securities class actions."). Indeed, as sophisticated institutional investors with a demonstrated significant financial interest in the relief sought, the Ironworkers Group is precisely the type of lead plaintiff that Congress intended to lead securities class actions when it enacted the PSLRA in 1995. *See Plymouth County Retirement System v. Carter's Inc.,* 2009 U.S. Dist. LEXIS 20582, at *1 (N.D. Ga. Mar. 13, 2009) ("noting that the "PSLRA, as a whole, favors institutional investors with large amounts at stake."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (emphasizing that the legislative intent behind the PSLRA was to encourage large institutional investors to serve as lead plaintiff).

## C.    Lead Plaintiffs' Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Host Am. Corp. Secs. Litig.* 236 F.R.D. 102, 109 (D. Conn. 2006) ("Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.") (citation omitted); *In re Luxottica Group, S.p.A. Sec. Litig.*, No. 01-CV-03285, 2004 U.S. Dist. LEXIS 21130, at

*6-7 (E.D.N.Y. Oct. 22, 2004). Here, the Longwei Investor Group selected Pomerantz Grossman Hufford Dahlstrom & Gross LLP ("Pomerantz") to serve as Lead Counsel for the Class. As evidenced by the firm résumé previously filed with the Court, counsel has extensive expertise and experience in the field of securities litigation, has successfully prosecuted numerous securities fraud class actions, and has obtained excellent recoveries on behalf of defrauded investors.

Accordingly, the Longwei Investor Group's selection of lead counsel should be approved.

## CONCLUSION

For the foregoing reasons, Longwei Investor Group respectfully request the Court to issue an Order: (1) appointing Longwei Investor Group as Lead Plaintiff for the Class; (2) approving the Pomerantz firm as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 22, 2013
        New York, New York

Respectfully submitted,

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**

/s/ *Jeremy A. Lieberman*
Marc I. Gross
Jeremy A. Lieberman
Lesley F. Portnoy
600 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Counsel for Movants and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Executed on March 22, 2013 in New York, New York.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman