UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LONGWEI PETROLEUM INVESTMENT HOLDING LIMITED SECURITIES LITIGATION | 1:13-cv-00214 HB<br><br>CLASS ACTION |
| This Document Relates To: ALL ACTIONS | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
DOUGLAS COLE'S MOTION TO DISMISS CONSOLIDATED
SECURITIES CLASS ACTION COMPLAINT**

Defendant Douglas Cole ("Mr. Cole"), by and through his undersigned counsel, respectfully submits this Memorandum of Law in further support of his motion to dismiss with prejudice Plaintiffs' Consolidated Securities Class Action Complaint dated July 8, 2013 (Docket Entry ("D.E.") 1) ("Consolidated Complaint"). In furtherance of the same, Mr. Cole respectfully states as follows.

**I.  INTRODUCTION**

On November 1, 2013, Mr. Cole filed his Motion to Dismiss the Consolidated Complaint (D.E. 100) with an accompanying memorandum of law in support (D.E. 101). Plaintiffs failed to file a Memorandum of Law in Opposition by November 22, 2013, in accordance with the Joint Stipulation and Order entered in this matter on October 11, 2013 (D.E. 94). As such and as more fully described below, Plaintiffs' Consolidated Complaint must be dismissed.

## II.  ARGUMENT

### A.  Mr. Cole's Motion Must Be Deemed Unopposed

Plaintiffs failed to file a response in opposition to Mr. Cole's Motion to Dismiss.  As such, this Court should review Mr. Cole's Motion to Dismiss as unopposed.  When a plaintiff fails to respond to a motion to dismiss, the Court may consider the motion unopposed and deem the underlying claims abandoned.  *See Richardson v. Darden*, 07CIV.6594 (BSJ), 2009 WL 414045 (S.D.N.Y. Feb. 17, 2009); *see also Johnson v. Commissioner of Soc. Sec.*, 519 F.Supp.2d 448, 449 (S.D.N.Y.2007) (citing *In re Refco Capital Mkts., Ltd. Brokerage Cust. Secs. Litig.*, No. 06 Civ. 643, 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007)).

### B.  Legal Standard

Under Rule 12(b)(6), a Complaint may be dismissed "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a federal court Complaint must contain sufficient factual matter to "state a claim to relief that is <u>plausible on its face</u>."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960 (2007) (emphasis added).  A plaintiff must allege sufficient facts to "nudge" the claims from conceivable to probable, and such facts "must be enough to raise a right to relief above the speculative level . . ."  *Id.* at 570; *see also Hutchinson v. Perez*, No. 12 Civ. 1073 (HB), 2012 WL 5451258, at *3 (S.D.N.Y. Nov. 8, 2012) (Baer, J.).  For Rule 12(b)(6) purposes, "[a] claim has facial plausibility when the [plaintiff pleads] <u>factual</u> content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1940 (2009) (emphasis added) (*citing Twombly*, 550 U.S. at 556).

Although the Court must accept all of the Complaint's factual allegations as true,

2

*Twombly's* pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 678. Indeed, the Court "need not accord legal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *Schulman v. Delaire*, No. 10 Civ. 3639(HB), 2011 WL 672002, at *2 (S.D.N.Y. Feb. 22, 2011) (Baer, J.).

Further, a complaint, as here, that purports to assert claims for securities fraud is subject to Rule 9(b) and the PSLRA's heightened pleading requirements. *See Meridan Horizon Fund, LP v. KPMG*, 487 Fed. Appx. 636, 639-40 (2d Cir. 2012). Rule 9(b) mandates that "in all averments of fraud or mistake, <u>the circumstances constituting the fraud or mistake shall be stated with particularity</u>." *Id*. (quoting Fed. R. Civ. P. 9(b) (emphasis in original)). Similarly, the PSLRA "demands particularized allegations on the part of plaintiffs" when stating a claim under Rule 10b–5. *Iowa Pub. Emp. Ret. Sys. v. Deloitte & Touche LLP*, 919 F.Supp.2d 321, 330 (S.D.N.Y. 2013). A plaintiff will be found to have pleaded facts sufficient to give rise to a strong inference of scienter only if a reasonable person would deem the inference of scienter "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Applying these pleading requirements to the Plaintiffs' Consolidated Complaint demonstrates that Plaintiffs' securities fraud claims against Mr. Cole fail as a matter of law. Accordingly, and for the reasons set forth in Mr. Cole's Motion to Dismiss, the Court should dismiss Plaintiffs' Consolidated Complaint as against Mr. Cole, with prejudice.

### III. CONCLUSION

Plaintiffs fail to rebut or oppose Mr. Cole's arguments in his Motion to Dismiss. As a result, Plaintiffs' claims should be deemed abandoned and the Consolidated Complaint should be

dismissed with prejudice.

**WHEREFORE**, Defendant Douglas Cole respectfully requests that this Court issue an Order dismissing Plaintiffs' Consolidated Complaint against him in its entirety with prejudice, and grant any further relief that this Court deems proper.

Dated: November 25, 2013
　　　　Coral Gables, Florida

　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　/s/ Mark David Hunter
　　　　　　　　　　　　　　　　　　　Mark David Hunter, Esquire
　　　　　　　　　　　　　　　　　　　New York Bar No. 974569
　　　　　　　　　　　　　　　　　　　Jenny Johnson-Sardella, Esquire
　　　　　　　　　　　　　　　　　　　New York Bar No. 4225850
　　　　　　　　　　　　　　　　　　　Hunter Taubman Weiss LLP
　　　　　　　　　　　　　　　　　　　255 University Drive
　　　　　　　　　　　　　　　　　　　Coral Gables, Florida 33134
　　　　　　　　　　　　　　　　　　　Tel:　(305)629-8816
　　　　　　　　　　　　　　　　　　　Fax:　(305)629-8877
　　　　　　　　　　　　　　　　　　　E-Mail: mdhunter@htwlaw.com
　　　　　　　　　　　　　　　　　　　　　　　jsardella@htwlaw.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Douglas Cole*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 25, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record listed below via transmission of Notices of Electronic Filing generated by CM/ECF.

**Service List**

Richard W. Gonnello, Esq. (CM/ECF)

Christopher P. Milazzo, Esq. (CM/ECF)

Anthony J. Costantini, Esq. (CM/ECF)

Marvin G. Pickholz, Esq. (CM/ECF)

Susan Jo, Esq. (CM/ECF)

Kevin P. Potere (CM/ECF)

Daniel Stephen Sommers  (CM/ECF)

David Avi Rosenfeld   (CM/ECF)

Jenny Johnson-Sardella  (CM/ECF)

      /s/ Mark David Hunter  
      Mark David Hunter