**ORAL ARGUMENT<br>REQUESTED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LONGWEI PETROLEUM INVESTMENTHOLDING LIMITED SECURITIES LITIGATION | 1:13-cv-00214 (HB)<br><br>ECF CASE<br><br>CLASS ACTION |
| This Document Relates To: ALL ACTIONS | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DOUGLAS COLE'S MOTION TO DISMISS
CONSOLIDATED SECURITIES
<u>CLASS ACTION COMPLAINT</u>**

Dated: December 2, 2013
      Coral Gables, Florida

                              Respectfully Submitted,

                              <u>/s/ Jenny Johnson-Sardella</u>
                              Mark David Hunter, Esquire
                              New York Bar No. 974569
                              Jenny Johnson-Sardella, Esquire
                              New York Bar No. 4225850
                              Hunter Taubman Weiss LLP
                              255 University Drive
                              Coral Gables, Florida 33134
                              Tel:   (305)629-8816
                              Fax:  (305)629-8877
                              E-Mail: <u>mdhunter@htwlaw.com</u>
                                               <u>jsardella@htwlaw.com</u>

                              *Attorneys for Defendant Douglas
                              Cole*

Defendant Douglas Cole ("Mr. Cole"), hereby submits this reply memorandum in further support of his motion to dismiss with prejudice Plaintiffs' Consolidated Securities Class Action Complaint, dated July 8, 2013, (Docket Entry ("D.E.") 1) ("Consolidated Complaint") insofar as it purports to assert claims against Mr. Cole.

## I. PRELIMINARY STATEMENT

On or about November 1, 2013, Mr. Cole filed his Motion to Dismiss the Consolidated Complaint with an accompanying memorandum of law in support ("Memorandum in Support") (D.E. 101). Plaintiffs filed their Memorandum of Law in Opposition ("Memorandum in Opposition") (D.E. 114) on or about November 25, 2013. Plaintiffs' Memorandum in Opposition fails to cure the defects raised in Mr. Cole's Memorandum in Support, and instead merely argues facts while failing to address the deficiencies in the Consolidated Complaint. As such and as more fully described below, Plaintiffs' Consolidated Complaint must be dismissed.[1]

## II. INTRODUCTION

The Consolidated Complaint alleges that all Defendants violated Section 10(b) and 10b-5 of the Securities Exchange Act of 1934 (the "Exchange Act"), and that all Defendants, including Defendants Michael Toups, Cai Yongjun ("Mr. Cai") and Xue Yongping ("Mr. Xue") (collectively, the "Officer Defendants") and Defendants Mr. DeCiccio, Dora Dong and Mr. Cole (collectively, the "Audit Committee Defendants") (the Officer Defendants and the Audit Committee Defendants are collectively referred to as the "Individual Defendants"), violated Section 20(a) of the Exchange Act. Plaintiffs seek to convince this Court that the Defendants intentionally misled Plaintiffs from the period of September 28, 2010 through January 3, 2013 (the "Class Period"), and utilize an unsubstantiated report issued by *Geoinvesting.com*, a third party publisher with no connection or relationship to any

---

[1] In Plaintiffs' Memorandum in Opposition, Plaintiffs take great effort to describe the similarities between Mr. Cole's motion to dismiss argument and Gerald DeCiccio's ("Mr. DeCiccio's") motion to dismiss argument. Plaintiffs apparently fail to understand that Plaintiffs' impermissible lumping of Mr. Cole and Mr. DeCiccio in the Consolidated Complaint necessitates arguments for dismissal based upon the same rationale as further demonstrated below. *See* Memorandum in Opposition at 1-2.

1

of the Defendants, entitled "Longwei Petroleum: The Most Brazen China-Based U.S. Listed RTO to Date" (the "Geoinvesting Report"), dated January 3, 2013, as their primary basis. *See* Consolidated Complaint at ¶10-12, 14, and Ex. A.

The Consolidated Complaint lumps Mr. Cole together with Longwei Petroleum Investment Holding Limited's ("Longwei" or "Company") other Audit Committee members as the "Audit Committee" or "Audit Committee Defendants," and later with the other individual officer defendants of Longwei as the "Individual Defendants."

Further, the Consolidated Complaint's Section 20(a) "Control Person Liability" claim fails as a matter of law because it does not allege this claim's requisite elements with the specificity required by Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). Plaintiffs' Consolidated Complaint continues to lump all the Individual Defendants together and make general allegations about their ability to "control the conduct of Longwei's business" based upon their positions as officers and/or directors. Consolidated Complaint at ¶¶235-238. Such conclusory allegations fail to meet Rule 9(b) and the PSLRA's stringent pleading standards.

### III. ARGUMENT

#### A. Plaintiffs Fail to State a Claim for Violations of Section 10(b) and Rule 10b-5 Against Mr. Cole

Plaintiffs fail to adequately plead a claim for violations of Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against Mr. Cole because Plaintiffs fail to sufficiently allege scienter with the specificity required by Rule 9(b) and the PSLRA. The gist of Plaintiffs' 112-page 264 paragraph complaint—based substantially on the Geoinvesting Report—is that Longwei overstated its revenue, income, and earnings in its press releases and public filings.

##### i. Plaintiffs Fail to Adequately Plead Scienter

The PSLRA requires that the Court dismiss a securities fraud claim if its allegations do not give rise to a "strong inference of scienter, i.e., the defendant's intent to deceive, manipulate or defaud." *Tellabs, Inc.*, 551 U.S. at 313. In order to constitute a "strong

2

inference of scienter," such inference must be more than merely plausible or reasonable—it must be cogent and **at least as compelling as any opposing inference of non-fraudulent intent**. *See id.* (internal quotations and citations omitted) (emphasis added).

As discussed in Plaintiffs' Memorandum in Opposition, the Second Circuit has held that "where a complaint sufficiently alleges that the defendants (1) benefitted in a concrete and personal way from the fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor," a strong inference of scienter may be found. *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 199 (2d Cir. N.Y. 2009). However, Plaintiffs fail to allege any motive on the part of Mr. Cole anywhere in their Consolidated Complaint. *See generally* Consolidated Complaint. It comes as no surprise that Plaintiffs are unable to cite any paragraphs within the Consolidated Complaint that establish Mr. Cole's motive. *See* Memorandum in Opposition at 9-11.

Plaintiffs depend on the decision in *McIntire v. China Mediaexpress Holdings, Inc.*, 927 F. Supp. 2d 105, 126 (S.D.N.Y. 2013) to support their contention that a court should take a holistic approach when reviewing allegations of scienter under PSLRA. 927 F. Supp. 2d at 126; *see also* Memorandum in Opposition at 9. However, when the defendant is a corporate entity, as is the case here, "the pleaded facts must create a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter." *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008). While the "most straightforward way to raise such an inference for a corporate defendant will be to plead it for an individual defendant . . . it is possible to raise the required inference with regard to a corporate defendant without doing so with regard to a **specific individual defendant**." *McIntire*, 927 F. Supp. 2d at 126 (*citing Teamsters Local*, 531 F.3d at 195) (emphasis added). As discussed below, Plaintiffs simply lump plead the allegations against the Individual Defendants without specificity. *See* Consolidated

3

Complaint at ¶200-206.  Plaintiffs' blanket allegations and lack of specificity in its Consolidated Complaint does not allow this Court to consider the collective theory of determining whether or not scienter is present.  *See generally* Consolidated Complaint.

Plaintiffs also argue that Mr. Cole acted with the requisite "conscious disregard or recklessness that is at least as compelling as any opposing non-fraudulent inference."  *See* Memorandum in Opposition (citing *McIntire*, 927 F. Supp. at 127.  Plaintiffs state that Mr. Cole "ignored express warnings as early as the end of the 2011 fiscal year that Longwei's internal controls were significantly deficient."  *See* Memorandum in Opposition at 9; *see also* Consolidated Complaint at ¶¶99, 197.  Plaintiffs cite *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 672 F. Supp. 2d 596 (S.D.N.Y.) to support the contention that they have raised an inference of scienter by pleading recklessness on the part of Mr. Cole.  *See* Memorandum in Opposition at 9.  However, Plaintiffs have not alleged nor provided facts that Mr. Cole ignored any red flags.  Plaintiffs merely impermissibly lumped all Audit Committee Defendants in violation of Federal Rule of Civil Procedure 8(a) and 9(b) and improperly lumped claims together in violation of Federal Rule of Civil Procedure 10(b) in an effort to inculpate Mr. Cole.  Moreover, the Consolidated Complaint fails to attribute any statements to Mr. Cole and resorts to an unsubstantiated third party publisher with no connection or relationship to Mr. Cole or any of the other Defendants.  *See* Consolidated Complaint at ¶¶10-12,14.

Plaintiffs' Memorandum in Opposition advances the argument that Mr. Cole "ignored copious red flags" that should have "been sufficient to put [Mr.] Cole on notice to 'investigate the doubtful.'"  Memorandum in Opposition 9-10 (citing *Varghese*, 672 F. Supp. 2d at 609-610).  Unfortunately for Plaintiffs, allegations must still satisfy PSLRA when they are particular and suggest that defendants had actual access to the disputed information or, "in rare circumstances" where the nature of the relevant fact is so prominent that it would be absurd to suggest that management was without knowledge.  *South Ferry LP v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).  Plaintiffs' Consolidated Complaint alleges that Mr. Cole

4

was "little more than a rubber stamp" for Defendants Mr. Cai and Mr. Xue.  *See* Consolidated Complaint at ¶206.  The Consolidated Complaint notes that Mr. Cole formalized board decisions through written consent.  *Id*.  Assuming the truth of these allegations, Plaintiffs have certainly failed to allege facts to support the notion that it would be absurd to suggest that Mr. Cole was without knowledge of a fraud that was being perpetrated thousands of miles away in China.

Even in their attempted reliance on RedChip's withdrawal from the Company, Plaintiffs have not established that Mr. Cole was aware of any wrongdoing when he signed off on the 2010 and 2011 Annual Reports.  *See* Consolidated Complaint at 10.  Assuming the truth of Plaintiffs' allegations against Longwei for the purposes of this Motion, the more likely plausible opposing inference is that Longwei and its management concealed this fraud from Mr. Cole in order to retain his participation as a Director and Audit Committee member.  Such opposing inference satisfies the *Tellabs* Court's "at least as likely" standard, and Plaintiffs have plead no allegations or advanced any argument to establish otherwise.

Reviewing Plaintiffs' Consolidated Complaint under the standard articulated by the *Bell Atl. Corp. v. Twombly* Court (i.e., the requirement that Plaintiffs state a claim for relief that is <u>plausible on its face</u>) renders Plaintiffs' allegations against Mr. Cole patently deficient in their allegations of scienter.  *See* 550 U.S. 544; 127 S.Ct. 1955; 167 L. Ed. 2d 929 (2007).  In essence, Plaintiffs seek to rely upon a recitation of the Audit Committee's duties and the boilerplate allegations about what Mr. Cole "must have known," while failing to ever allege that Mr. Cole had knowledge of any fraud at Longwei or the falsity of any of the Longwei filings he signed.  Accordingly, reviewing Plaintiffs' Consolidated Complaint "in its entirety" and "holistically," as Plaintiffs request, still renders its allegations against Mr. Cole deficient and appropriate for dismissal.

### ii. Plaintiffs Are Prohibited From Group Pleading Under the PSLRA

Plaintiffs use group pleading in its Consolidated Complaint, including its allegations against Mr. Cole.  *See* Consolidated Complaint at ¶¶99, 197, 200-207, 212-214.  None of the

5

allegations stated in paragraphs 99, 197, 200-207 and 212-214 of the Consolidated Complaint alleged any facts establishing any wrongdoing specifically against Mr. Cole. As such, the Consolidated Complaint merely infers Mr. Cole's wrongdoing and is not permitted under Federal Rule 12(b)(6). The PSLRA contains a heightened pleading standard which does not allow a complaint to "merely lump multiple defendants together but 'require[s] plaintiffs to differentiate the allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F 3d 756, 764-765 (9th Cir. 2007) (internal citation omitted). Several courts of appeal have "held that the 'group pleading doctrine' does not survive the PSLRA." *In re LDK Solar Secs. Litig.*, 2008 U.S. Dist. LEXIS 80717, 24-26 (N.D. Cal. Sept. 24, 2008) (quoting *Winer Family Trust v. Queen*, 503 F.3d 319, 336 and n.5 (3d Cir. 2007) ("The only courts of appeals to have directly addressed the survival of the group-pleading doctrine post-PSLRA have abolished the doctrine").

Moreover, group pleading is not permissible under the Federal Rules of Civil Procedure. When a claim is brought against multiple defendants, Rule 9(b) requires that a plaintiff differentiate his allegations as to each defendant and inform each defendant separately of the specific allegations. The group pleading doctrine "has no effect on the PSLRA's scienter requirement. It merely gives plaintiffs the benefit of a presumption that certain kinds of statements were made by certain kinds of defendants. It does not permit plaintiffs to presume the state of mind of those defendants at the time the alleged misstatements were made." *In re BISYS Secs. Litig.*, 397 F.Supp.2d 430, 440 (S.D.N.Y.2005); *see also In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677(NRB), 2007 WL 1946553, at *6 (S.D.N.Y. June 28, 2007) ("In situations where multiple defendants are alleged to have committed fraud, the complaint must specifically allege the fraud perpetrated by each defendant, and 'lumping' all defendants together fails to satisfy the particularity requirement"); *Merrill Lynch, Pierce, Fenner & Smith, v. Young*, No. 91 Civ. 292 (CSH), 1994 WL 88129, at *7 (S.D.N.Y. Mar. 15, 1994) ("Sweeping references to the collective fraudulent

actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b)"). As such, the Consolidated Complaint's multiple instances of lumping Mr. Cole with other defendants are impermissible, and this Court should not assume the truthfulness of any such allegations while deciding to dismiss Plaintiffs' Consolidated Complaint against Mr. Cole.

### B. Plaintiffs Have Not Established Loss Causation

Plaintiffs' Consolidated Complaint fails to establish loss causation. *See* Consolidated Complaint at ¶232. Plaintiffs only state that Longwei's stock sharply declined in value as a result of the Geoinvesting Report. *See* Consolidated Complaint at ¶233.

Plaintiffs advance the argument in their Memorandum in Opposition that the Geoinvesting Report was a corrective disclosure by a third party. *See* Memorandum in Opposition at 11. *In re Gentiva Sec. Litig.*, No. 10-cv-5064 (ADS)(WDW), 2013 U.S. Dist. LEXIS 134319, at *16-20 (E.D.N.Y. Sept. 19, 2013) states that loss causation is not adequately pled "simply by allegations of a drop in stock price following an announcement of bad news." *In re Gentiva Sec. Litig.*, 932 F. Supp. 2d at 384; *see also Leykin v. AT & T Corp.*, 423 F.Supp.2d 229, 245 (S.D.N.Y.2006). However, a plaintiff may "successfully allege loss causation by . . . alleging that the market reacted negatively to a 'corrective disclosure,' which revealed an alleged misstatement's falsity or disclosed that allegedly material information had been omitted." *In re Merrill Lynch & Co. Research Reports & Sec. Litig.,* No. 02 Civ. 9690, 2008 WL 2324111, at *5 (S.D.N.Y. June 4, 2008). The Consolidated Complaint does not allege that the Geoinvesting Report was a corrective disclosure. *See* Consolidated Complaint at 10-14. However, the Company did not initiate an investigation into the allegations contained in the report.

Further, Plaintiffs advance the materialization of concealed risk theory stating that "the loss was foreseeable and caused by the materialization of the risk concealed by the fraudulent statement[s]." *In re Ominicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 513 (2d Cir. 2010). The Second Circuit requires that the loss be both foreseeable and that the loss be caused by

7

the materialization of the concealed risk.  *See Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 197 (2d Cir. 2003) ("Similar to loss causation, the proximate cause element of common law fraud requires that plaintiff adequately allege a causal connection between defendants' non-disclosures and the subsequent decline in . . . value . . . "); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994) (loss causation requires a showing "that the misstatements were the reason the transaction turned out to be a losing one"); *see also Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173 (2d Cir. 2005).  Plaintiffs' Consolidated Complaint fails to allege a specific causal connection between the Geoinvesting Report and decline in the value of the Company's stock.  Plaintiffs allege that at least two members of the audit committee resigned from the Company and that RedChip terminated its contract with the Company.  *See* Consolidated Complaint at ¶13, 15.  Any one of these events could have caused a decline in the Company's shares.  As such, Plaintiffs have not sufficiently plead a causal link between the Geoinvesting Report and the decrease in the Company's stock price under either a corrective disclosure or materialization theory.

### C. Plaintiffs Have Not Alleged Control Person Liability

Plaintiffs' Memorandum in Opposition states that Plaintiffs have adequately plead control person liability pursuant to Section 20(a) of the Exchange Act.  *See* Memorandum in Opposition at 22.  "Controlling-person liability is a form of secondary liability, under which a plaintiff may allege a primary § 10(b) violation by a person controlled by the defendant and culpable participation by the defendant in the perpetration of the fraud."  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d at 271 (internal citation omitted).  Based on the allegations contained in the Consolidated Complaint, Plaintiffs have failed to sufficiently plead a Section 20(a) violation as to Mr. Cole.

#### i. Plaintiffs Fail to Establish Mr. Cole's Control Over a Primary Violator of the Securities Laws

For the reasons articulated herein, Plaintiffs have failed to establish a primary violation of the securities laws by the Company through Mr. Cole.  *See* Section III. A-B, *supra*.  However, even if this Court finds that Plaintiffs have somehow adequately pled a

primary violation of the securities laws against Longwei, Plaintiffs have failed to sufficiently plead control of any such primary violator by Mr. Cole as required by Section 20(a).

Plaintiffs rely upon Mr. Cole's signing of the 2010, 2011 and 2012 Annual Reports on Form 10-K to prove Mr. Cole's culpable conduct.  *See generally* Consolidated Complaint.  However, Plaintiffs undermine their arguments throughout their Consolidated Complaint with allegations that Mr. Cole had no control or influence over Longwei, Longwei's Board of Directors, or any other entity and that he was "little more than a rubber stamp for the decisions of Cai and Xue."  Consolidated Complaint at ¶206.  Moreover, Plaintiffs' Consolidated Complaint noted that Mr. Cole formalized board decisions through written consent.  *See id.*

Plaintiffs argue in their Memorandum in Opposition that they have adequately pled Mr. Cole's control based on the fact that the Consolidated Complaint alleges that Mr. Cole signed the "annual reports on Form 10-K."  Memorandum in Opposition at 14.  However, although this Circuit has held that "an outside director and audit committee member who is in a position to approve a corporation's financial statements can be presumed to have 'the power to direct or cause the direction of the management and policies of' the corporation," it is a presumption that has been overcome by Plaintiffs' allegations in their Consolidated Complaint.  *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 437 (S.D.N.Y. 2001).  This Court must take note that Plaintiffs' own Consolidated Complaint states, as established above, that Mr. Cole was little more than a rubber stamp.  *See* Consolidated Complaint at ¶206.  As such, Plaintiffs' Consolidated Complaint undermines any argument that Mr. Cole had any control based on his status as a director and audit committee member.  Plaintiffs have failed to allege that Mr. Cole exercised the requisite level of control and, therefore, Plaintiffs' Section 20(a) claim against Mr. Cole must be dismissed.

### ii. Plaintiffs Fail to Establish Mr. Cole's Culpable Participation

Plaintiffs state in their Memorandum in Opposition that they have sufficiently plead culpable participation by Mr. Cole in the fraud.  *See* Memorandum in Opposition at 15.

9

Plaintiffs argue that they have sufficiently pled scienter, and as such, they have adequately plead culpable participation. *See id.* "Allegations sufficient to plead scienter for the purposes of primary liability pursuant to Section 10(b) 'necessarily satisfy' the culpable participation pleading requirement for Section 20(a) claims." *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 249 (S.D.N.Y. 2010) (internal citation omitted). However, as established above, Plaintiffs have failed to sufficiently plead scienter as to Mr. Cole. *See* Section III.A.(i), *supra*. Therefore, this Court must dismiss Plaintiffs' Section 20(a) claim against Mr. Cole.

## IV. CONCLUSION

Plaintiffs have not met the applicable standards required to sustain their claim, and as such, the Consolidated Complaint must be dismissed. The Consolidated Complaint does not state a cognizable claim under Federal Rule 12(b)(6) and does not meet any of the pleading requirements under Federal Rule 9(b) or the PSLRA. Plaintiffs' failure to follow and abide by the required pleading requirements renders Plaintiffs' Consolidated Complaint ripe for dismissal with prejudice.

**WHEREFORE**, Defendant Douglas Cole respectfully requests that this Court issue an Order dismissing Plaintiffs' Consolidated Complaint against him in its entirety, and grant any further relief that this Court deems proper.

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record listed below via transmission of Notices of Electronic Filing generated by CM/ECF.

### Service List

Richard W. Gonnello, Esq. (CM/ECF)

Christopher P. Milazzo, Esq. (CM/ECF)

Anthony J. Costantini, Esq. (CM/ECF)

Marvin G. Pickholz, Esq. (CM/ECF)

Susan Jo, Esq. (CM/ECF)

Kevin P. Potere (CM/ECF)

/s/ Jenny Johnson-Sardella
Jenny Johnson-Sardella