

NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA

December 5, 2013

**VIA ECF**

The Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 23B
New York, NY 10007-1312

      Re:   *In re Longwei Petroleum Investment Holding Limited Securities Litigation*,
            No. 1:13-cv-00214-HB

Dear Judge Baer:

      My firm represents Lead Plaintiffs Paul Love, Fabio Benedetto Lupis, and Chris Wilson ("Plaintiffs") in connection with the above-referenced action. Plaintiffs named Douglas Cole ("Cole"), among others, as a defendant in the Consolidated Securities Class Action Complaint ("Complaint"), which Plaintiffs filed on July 8, 2013. Cole stipulated and agreed to accept service of the Complaint through his counsel, Hunter Taubman Weiss LLP, and to file his motion to dismiss the Complaint no later than 21 days from the entry of the joint stipulation and order, which the Court entered on October 11, 2013 (the "Cole Scheduling Order"). ECF No. 94. Cole timely filed his motion to dismiss on November 1, 2013.

      Pursuant to the Cole Scheduling Order, Plaintiffs timely filed their opposition to Cole's motion on November 25, 2013. Earlier that day, however, Cole filed a reply memorandum in further support of his motion ("Cole Reply #1"), incorrectly asserting that Cole's motion to dismiss was unopposed because Plaintiffs had not timely filed an opposition brief. ECF No. 113. After Plaintiffs addressed Cole's timeliness argument in their opposition brief, ECF No. 114, at 1 n.1, Cole quickly reversed course the next day and filed a "Notice of Striking Reply" in which Cole misleadingly asserted that Cole Reply #1 was "inadvertently filed." ECF No. 115. Cole's Notice of Striking is essentially a motion to withdraw or strike that the Court has yet to rule on.

      Thereafter, Cole filed ***two additional reply memoranda*** in further support of his motion to dismiss on December 2, 2013. Despite Cole's prior failure to comply with Your Honor's Individual Rules of Practice 5.C., which limits reply briefs to 10 pages, *see* ECF No. 93, Cole filed a second reply memorandum that spanned 13 substantive pages ("Cole Reply #2"), ECF No. 116. Roughly an hour later, Cole filed another "Notice of Striking Reply" in an attempt to withdraw Cole Reply #2, ECF No. 117, once again claiming Cole Reply #2 was "inadvertently



The Honorable Harold Baer, Jr.
December 5, 2013
Page -2-

filed." Finally, approaching midnight on December 2, 2013, Cole filed his ***third reply brief*** ("Cole Reply #3"), which although complying with the Court's page limitations only did so by altering the font and violating Local Civil Rule 11.1(b)(3), which requires that all memoranda be double-spaced. *See* ECF 118.

Given Cole's repeated failures to comply with this Court's rules, Plaintiffs respectfully request that Cole be required to comply with the applicable rules both with respect to his pending motion and any future matters he presents to the Court.

Respectfully submitted,

Richard W. Gonnello

cc: All counsel of record (via ECF)