

NEW YORK    CALIFORNIA    DELAWARE    PENNSYLVANIA

January 30, 2014

**BY ECF**

The Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 23B
New York, NY 10007-1312

>       Re:    *In re Longwei Petroleum Investment Holding Limited Securities Litigation*,
>              No: 1:13-cv-00214-HB

Dear Judge Baer:

      We represent Lead Plaintiffs Paul Love, Fabio Bendetto Lupis, and Chris Wilson in the above-referenced action. Plaintiffs respectfully submit this letter in opposition to Sichenzia Ross Friedman & Ference, LLP's ("SRFF") request earlier today to withdraw as counsel for Defendant Michael Toups (ECF No. 145). In light of SRFF's failure to comply with Local Civil Rule 1.4 governing attorney withdrawal, and given Plaintiffs' ongoing concerns about whether SRFF fulfilled its obligations to preserve documents relevant to these proceedings, Plaintiffs oppose SRFF's request on the present record.

      Local Civil Rule 1.4 provides in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. ***Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal*** or displacement and the posture of the case, including its position, if any, on the calendar, ***and whether or not the attorney is asserting a retaining or charging lien***.

(Emphasis added).

      SRFF's "Notice Of Attorney Withdrawal And Order" utterly fails to satisfy Rule 1.4's requirements. Indeed, SRFF's notice is a thinly disguised attempt to avoid having to address whether SRFF fulfilled its obligations to preserve documents relevant to Plaintiffs' claims. *See Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05 CIV. 4837 (HB), 2006 U.S. Dist. LEXIS 32211, at *16 (S.D.N.Y. May 22, 2006) (Baer, J.). Tellingly, SRFF filed this withdrawal notice just ***three days*** after the Court denied Toups' motion to dismiss Plaintiffs' Section 10(b) and

369 LEXINGTON AVENUE    NEW YORK, NY 10017    PHONE: 212.983.9330    FAX: 212.983.9331    FARUQILAW.COM



The Honorable Harold Baer, Jr.
January 30, 2014
Page -2-

20(a) claims (ECF No. 144) and at precisely the moment when Toups's disclosure obligations begin. *See Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (stating that "attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior").

Plaintiffs respectfully submit that the current record is insufficient to permit SRFF's withdrawal, and that, at the very least, the Court should maintain jurisdiction over SRFF until Plaintiffs have had an adequate opportunity to confirm the steps taken by SRFF to meet its obligations to preserve documents relevant to Plaintiffs' claims.

Respectfully submitted,

RWGonnello

Richard W. Gonnello

cc:   All counsel of record (via ECF)