ORAL ARGUMENT
REQUESTED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: LONGWEI PETROLEUM INVESTMENT
HOLDING LIMITED SECURITIES LITIGATION

1:13-cv-00214 (HB)

ECF CASE

CLASS ACTION

This Document Relates To: ALL ACTIONS


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CHILD, VAN WAGONER & BRADSHAW, PLLC'S AND ANDERSON BRADSHAW, PLLC'S (1) MOTION FOR RECONSIDERATION PURSUANT TO LOCAL RULE 6.3 AND/OR (2) MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B), TOGETHER WITH A MOTION TO STAY ALL PROCEEDINGS AS TO THESE DEFENDANTS UNTIL THE DETERMINATION OF THESE MOTIONS AND ANY APPEAL THEREFROM**

DUANE MORRIS LLP
Anthony J. Costantini (AJC 6633)
Marvin G. Pickholz (MP 7097)
Susan Jo (SJ 1974)
Kevin P. Potere (KP 7711)
1540 Broadway
New York, New York 10036
Telephone: 212-692-1000
Facsimile: 212-692-1020

*Attorneys for Defendants Child, Van Wagoner & Bradshaw, PLLC and Anderson Bradshaw, PLLC*

**TABLE OF CONTENTS**

                                                                                     **Page**

I.    THE COURT SHOULD RECONSIDER ITS JANUARY 27 ORDER DENYING CVB'S AND ANDERSON BRADSHAW'S MOTION TO DISMISS ............................. 1

II.    ALTERNATIVELY, THE COURT SHOULD CERTIFY ITS JANUARY 27 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) ............................................................................................................................. 8

        A.    The Court Should Certify the Question of Whether Exceptional Growth is a "Red Flag" Sufficient to Demonstrate *Scienter* on Behalf of an Auditor ............ 9

        B.    The Court Should Certify the Question of Whether an Unreported Related Party Transaction is Sufficient to Demonstrate Auditor *Scienter* ........................ 11

        C.    The Court Should Certify the Question of Whether Failure to Detect an Alleged Fraud of Substantial Magnitude Rises Above Mere Negligence to Prove Auditor *Scienter* ....................................................................................... 13

III.   THE COURT SHOULD ISSUE A STAY OF PROCEEDINGS ..................................... 14

IV.   CONCLUSION ............................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Federal Cases**

*In re Advanced Battery Tech., Inc. Secs. Litig.*,
  2012 WL 3758085 (S.D.N.Y. Aug. 29, 2012) ................................................................ Passim

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*,
  219 F.3d 674 (7th Cir. 2000) ..................................................................................................9

*In re Air Crash Off Long Island*,
  27 F. Supp. 2d 431 (S.D.N.Y. 1998), *aff'd*, 209 F.3d 200 (2d Cir. 2000) ................................9

*Anwar v. Fairfield Greenwich Ltd.*,
  728 F. Supp. 2d 372 (S.D.N.Y. 2010) .....................................................................................7

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) ......................................................................................................2

*Brown v. Bullock*,
  194 F. Supp. 207 (S.D.N.Y. 1961), *aff'd*, 294 F.2d 415 (2nd Cir. 1961). ..............................14

*Capitol Records, LLC*,
  2013 WL 6869648 (S.D.N.Y. Dec. 13, 2013) .........................................................................1

*Carnivale Bag Co. v. Slide-Rite Mfg. Corp.*, 1975-2 Trade Cas. ¶ 60,542 (RLC), 1975
  WL 958 (S.D.N.Y. Oct. 7, 1975) .............................................................................................8

*Chill v. Gen. Elec. Co.*,
  101 F.3d 263 (2d Cir. 1996) ............................................................................................4, 11

*Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
  2012 WL 2952929 (S.D.N.Y. July 18, 2012*)* ................................................................... 9-10

*In re Duplan Corp.*,
  591 F.2d 139 (2d Cir. 1978) ............................................................................................ 9-10

*Fait v. Regions Fin. Corp.*,
  655 F.3d 105 (2d Cir. 2011) ....................................................................................................4

*In re Fosamax Prods. Liab. Litig.*,
  2011 WL 2566074 (S.D.N.Y. June 29, 2011) ................................................................. 10-11

*Geron v. Robinson & Cole LLP*,
  476 B.R. 732 (S.D.N.Y. 2012) ..............................................................................................14

*Gulino v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*,
  907 F. Supp. 2d 492 (S.D.N.Y. 2012), *aff'd,* 2014 WL 402286 (2d Cir. Feb. 4, 2014) .......... 11

*Kalnit v. Eichler*,
  264 F.3d 131 (2d Cir. 2001) ................................................................................................. 3-4

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri – Gestione Motonave Achille Lauro in
  Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990) ............................................. 9-10

*Koehler v. Bank of Bermuda, Ltd.*,
  101 F.3d 863 (2d Cir. 1996) ...................................................................................................... 8

*Longtop Fin. Tech. Ltd. Secs. Litig.*,
  910 F. Supp. 2d 561, 573 (S.D.N.Y. 2012) ...................................................................... Passim

*In re Longtop Fin. Tech. Ltd. Secs. Litig.*,
  939 F. Supp. 2d 360 (S.D.N.Y. 2013) ............................................................................. 3, 6, 13

*McGinnis v. N.Y.U. Med. Ctr.*,
  2012 WL 5512173 (S.D.N.Y. Nov. 14, 2012) ........................................................................... 1

*Novak v. Kasaks*,
  216 F.3d 300 (2d Cir. 2000) .................................................................................................. 3-4

*O'Brien v. Avco Corp.*,
  309 F. Supp. 703 (S.D.N.Y. 1969) .......................................................................................... 14

*Pa. Public Sch. Emp. Ret. Sys.v. Bank of Am. Corp.*,
  874 F. Supp. 2d 341 (S.D.N.Y. 2012) ............................................................................. 3, 6, 13

*In re Philip Servs. Corp. Secs. Litig.*,
  383 F. Supp. 2d 463 (S.D.N.Y. 2004) ....................................................................................... 5

*In re Prudential Lines, Inc.*,
  1995 WL 79575 (S.D.N.Y. Feb. 22, 1995) ........................................................................ 10-11

*In re Satyam Comp. Serv. Ltd. Secs.*,
  915 F. Supp. 2d 450 (S.D.N.Y. 2013) ............................................................................. 3, 6, 13

*In re Scottish Re Grp. Secs. Litig.*,
  524 F. Supp. 2d 370 (S.D.N.Y. 2007) ....................................................................................... 6

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ........................................................................................................ 1

*South Cherry St. v. Hennessee Grp. LLC*,
  573 F.3d 98 (2d Cir. 2009)..................................................................................................6

*Stephenson v. PricewaterhouseCoopers, LLP*,
  482 Fed.Appx. 618 (2d Cir. 2012)................................................................................ 3-5, 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)..........................................................................................................4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992).............................................................................................1

*Virginia Bancshares, Inc. v. Sandberg*,
  501 U.S. 1083 1095-96 (1991) .........................................................................................4

*W. Va. Inv. Mgmt. Bd. v. Doral Fin. Corp.*,
  344 Fed.Appx. 717 (2d Cir. 2009).................................................................................3, 7

*In re Worldcom, Inc.*,
  2003 WL 21498904 (S.D.N.Y. June 30, 2003) .................................................................9

**Federal Statutes**

15 U.S.C. § 78u–4(b)(2) ..........................................................................................................4

28 U.S.C. § 1292(b) ....................................................................................................... Passim

**Treatises**

16 Charles A. Wright & Arthur Miller, Federal Practice and Procedure
  § 3930 (3d ed. 2012) ........................................................................................................10

Defendants Child, Van Wagoner & Bradshaw, PLLC ("CVB") and Anderson Bradshaw, PLLC ("Anderson Bradshaw") respectfully submit this Memorandum of Law in support of their (1) motion for reconsideration of the Court's Opinion and Order dated January 27, 2014 ("January 27 Order"), or, alternatively, (2) motion for certification for interlocutory review pursuant to 28 U.S.C. § 1292(b) that would allow appeal of the January 27 Order to the Second Circuit because the issues decided below are controlling questions of law for which there is substantial grounds for a difference of opinion and an intermediate appeal may materially advance the ultimate determination of the litigation. CVB and Anderson Bradshaw also respectfully seek a stay of these proceedings as to them pending the outcome of their motion for reconsideration, or, alternatively, the outcome of their request for certification under 28 U.S.C. § 1292(b).

**I.   THE COURT SHOULD RECONSIDER ITS JANUARY 27 ORDER DENYING CVB'S AND ANDERSON BRADSHAW'S MOTION TO DISMISS**

Under Local Rule 6.3, a party moving for reconsideration must set forth "the matters or controlling decisions which counsel believes the court has overlooked." *See, e.g., McGinnis v. N.Y.U. Med. Ctr.*, 2012 WL 5512173, at *1-4 (S.D.N.Y. Nov. 14, 2012). That is, the moving party must direct the court to matters it had raised "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"Courts may also grant reconsideration because of an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Capitol Records, LLC*, Nos. 09 Civ. 10101(RA), 09 Civ. 10105(RA), 2013 WL 6869648, at *2 (S.D.N.Y. Dec. 13, 2013) (granting motion for reconsideration of order denying defendant's motion for summary judgment) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Here, as shown below, the January 27 Order differs significantly from the conclusions reached by other courts within this Circuit as to the significance of the "red flags" found by this Court. The difference in these conclusions warrant the Court's reconsideration of its conclusion, or, alternatively, a certification under 28 U.S.C. § 1292(b) so that the differing points of judicial view can be addressed and harmonized.

* * *

CVB was the auditor of the June 30, 2010 and the June 30, 2011 financial statements of Longwei Petroleum Investment Holding Limited ("Longwei"). Anderson Bradshaw was the auditor of the June 30, 2012 financial statements. In order to properly assert a claim against the auditors, the plaintiffs must adequately allege (i) that all <u>three</u> financial statements were false and misleading; and (ii) that the auditor <u>knew</u> that the financial statements were false or misleading or was incredibly reckless in not knowing. *See Longtop Fin. Tech. Ltd. Secs. Litig.*, 910 F. Supp. 2d 561, 573 (S.D.N.Y. 2012) ("*Longtop I*")(citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007)).

On the first point, the Complaint relies on investigations conducted by first a short seller, and then plaintiffs, six to twelve months after the date of the last audited financial statements. In its January 27 Order, this Court recognized that fact but also said "the evidence [the investigations] uncovered suggests abandonment of Longwei's facilities prior to the statements." (Jan. 27 Op. at 5). This is no basis to assume that <u>three</u> years of financial statements were completely false and misleading when other intervening explanations such as the economic and

regulatory risks described in the 10-Ks are at least as plausible.[1]  Indeed, several courts within this Circuit have refused to make such an assumption.  *See In re Longtop Fin. Tech. Ltd. Secs. Litig.*, 939 F. Supp. 2d 360, 390 (S.D.N.Y. 2013) ("*Longtop II*") (rejecting magnitude of fraud as basis for establishing inference of *scienter*); *In re Satyam Comp. Serv. Ltd. Secs.*, 915 F. Supp. 2d 450, 479 (S.D.N.Y. 2013) ("the magnitude of a fraud, standing alone, cannot support a strong inference of *scienter*"); *Longtop I*, 910 F. Supp. 2d at 578 ("a fraud's large size, standing alone, is insufficient to show recklessness"); *Pa. Public Sch. Emp. Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 362–63 (S.D.N.Y. 2012) (dismissing 10(b) claim on the basis that magnitude of fraud is insufficient to state a claim unless coupled with other "convincing allegations").

But even if one assumes that these scraps of information are a sufficient allegation that all three financial statements are false and misleading, the plaintiffs must also show either that the auditors had the motive to join his client in the alleged fraud or they must allege facts which support the inference that the auditors knew of the fraud - - facts which must be far more compelling than the opposite inference of auditor negligence.  *Longtop I*, 910 F. Supp. 2d at 574.

Plaintiffs admittedly make no attempt to allege that the auditors had the opportunity and motivation to commit a fraud.  Therefore, they must show, under Second Circuit precedent, that the auditors conducted a highly unreasonable audit, representing an extreme departure from the standard of care.  *See e.g., Stephenson v. PricewaterhouseCoopers, LLP*, 482 Fed.Appx. 618, 623 (2d Cir. 2012); *W. Va. Inv. Mgmt. Bd. v. Doral Fin. Corp.*, 344 Fed.Appx. 717, 720 (2d Cir. 2009); *Kalnit v. Eichler*, 264 F.3d 131, 142 (2d Cir. 2001); *Novak v. Kasaks*, 216 F.3d 300,

---

[1] This Court also cited "Longwei's failed safety inspection and its inconsistent financial reporting" in "the period before the statements."  (Jan. 27 Op. at 5).  The Court, however, did not realize that these allegations pertain to a differently named company (Longwei Economy and Trade) with no explanation in the Complaint of its ties to Longwei Petroleum.  (Compl. ¶¶ 134, 136).  Such allegations should be given no weight.

3

308 (2d Cir. 2000), *cert denied,* 531 U.S. 1012 (2000); *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 269 (2d Cir. 1996).  In fact, they must show that the auditor's "accounting practices were so deficient that the 'audit amounted to no audit at all…' *In re Advanced Battery Tech., Inc. Secs. Litig.*, 2012 WL 3758085, at *15 (S.D.N.Y. Aug. 29, 2012). This precedent is consistent with (indeed the standard for) the PSLRA, which requires a "strong inference" of the requisite state of mind to be pled.  See 15 U.S.C. § 78u–4(b)(2) (1994 & Supp. V 1999) (*codifying* PSLRA § 101(b), 109 Stat. at 747).  Under *Tellabs*, the "strong inference" of wrongdoing must at least be as compelling as the opposing inference of non-fraudulent intent.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).  Further, since auditor opinions are being addressed, precedent also requires that plaintiff must satisfactorily allege that the opinion was false and not honestly believed when it was expressed.  *Va. Bancshares, Inc. v. Sandberg*, 501 U.S. 1083, 1095-96 (1991; *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011).

In applying these legal prerequisites, courts within this Circuit have looked to the supposed "red flags" alleged in the Complaint. *Stephenson, LLP*, 482 Fed.Appx. at 623.  A "red flag" is a "sign consciously disregarded by the auditors that would place a reasonable auditor on notice of wrongdoing." *Longtop I*, 910 F. Supp. 2d at 577. The first "red flag" found by this Court is the auditors' awareness "of Longwei's record revenues" and its "sudden upward trajectory". (Jan. 27 Op. 8).  This specific "red flag" has been rejected as a "red flag" time and again by the courts within this Circuit, including the Second Circuit itself. *Chill*, 101 F.3d at 270 ("[g]iven the significant burden on the plaintiff in stating a fraud claim based on recklessness, the success, even the extraordinary success, of a subsidiary will not suffice in itself to state a claim that the parent was reckless in failing to further investigate"); *see also Longtop I*, 910 F. Supp. 2d at 579 ("[i]f superior performance were a self-sufficient cause to suspect fraud, then the entire

4

Fortune 500 is in dire need of a thorough forensic accounting"); *In re Advanced Battery Tech., Inc. Secs. Litig.*, 2012 WL 3758085, at *19 (S.D.N.Y. Aug. 29, 2012) ("[i]t has been held repeatedly in the courts of this Circuit that unprecedented operating success alone is not sufficient to put an auditor on reasonable notice of fraud"). These opinions make perfect sense, as success is hardly a surefire indication of wrongdoing.

The second "red flag" cited – an alleged "undisclosed tourism investment" - - is baffling. (Jan. 27 Op. at 8). Nowhere does the Complaint allege that the auditors <u>knew</u> of this "undisclosed tourist investment". *See Stephenson*, 482 Fed.Appx. at 623 ("pleading the existence of red flags does not establish that a defendant was aware of those warning signals"). This is not a case, as in *Philip*, where specific auditors are alleged to have been aware of the alleged fraud and to have engaged in "conscious misbehavior." *In re Philip Servs. Corp. Secs. Litig.*, 383 F. Supp. 2d 463, 471-72 (S.D.N.Y. 2004). Instead, it is said that the investment never appeared on the balance sheet or in the public disclosures and that the auditors are alleged to have missed this undisclosed investment by conducting an inadequate review of Chinese government files in their audit work.[2] (Compl. ¶¶ 143-44). This is, at most, negligence, not the disregard of a known fraud. *See Stephenson*, 482 Fed.Appx. at 623 ("[T]he failure of a non-fiduciary accounting firm to identify problems with [a company's] internal controls and accounting practices does not constitute reckless[ness]") (*citing Novak*, 216 F.3d at 309); *see also In re Advanced Battery Tech., Inc. Secs. Litig.*, 2012 WL 3758085, at *5-6 (*scienter* is not "sufficiently alleged simply because an audit failed to detect a fraud," including undisclosed related party transactions).

---

[2]  Disclosure would have inflated the financial statements, not deflated them. The incentive to make such a misstatement is, at best, obscure.

5

The third and final "red flag" is circular. The January 27 Order accepts the subsequent "investigatory" reports as true, and then states that "if the auditors visited the company, . . . ., they would have witnessed the inactivity firsthand". (Jan. 27 Op. at 8). But this presumes that the auditors knew of the "facts" cited in the subsequent reports when there is no allegation that they did. *See South Cherry St. v. Hennessee Grp. LLC*, 573 F.3d 98, 112 (2d Cir. 2009) (holding that a complaint failed to allege *scienter* where it was "replete with allegations that [the defendant] 'would' have learned the truth" regarding a company's fraudulent conduct "if [it] had performed" the " 'due diligence' " that it "promised" to the plaintiff) (emphasis added). Even if a better audit could be said to have raised more questions, the allegation is one of negligence. *See In re Advanced Battery Tech., Inc. Secs. Litig.*, 2012 WL 3758085, at *16 (allegations of "[n]egligence alone, or a shoddy audit," are insufficient to establish recklessness). The January 27 Order assumes that a proper audit, or indeed any audit, would have uncovered the claimed fraud and that is an assumption that cannot be made in the context of alleging *scienter* under the PSLRA. *See In re Scottish Re Grp. Secs. Litig.*, 524 F. Supp. 2d 370, 398 (S.D.N.Y. 2007) (dismissing claims against outside auditors where "[a]t best, plaintiffs have alleged that a reasonable auditor would have discovered the problems with the Company's valuation of the deferred tax assets and internal controls."); AU § 230 ("[b]ecause of the characteristics of fraud, a properly planned and performed audit may not detect a material misstatement"). The mere fact that the auditors failed to detect a claimed fraud of substantial magnitude is not enough. *See Longtop II*, 939 F. Supp. 2d at 390; *In re Satyam Comp. Serv. Ltd. Secs.*, 915 F. Supp. 2d at 479; *Longtop I*, 910 F. Supp. 2d at 578; *Pa. Public Sch. Emp. Ret. Sys.*, 874 F. Supp. 2d at 362–63.

Even assuming a fraud of immense magnitude, it is far more likely that CVB and Anderson Bradshaw were duped like everyone else into believing that there was more activity at

6

Longwei's facilities than there actually was rather than the opposite inference that CVB and Anderson Bradshaw remained willfully ignorant of the inactivity. It follows reason that in order to carry out a complex security fraud on investors, Longwei would be required to create at least the illusion of activity at its facilities on certain occasions when visiting government officials, underwriters, investors, and auditors came to inspect their facilities. Thus, CVB and Anderson Bradshaw were likely duped into believing that there was more activity at Longwei's facilities than there actually was. *See W. Va. Inv. Mgmt. Bd. v. Doral Fin. Corp.,* 344 Fed. Appx. 717, 720 (2d Cir. 2009) ("In this case, the opposing inference-that Doral concealed its fraud from [the auditor] just as it concealed its fraud from investors-is objectively more compelling than plaintiffs' allegations of recklessness."); *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 453 (S.D.N.Y. 2010) (concluding that "it is a more compelling inference that the [outside auditors] were duped by FGG or were merely negligent in the exercise of professional duties they owed to the Funds."); *Longtop I*, 910 F. Supp. 2d at 575 ("[t]he strongest inference from even the most specifically alleged 'violations' is that [outside auditor] was duped by Longtop, not that [outside auditor] conducted no audit."). Even the short sellers admit that it took months of time lapse film to demonstrate less activity at Longwei's facilities than expected (Compl. ¶¶ 129-30), and yet nowhere do Plaintiffs allege that outside auditors were under a duty to conduct similar investigations. Nor do Plaintiffs allege what the proper amount of activity was, nor what the activity level was when the CVB and Anderson Bradshaw visited the facilities. *Id*.

     In the end, the Complaint here against the auditors boils down to the fact that there is some evidence that there was a massive fraud at some point in time and the possibility that the fraud might have existed at the time that one or more of the audits in question were conducted. Even adding some boilerplate allegations of audit deficiencies, the claim is of a possible fraud

7

that a proper audit might have detected. This is far below the allegations of auditor fraud required by the case law and the PSLRA. *See Longtop I*, 910 F. Supp. 2d at 578("[i]f an auditor were liable every time a short seller issued a report prior to a fraud being uncovered, then the scope of auditor liability would extend well beyond that contemplated by the PSLRA.").

**II.    ALTERNATIVELY, THE COURT SHOULD CERTIFY ITS JANUARY 27 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**

Certification for interlocutory appeal pursuant to Section 1292(b) is appropriate where (1) the order to be appealed "involves controlling questions of law"; (2) there is "substantial ground for differences of opinion"; and (3) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 864 (2d Cir. 1996). Measured by these standards, the Court's January 27 Order decided three controlling and critically important threshold legal issues, each of which warrants interlocutory review: (1) whether exceptional growth is a "red flag" sufficient to demonstrate *scienter* on behalf of an auditor; (2) whether an unreported related party transaction unknown to the auditor is sufficient to demonstrate *scienter* on behalf of an auditor; and (3) whether failure to detect an alleged fraud of substantial magnitude rises above mere negligence on behalf of an auditor.

Certification is particularly appropriate in this case. The threshold legal issues presented here are complex, have generated substantial disagreement, and have drastic implications for outside auditor's exposure to liability under the PSLRA.

Efficiency concerns also dictate certification for interlocutory appeal. Class action lawsuits involve "a number of time and expense-consuming stages, including determining the class and carrying out discovery…" all of which would be avoided if CVB's and Anderson Bradshaw's appeals are granted. *Carnivale Bag Co. v. Slide-Rite Mfg. Corp.*, 1975-2 Trade Cas.

8

¶ 60,542 (RLC), 1975 WL 958, at *2 (S.D.N.Y. Oct. 7, 1975).  In short, this is precisely the sort of "big case[s]" for which § 1292(b) was created.  *See In re Air Crash Off Long Island,* 27 F. Supp. 2d 431, 436 (S.D.N.Y. 1998), *aff'd*, 209 F.3d 200 (2d Cir. 2000).

### A. The Court Should Certify the Question of Whether Exceptional Growth is a "Red Flag" Sufficient to Demonstrate *Scienter* on Behalf of an Auditor

Whether exceptional growth is a "red flag" sufficient to prove *scienter* is a controlling question of law.  A question of law may be controlling in a wide range of circumstances, including where its resolution "may importantly affect the conduct of an action."  *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (Friendly, J.); *see also Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11 civ. 5994(CM), 2012 WL 2952929, at *4 (S.D.N.Y. July 18, 2012) (question is controlling where "reversal … could significantly affect the conduct of the action") (citation omitted).  Additionally, the Court should consider whether resolution of the issue "has precedential value."  *Id.*; *see also Klinghoffer*, 921 F.2d at 24 ("the impact that an appeal will have on other cases is a factor" in determining whether a question is controlling).

This Court held that Longwei's record revenues should have alerted CVB and Anderson Bradshaw of the potential of fraud, and its failure to act on this information amounted to deliberate disregard of a "red flag" sufficient to establish *scienter*.  (Jan. 27 Op. 8).  This is a controlling question of law.  *First*, whether record revenues is a sufficient "red flag" is undoubtedly a question of law.  The Court need not conduct a detailed factual determination in order to answer this question.  Rather, it presents a threshold inquiry regarding the sufficiency of a condition that is likely present at a number of audited corporations, both small and large.  *See In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (question of law is

9

one "that the reviewing court 'could decide quickly and cleanly without having to study the record'") (*quoting Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000)).

*Second*, resolution of this issue would "importantly affect the conduct" of this litigation. *In re Duplan*, 591 F.2d at 148 n.11.  The resolution of an issue "need not necessarily terminate an action in order to be 'controlling.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri – Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990); *see also* 16 Charles A. Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 3930 (3d ed. 2012) ("a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants").  Here, a finding by the Second Circuit that significant growth is not the type of "red flag" sufficient to plead *scienter* would dramatically affect the January 27 Order because a significant basis for this Court's finding of auditor *scienter* would no longer exist.

*Third*, this question presents an issue of important precedential value for many other cases.  *See Klinghoffer*, 921 F.2d at 24;  *Development Specialists, Inc.*, 2012 WL 2952929, at *4. Shareholders have filed a number of lawsuits in this District and others claiming auditor liability for allegedly fraudulent activity of audited companies.  A ruling from the Second Circuit that dramatic growth is not sufficient to plead auditor *scienter* would insulate auditors from PSLRA claims in every instance in which a seemingly successful company turns out to have committed fraud.  Conversely, a Second Circuit holding that dramatic growth is a "red flag" for fraud would dramatically expand the scope of potential liability for outside auditors under the PSLRA and would have a lasting impact on the way audits are conducted and the willingness of auditing firms to take on certain clients.

There is also a substantial ground for differences of opinion regarding whether record revenues are sufficient to establish auditor *scienter*. A "substantial ground for difference of opinion [exists] when the authority on a point of law is in conflict, or when there is a 'relative lack of authority on the precise question.'" *In re Fosamax Prods. Liab. Litig.*, 2011 WL 2566074, at *5 (S.D.N.Y. June 29, 2011) (*quoting In re Prudential Lines, Inc.*, 1995 WL 79575, at *1 (S.D.N.Y. Feb. 22, 1995)). As demonstrated above, several courts have held that operating success is not sufficient to put an auditor on notice of fraud. *See Chill*, 101 F.3d at 270; *Longtop I*, 910 F. Supp. 2d at 579; *In re Advanced Battery Tech., Inc. Secs. Litig.*, 2012 WL 3758085, at *19. The January 27 Order stands directly contrary to the decisions in these earlier opinions. Therefore, a substantial ground must exist for the differences of opinion reflected in the court decisions.

An immediate appeal will also materially advance the termination of the litigation. If the Second Circuit finds that dramatic changes in profitability is not sufficiently "red" to warrant a finding of auditor *scienter*, on remand there would be considerable less basis for denying CVB's and Anderson Bradshaw's motion to dismiss. Furthermore, a ruling by the Second Circuit could avoid costly discovery pertaining to the issue of the size and scope of Longwei's financial success. *See also Gulino v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 907 F. Supp. 2d 492, 527 (S.D.N.Y. 2012), *aff'd*, 2014 WL 402286 (2d Cir. Feb. 4, 2014) (certification warranted where "the case is poised to enter a protracted remedial phase").

### B. The Court Should Certify the Question of Whether an Unreported Related Party Transaction is Sufficient to Demonstrate Auditor *Scienter*

Whether an unreported related party transaction is sufficient to demonstrate auditor *scienter* is also a controlling question of law. First, as with record revenues, the sufficiency of a failure to detect an unreported related party transaction to prove *scienter* is undoubtedly a

11

question of law as the Court need not conduct a detailed factual determination in order to answer this question. *Second*, resolution of this issue would importantly affect the conduct of this litigation. A finding by the Second Circuit that an unreported related party transaction is not the type of "red flag" sufficient to plead *scienter* would dramatically affect the January 27 Order because a significant basis for finding *scienter* would no longer exist. *Third*, as with the question regarding dramatic growth, this question presents an issue of important precedential value for many other cases. A ruling from the Second Circuit regarding the significance of an unreported related party transaction in determining auditor *scienter* would have a lasting impact on the application of the PSLRA to auditors and the way the conduct their audits.

There is also a substantial ground for differences of opinion regarding whether the failure to discover unreported related party transactions is sufficient to establish auditor *scienter*. As demonstrated above, several courts have held that the failure to detect fraud, including unreported related party transactions, is insufficient to establish auditor *scienter* and at most, shows negligence on behalf of the auditor. *See Stephenson*, 482 Fed.Appx. at 623; *In re Advanced Battery Tech., Inc. Secs. Litig.*, 2012 WL 3758085, at *5-6. The January 27 Order stands directly contrary to the decisions in these earlier opinions. Therefore, a substantial ground must exist for the differences of opinion reflected in the court decisions.

An immediate appeal will also materially advance the termination of the litigation. If the Second Circuit finds that failure to discover an unreported related party transaction is not sufficiently "red" to warrant a finding of auditor *scienter*, on remand there would be considerable less basis for denying CVB's and Anderson Bradshaw's motion to dismiss. Furthermore, a ruling by the Second Circuit could avoid costly discovery pertaining to unreported related party transactions involving Chinese businesses.

      **C.**      **The Court Should Certify the Question of Whether Failure to Detect an Alleged Fraud of Substantial Magnitude Rises Above Mere Negligence to Prove Auditor *Scienter***

Whether failure to detect fraud of a significant magnitude rises above mere negligence on behalf of an auditor is also a controlling question of law. First, as with record revenues and unreported related party transactions, the sufficiency of a failure to detect such a fraud to show *scienter* is undoubtedly a question of law as the Court need not conduct a detailed factual determination in order to answer this question. *Second*, resolution of this issue would importantly affect the conduct of this litigation. A finding by the Second Circuit that failure to detect a high magnitude of fraud is not the type of "red flag" sufficient to plead *scienter* would dramatically affect the January 27 Order because a significant basis for finding *scienter* would no longer exist. *Third*, as with the questions regarding dramatic growth and unreported related party transactions, this question presents an issue of important precedential value for many other cases. A ruling from the Second Circuit regarding the significance of magnitude in determining auditor *scienter* would have a lasting impact on the application of the PSLRA to auditors and the way the conduct their audits. It would be all too simple for plaintiffs to allege that a fraud was of substantial magnitude, and that any kind of an audit would have detected it. If *scienter* can be pleaded on such a weak foundation, the PSLRA might as well be repealed.

      There is also a substantial ground for differences of opinion regarding whether failure to detect an alleged fraud of substantial magnitude is sufficient to establish auditor *scienter*. As demonstrated above, several courts have held that the failure to discover such a fraud is insufficient to establish auditor *scienter* and at most, shows negligence on behalf of the auditor. *See Longtop II*, 939 F. Supp. 2d at 390; *In re Satyam Comp. Serv. Ltd. Secs.*, 915 F. Supp. 2d at 479; *Longtop I*, 910 F. Supp. 2d at 578; *Pa. Public Sch. Emp. Retir. Sys.*, 874 F. Supp. 2d at 362–63. The January 27 Order stands directly contrary to the decisions in these earlier opinions.

Therefore, a substantial ground must exist for the differences of opinion reflected in the court decisions.

An immediate appeal will materially advance the termination of the litigation. If the Second Circuit finds that failure to discover inactivity is not sufficiently "red" to warrant a finding of auditor *scienter*, on remand there would be considerable less basis for denying CVB's and Anderson Bradshaw's motion to dismiss. Furthermore, a ruling by the Second Circuit could avoid costly discovery pertaining to allegations of fraud of a significant magnitude.

### III.   THE COURT SHOULD ISSUE A STAY OF PROCEEDINGS

For the reasons stated above, CVB and Anderson Bradshaw also respectfully request that the Court grant a stay of these proceedings as to them pending a determination on auditor defendants' motions.[3] If the Court certifies the January 27 Order for interlocutory appeal, the Court should also grant a stay of these proceedings pending the outcome of the appeal.  A stay is particularly appropriate where, as here, "the determination of a preliminary question may dispose of the entire suit." *O'Brien v. Avco Corp.*, 309 F. Supp. 703, 705 (S.D.N.Y. 1969); *see also Brown v. Bullock*, 194 F. Supp. 207, 249 (S.D.N.Y. 1961), *aff'd*, 294 F.2d 415 (2nd Cir. 1961). District courts routinely stay actions pending appellate review of § 1292(b) motions. *See, e.g., Geron v. Robinson & Cole LLP*, 476 B.R. 732, 745-46 (S.D.N.Y. 2012) (Pauley, J.) (granting § 1292(b) certification and staying proceedings pending appellate resolution).

---

[3] We note that on February 4, 2014, Plaintiffs and Defendant Michael Toups ("Mr. Toups") entered into a stipulation seeking an order extending the time for Mr. Toups to answer the Complaint until March 10, 2014 (Docket # 148), which was so ordered (Docket # 150).  We further note that on February 5, 2014, Plaintiffs and Defendants Douglas Cole and Gerald DeCiccio entered into a stipulation seeking an order extending their time to answer the Complaint until February 24, 2014 (Docket # 149), which was so ordered (Docket # 151).

## IV. CONCLUSION

Based on the forgoing, CVB and Anderson Bradshaw's motions for reconsideration and certification for interlocutory appeal should be granted.

Dated: New York, New York
February 6, 2014

                                                DUANE MORRIS LLP

                                                /s/ Anthony J. Costantini
                                                Anthony J. Costantini (AJC 6633)
                                                Marvin G. Pickholz (MP 7097)
                                                Suzan Jo (SJ 1974)
                                                Kevin P. Potere (KP 7711)
                                                1540 Broadway
                                                New York, NY 10036
                                                Telephone: 212-692-1000

                                                *Attorneys for Defendants Child, Van Wagoner & Bradshaw, PLLC and Anderson Bradshaw, PLLC*