**ORAL ARGUMENT**
**REQUESTED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: LONGWEI PETROLEUM INVESTMENT
HOLDING LIMITED SECURITIES LITIGATION

1:13-cv-00214 (HB)

ECF CASE

CLASS ACTION

---

This Document Relates To: ALL ACTIONS

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS CHILD, VAN WAGONER & BRADSHAW, PLLC'S AND ANDERSON
BRADSHAW, PLLC'S (1) MOTION FOR RECONSIDERATION PURSUANT TO
LOCAL RULE 6.3 AND/OR (2) MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B), TOGETHER WITH
A MOTION TO STAY ALL PROCEEDINGS AS TO THESE DEFENDANTS UNTIL
THE DETERMINATION OF THESE MOTIONS AND ANY APPEAL THEREFROM**

DUANE MORRIS LLP
Anthony J. Costantini (AJC 6633)
Marvin G. Pickholz (MP 7097)
Susan Jo (SJ 1974)
Kevin P. Potere (KP 7711)
1540 Broadway
New York, New York 10036
Telephone: 212-692-1000
Facsimile: 212-692-1020

*Attorneys for Defendants Child, Van
Wagoner & Bradshaw, PLLC and Anderson
Bradshaw, PLLC*

## <u>TABLE OF CONTENTS</u>

**Page**

SUMMARY OF ARGUMENT ........................................................................................................1

ARGUMENT ...............................................................................................................................2

I.     PLAINTIFFS FAIL TO REFUTE THE NEED FOR RECONSIDERATION ..................2

     A.     Plaintiffs' Repeatedly Misapply the Standard for Auditor *Scienter* ...................... 2

     B.     The Inconsistency of the January 27 Order With The Weight of Authority
            In The Second Circuit Warrants Reconsideration By This Court.......................... 2

           1.     Record Revenues Are Insufficient Indicia of Fraud to Prove *Scienter*....... 4

           2.     Undisclosed Related Party Transactions and Differences Between
                Financial Statements in SEC and SAIC Filings Cannot Serve As "Red
                Flags" ....................................................................................................... 5

           3.     Plaintiffs Concede That Magnitude Alone Does Not Prove *Scienter*......... 6

II.     PLAINTIFFS FAIL TO SHOW THAT CERTIFICATION IS UNWARRANTED...........8

     A.     The January 27 Order Highlights A Dispute Over Controlling Law ..................... 8

     B.     The January 27 Order Represents a Clear Difference of Opinion From
            Other Courts Analyzing Similar Questions of Law ............................................. 9

     C.     Certification Will Materially Advance the Termination of This Litigation ........... 9

III.     THIS COURT SHOULD GRANT A STAY..................................................................10

CONCLUSION............................................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re A-Power Energy Generation Sys. Ltd. Sec. Litig.,*
  No. MDL 11-2302-GW(CWx)*,* 2012 WL 1983341 (C.D. Cal. May 31, 2012) ................... 6-7

*In re Advanced Battery Technologies, Inc. Sec. Litig.*,
  No. 11 Civ. 2279(CM), 2012 WL 3758085 (S.D.N.Y. Aug. 29, 2012) .............................. 4-5

*In re AOL Time Warner, Sec. & "ERISA" Litig.*,
  381 F. Supp. 2d 192 (S.D.N.Y. 2004) ........................................................................................5

*Athale v. SinoTech Energy Ltd.*,
  No. 11 Civ. 0531(AJN), 2014 WL 687218 (S.D.N.Y. Feb. 21, 2014) ........................... Passim

*Chill v. Gen. Elec. Co.*,
  101 F.3d 263 (2d Cir. 1996) ......................................................................................................10

*In re China Valves Tech. Sec. Litig.*,
  No. 11 Civ. 0796(LAK), 02012 WL 4039852 (S.D.N.Y. Sept. 12, 2012) ...............................6

*Dobina v. Weatherford Intern. Ltd.*,
  909 F. Supp. 2d 228 (S.D.N.Y. 2012) ........................................................................................2

*Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp, Inc.*,
  537 F.3d 527 (5th Cir. 2008) ......................................................................................................8

*Iowa Pub. Employee's Ret. Sys. v. Deloitte & Touche, LLP*,
  919 F. Supp. 2d 321 (S.D.N.Y. 2013) ........................................................................................8

*Katz v. China Century Dragon Media, Inc.*,
  No. LA CV11-02769(JAK), 2011 WL 6047093, at *4 (C.D. Cal. Nov. 30, 2011)..................6

*McIntire v. China MediaExpress Holdings, Inc.*,
  927 F. Supp. 2d 105 (S.D.N.Y. Feb. 28, 2013).......................................................................2, 6

*New Pacific Overseas Grp (USA) Inc. v. Excal Int'l Dev. Corp.*,
  No. 99 Civ. 2436 DLC, 2000 WL 377513 (S.D.N.Y. 2000) ...................................................10

*Philips Servs. Corp. Sec. Litig.*,
  383 F. Supp. 2d 463 (S.D.N.Y. 2004) ........................................................................................5

*South Cherry St. v. Hennessee Grp. LLC*,
  573 F.3d 98 (2d Cir. 2009)...........................................................................................................3

*Sutherland v. Ernst & Young LLP*,
    856 F. Supp. 2d 638 (S.D.N.Y. 2012) ..................................................................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)............................................................................1, 4, 9, 10

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................1

**Rules**

Fed. R. Civ. P. 6(b) ..............................................................................................10

SECURITIES AND EXCHANGE ACT OF 1934 Rule 10b-5 ................................................3

Defendants Child, Van Wagoner & Bradshaw, PLLC ("CVB") and Anderson Bradshaw, PLLC ("Anderson Bradshaw") respectfully submit this reply memorandum of law in further support of their (1) motion for reconsideration of this Court's Opinion and Order dated January 27, 2014 (the "January 27 Order"), or, alternatively, (2) motion for certification for interlocutory review under 28 U.S.C. § 1292(b), together with a motion to stay these proceedings as to them.

## SUMMARY OF ARGUMENT

With all due respect, CVB and Anderson Bradshaw believe that the January 27 Order is inconsistent with the weight of authority within this Circuit regarding what allegations are required to plead *scienter* against auditors.  CVB and Anderson Bradshaw therefore believe that the January 27 Order is inconsistent with relevant precedent, the Supreme Court's teaching in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), and the PSLRA.  If this Court is persuaded by the arguments made by CVB and Anderson Bradshaw, it is clearly within its prerogative to "correct a clear error."

Even if this Court is not persuaded that it reached an incorrect result, it can certify the question of whether it was correct where there is "a substantial ground for differences of opinion" on "a controlling question of law," impacting the conduct of the litigation.  Simply reading the cases cited in the Auditor Defendants' Opening Brief should establish that there is "a substantial ground for differences of opinion" on whether the "red flags" specifically cited by this Court establish the level of pleading necessary to establish auditor *scienter*.  Indeed, as recently as mid-February 2014, another court in this Circuit facing remarkably similar circumstances to the instant matter reached the exact opposite conclusion to the one reached by this Court.  *See Athale v. SinoTech Energy Ltd.*, No. 11 Civ. 0531(AJN), 2014 WL 687218 (S.D.N.Y. Feb. 21, 2014).

Finally, Plaintiffs' claim that a stay of these proceedings is somehow a stall tactic or an attempt to interfere with Plaintiffs' subpoena power is completely meritless.  Rather, a stay is entirely appropriate where a determination may release CVB and Anderson Bradshaw from liability altogether, whether or not future discovery from them might be required.

## ARGUMENT

### I.     PLAINTIFFS FAIL TO REFUTE THE NEED FOR RECONSIDERATION

#### A.     Plaintiffs' Repeatedly Misapply the Standard for Auditor *Scienter*

The Opposition Memorandum suffers from a basic fallacy.  Plaintiffs repeatedly allege that the "red flags" set forth in their Consolidated Amended Complaint ("Complaint") must be analyzed only in the "aggregate" and that any attempt to evaluate each individual "red flag" is impermissible under Second Circuit precedent.  (Opp. Br. at 14).  This argument is nonsensical.  Rather, logic dictates that before evaluating them in the aggregate, this Court must first look at each alleged "red flag" to determine whether they are "sufficiently colorful" to support *scienter* against an auditor.  *See Athale*, 2014 WL 687218, at *10; *Dobina v. Weatherford Int'l Ltd.*, 909 F. Supp. 2d 228, 255 (S.D.N.Y. 2012).  Indeed, Plaintiffs' own case law relies on a flag-by-flag analysis.  *See McIntire v. China MediaExpress Holdings, Inc.*, 979 F. Supp. 2d 105, 131 (S.D.N.Y. 2013) ("red flags" must be "closer to 'smoking guns' than mere warning signs") (citation omitted).  Presumably, this Court applied a similar process when it addressed only what it regarded as the most potent of the alleged "red flags."

#### B.     The Inconsistency of the January 27 Order With The Weight of Authority In The Second Circuit Warrants Reconsideration By This Court

Plaintiffs complain that CVB and Anderson Bradshaw "cherry-pick" only three of the numerous alleged "red flags" in the Complaint, focusing on the flags most susceptible to criticism.  (Opp. Br. at 14-17).  Yet, these are the only "red flags" referenced in the January 27

2

Order that CVB and Anderson Bradshaw are alleged to have been aware of, and, therefore, this Court must have considered them to be the most persuasive.[1]  (Jan. 27 Op. at 8).  Regardless, CVB and Anderson Bradshaw previously addressed all of the alleged "red flags" in the Complaint and demonstrated why they were insufficient to plead auditor *scienter*.[2]  Turning to the three "red flags" actually referenced in the *scienter* section of the January 27 Order, the recent decision in *Athale*, 2014 WL 687218, at *10, highlights the diversion of opinions regarding the sufficiency of these types of alleged "red flags" to plead *scienter*.

In *Athale*, shareholders brought Rule 10b-5 claims against Ernst & Young Hua Ming ("EYHM"), the outside auditor for SinoTech, a Chinese corporation.  *Id*.  SinoTech shares had plummeted after a short-seller report issued long after the last audit "revealed" that SinoTech overstated its sales by at least $100 million.  *Id*. at *2.  As evidence that EYHM acted with the requisite *scienter*, Plaintiffs alleged that EYHM violated various standards and missed "red flags," including allegations that SinoTech's products were mispriced as compared to competitors, that SinoTech engaged in "undisclosed related party dealings," that SinoTech's SAIC filings "demonstrated negligible business operations," and the size of the alleged fraud.

---

[1] The January 27 Order also refers to the allegation that the auditors here have been criticized by the PCAOB on unrelated matters.  (p. 7).  This allegation is meaningless since nearly every auditing firm in America has been so criticized by the PCAOB.  *See* PCAOB Firms that Failed to Address Quality Control Criticisms Satisfactorily, *http://pcaobus.org/inspections/ reports/pages/firmsfailedtoaddressqcsatisfactorily.aspx*.  The PCAOB has not brought an enforcement action against either CVB or Anderson Bradshaw on this or any other matter.  Unsurprisingly, the January 27 Order did not focus on this level of garden variety criticism or the boilerplate allegations of audit deficiencies.  As precedent within this Circuit establishes, it is the "red flag" allegations that matter in analyzing allegations of auditor *scienter*.  *See South Cherry St., LLC v. Hennessey Grp. LLC*, 573 F.3d 98, 112 (2d Cir. 2009).

[2] Rather than rehash those same arguments, CVB and Anderson Bradshaw incorporate them by reference herein.  *See* Memo. of Law in Support of CVB and Anderson Bradshaw's Motion to Dismiss dated Aug. 14, 2013, at 11-21 (Docket # 73) and Reply Memo. of Law in Further Support of CVB and Anderson Bradshaw's Motion to Dismiss dated Oct. 7, 2013, at 6-9 (Docket # 88).

*Id*. at \*9-10.  The court granted dismissal, concluding that "[w]hether considered individually or in aggregate, these allegations do not 'give rise to a strong inference of scienter' …"  *Id*. at \*2 (*quoting Tellabs*, 551 U.S. at 323-34).  The allegations in this matter are virtually identical, yet this Court arrived at the opposite conclusion.  Reconsideration is thus warranted on the basis of the "red flags" referenced in the January 27 Order.

### 1.    Record Revenues Are Insufficient Indicia of Fraud to Prove *Scienter*

Plaintiffs readily agree that exceptional growth is not a sufficient "red flag" to raise a strong inference of *scienter*.  (Opp. Br. at 17).  Instead, they allege that it is "the timing and nature of Longwei's exceptional growth that was highly suspicious."  *Id*.  This argument is flawed for several reasons.  First, the January 27 Order makes no such distinction.  (Jan. 27 Op. at 8).  Second, exceptional growth by definition means growth that is extraordinary for a given time and in comparison to competitors in the marketplace.  The distinction that Plaintiffs try to draw is therefore nonsensical and clearly intended to distinguish the pervasive case law establishing the insufficiency of exceptional growth allegations to support a finding of *scienter*.

Third, courts in the Second Circuit have considered similar allegations of exceptional growth, including growth that is allegedly "suspicious in timing, amount or the manner," and considered such allegations to be insufficient to serve as a "red flag" for the possibility of fraud.  (Opp. Br. at 18).  For example, in *In re Advanced Battery Technologies, Inc. Sec. Litig.*, No. 11 Civ. 2279(CM), 2012 WL 3758085, at \*19 (S.D.N.Y. Aug. 29, 2012), the court found a Chinese company's "claimed profit margins, which exceeded those of its Chinese and international competitors and were difficult to explain in a commodity-based business with no obvious advantage in operations or distribution" to be an insufficient "red flags."  The court noted that "the far more suspicious success of Bernard Madoff's investment fund has been found by several

Judges of this District not to constitute a 'red flag' for outside auditors." [3]  *Id.*; *Athale*, 2014 WL 687218, at *9.

      Fourth, the cases the Plaintiffs rely upon to support exceptional returns as a "red flag" are easily distinguishable from the instant matter.  For example, in *Philip Servs. Corp. Sec. Lititg.*, 383 F. Supp. 2d 463, 475 (S.D.N.Y. 2004), there was direct evidence that the current auditor was informed about suspected fraud through a "letter written by a former Philip employee in 1995 alleging 'questionable business practices and material accounting misstatements'…."  No similar evidence exists in the instant matter.  Similarly, in *In re AOL Time Warner, Sec. & "ERISA" Litig.*, 381 F. Supp. 2d 192 (S.D.N.Y. 2004), there were specific allegations of late-in-the quarter revenue recognition known to the auditors that are completely lacking in the instant matter.

      **2.**      **Undisclosed Related Party Transactions and Differences Between Financial Statements in SEC and SAIC Filings Cannot Serve As "Red Flags"**

      Plaintiffs fail to address the case law cited in the moving brief demonstrating that allegations of related party transactions are insufficient to plead *scienter* against auditors. (Moving Br. at 5).  Nor do Plaintiffs address the fact that they never alleged that the auditors were aware of the alleged related party transaction, which would have inflated Longwei's balance sheet.  Instead, Plaintiffs focus on alleged variations between filings with the Securities Exchange Commission ("SEC") and filings of a Longwei's subsidiary with China's State Administration for Industry and Commerce ("SAIC").  (Opp. Br. at 18-19).[4]  However,

---

[3] Plaintiffs make much of Longwei's significant growth in 2010.  Such growth is hardly surprising since that is the year Longwei's second plant became operational.  *See* Declaration of Anthony J. Costantini ("Costantini Decl.) dated Aug. 14, 2013, Exh. A at F-5 (Docket # 72.1).

[4] We have previously made the point that this Court should have placed no weight on the allegations of a "failed safety inspection" and "inconsistent financial reporting" because those allegations pertained to Longwei Economy and Trade - - a company whose ties to Longwei (footnote continued on the next page)

numerous courts in the Second Circuit and elsewhere have found such differences to be insufficient to demonstrate the type of "red flag" indicative of fraud. *See Athale*, 2014 WL 687218, at \*10 (dismissing auditor claims despite alleged differences between SEC and SAIC filings); *In re China Valves Tech. Sec. Litig.*, No. 11 Civ. 0796(LAK), 2012 WL 4039852, at \*6 (S.D.N.Y. Sept. 12, 2012); *Katz v. China Century Dragon Media, Inc.*, No. LA CV11-02769(JAK), 2011 WL 6047093, at \*4 (C.D. Cal. Nov. 30, 2011).

### 3. Plaintiffs Concede That Magnitude Alone Does Not Prove *Scienter*

As with exceptional growth, Plaintiffs rightly recognize that the magnitude of an alleged fraud is insufficient to serve as evidence of *scienter*. (Opp. Br. at 20). However, Plaintiffs suggested that when combined with other alleged "red flags," magnitude may support an inference of recklessness by an auditor. *Id*. In setting forth this theory, Plaintiffs ignore the case law cited by CVB and Anderson Bradshaw in which magnitude, even when combined with other alleged "red flags," was found to be insufficient to demonstrate auditor *scienter*. (Moving Br. at 6-8). Nor do Plaintiffs address the argument that a fraud of substantial magnitude often times proves the opposite inference that CVB and Anderson Bradshaw were likely tricked, along with a number of entities, into believing that Longwei was accurately representing its financial performance.[5] *Id*. at 6-7; *see also Athale*, 2014 WL 687218, at \*8.

---

Petroleum are never explained in the Complaint. (Opp. Br. at fn. 1). In response, plaintiffs say that Longwei Economy and Trade was an operating subsidiary of Longwei Petroleum. (Opp. Br. at fn.8). This statement, even if considered as part of the Complaint, adds less than nothing. It is hardly surprising that a subsidiary's financial reporting is "inconsistent" with its parent's. Equally unclear is whether the "failed safety inspection" relates to a material or immaterial part of the business of Longwei Petroleum.

[5] This inference is bolstered by the fact that CVB actually issued an <u>adverse</u> opinion regarding Longwei's internal controls in its 2011 Audit Report. *See* Costantini Decl. Exh. A at 38; *In re A-Power Energy Generation Sys. Ltd. Sec. Litig.,* 2012 WL 1983341, at \*10 (C.D. Cal. May 31, 2012) ("[i]t is difficult to envision a *scienter* allegation sufficient to state a securities fraud claim (footnote continued on the next page)

Instead, Plaintiffs primarily rely upon the decision in *China Mediaexpress*, 927 F. Supp. 2d 105, as they do throughout their brief, to support their assertion that the magnitude of an alleged fraud is somehow meaningful.  (Opp. Br. at 20-21).  Yet, that decision is readily distinguishable from the instant matter.  In *China MediaExpress*, the short seller report came out when the auditing firm (Deloitte) was in the midst of an audit.  927 F. Supp. 2d at 135-36.  Within a month, the auditors discovered the fraud, resigned from the engagement because of the loss of confidence in the client, and withdrew the prior year's audit report because of the belief that the prior financial statements had been misstated.  *Id*.  Judge Marrero found that the rapidity of the auditor's fraud discovery raised a "red flag" as to the conduct of its prior audit by Deloitte.  *Id*.  Notably, he found no such "red flag" as to Deloitte's predecessor, A.J. Robbins, which was the auditor up until the eve of the first Deloitte report.  *Id*. at 130-31.

Here, by contrast, the short seller report came out six months after the June 30 date of the last set of financial statements at a time when no audit was being conducted.  There is no allegation of any investigation or conclusion by Anderson Bradshaw.  While Anderson Bradshaw later resigned for reasons other than the discovery of a fraud, it never withdrew its audit report on the June 30, 2012 Longwei financial statements.  Thus, there was no "rapidity" of fraud discovery, or any fraud discovery, alleged here with respect to Anderson Bradshaw, much less its predecessor, CVB.

Plaintiffs further allege that it would not have taken a detailed investigation to determine the extent of Longwei's alleged overstatement of its fuel sales but rather "[o]ne meaningful onsite visit to either of the Company's fuel storage facilities or for that matter the Company's

---

against an auditor who explicitly issued negative internal control findings in connection with the same company whose financial results it is alleged to have manipulated or purposefully ignored ….").

headquarters….." (Opp. Br. at 21).  This argument, however, flies in the face of the very short seller report Plaintiffs so heavily rely upon in their Complaint, which clearly showed that it took months of time lapse film to uncover less tanker trucks than the short seller would have otherwise expected.  (Compl. ¶ 11).  The fact that there were eight tanker trucks during the given time period proves that the facilities were not inactive or abandoned and supports the conclusion that if anything, CVB and Anderson Bradshaw were tricked alongside the shareholders.  *Id*.

## II.    PLAINTIFFS FAIL TO SHOW THAT CERTIFICATION IS UNWARRANTED

### A.    The January 27 Order Highlights A Dispute Over Controlling Law

Plaintiffs allege that there is no dispute regarding the applicable legal standard applied to allegations of auditor *scienter* since the only standard at play is that "red flags" should be interpreted in the aggregate.  (Opp. Br. at 13-14).  Not only does this conclusion conflict with the ample case law cited above establishing that Courts must also consider each individual indicia of fraud, it ignores CVB's argument that determining whether alleged "red flags" are the types of fraud sufficient to plead *scienter* is itself a question of law.  (Moving Br. at 9-14).  Indeed, Plaintiffs own case law supports this conclusion.  *See Iowa Pub. Employee's Ret. Sys. v. Deloitte & Touche, LLP,* 919 F. Supp. 2d 321, 336 (S.D.N.Y. 2013) (the court examined each of the "'red flags' alleged by [Plaintiff] to determine whether Plaintiff has alleged with sufficient particularity the types of fraud indicators that courts have determined could not be ignored absent recklessness") (emphasis added).

Motions for interlocutory appeal have been granted in other Circuits in dramatically similar cases.  For example, in *Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp, Inc.*, 537 F.3d 527, 531 (5th Cir. 2008), shareholders brought a lawsuit alleging a scheme to misrepresent a corporation's financial condition.  The defendant officers moved to dismiss based on a failure to plead a "strong inference of *scienter….*"  *Id*.  The district court denied defendants'

motion to dismiss and the defendants appealed.  The Fifth Circuit granted interlocutory appeal and reversed the district court's decision, finding that plaintiffs' allegations failed to satisfy the standards set forth under *Tellabs* and the PSLRA.  *Id*. at 545.

**B.**   **The January 27 Order Represents a Clear Difference of Opinion From Other Courts Analyzing Similar Questions of Law**

Plaintiffs appear to argue that there is not a significant difference of opinion among the courts regarding the sufficiency of allegations of exceptional growth, related party transactions, and a fraud of significant magnitude to plead *scienter* against outside auditors under the PSLRA. (Opp. Br. at 16-22).  As demonstrated above, Plaintiffs are mistaken.   *See supra* Part I.B.

**C.**   **Certification Will Materially Advance the Termination of This Litigation**

Plaintiffs argue that a determination on whether the three alleged "red flags" cited in the January 27 Order are of the type sufficient to plead auditor scienter would not materially advance the ultimate termination of this matter because it "would not address all of the red flags and circumstantial evidence of recklessness alleged in the [Complaint] and considered in the Court's Order."  (Opp. Br. at 22).  But while Plaintiffs assume that this Court relied on other alleged "red flags," the *scienter* section of the January 27 Order does not address any, and thus Plaintiffs' argument is baseless.  (Jan. 27 Op. at 7-8).  And as demonstrated in the moving brief, were the Second Circuit to find that the three types of alleged "red flags" were insufficient to plead *scienter*, there would no longer be any basis for denying CVB and Anderson Bradshaw's motion to dismiss.  (Moving Br. at 9-14).

Plaintiffs further argue that any decision on appeal would only cause delay because it would not "preclude an amended pleading," thereby assuming that they will be entitled to amend their Complaint without offering the faintest hint of what additional allegations they might add to strengthen their argument for *scienter*.  *Id*.  Yet, amending their complaint is not a right and the

courts have frequently dismissed similar claims against outside auditors with prejudice. *See Chill v. Gen. Elec. Co.*, 101 F.3d 263, 266 (upholding denial of leave to replead were district court did "not believe that Plaintiffs could ever successfully replead the *scienter* element of a Section 10(b) claim…."). Plaintiffs have already passed on the opportunity to amend afforded by this Court's rules. *See* Reply Memo. of Law in Further Support of Motion to Dismiss dated Oct. 10, 2013 at 10 (Docket # 88).

## III.   THIS COURT SHOULD GRANT A STAY

Plaintiffs claim that CVB and Anderson Bradshaw's motion for a stay is just a stalling tactic to avoid being subject to Plaintiffs' subpoena. (Opp. Br. at 3, 23). This argument is nonsensical. Dismissing the claims against CVB and Anderson Bradshaw would not suddenly make them subpoena-proof. It would, however, protect them from "frivolous, lawyer-driven litigation" that the PSLRA was enacted to prevent. *Tellabs*, 551 U.S. at 322. Nor should the fact that there are numerous parties involved in this litigation affect CVB and Anderson Bradshaw's request for a stay as to claims against them.[6] *See Sutherland v. Ernst & Young LLP,* 856 F. Supp. 2d 638, 642 (S.D.N.Y. 2012) (granting stay pending an appeal in a class action lawsuit).

<u>CONCLUSION</u>

Based on the forgoing, CVB and Anderson Bradshaw's motions for reconsideration, certification for interlocutory appeal, and for a stay as to them should be granted.

---

[6] Plaintiffs' argument that CVB and Anderson Bradshaw are now in default and have waived their affirmative defenses is also meritless. (Opp. Br. at 24). The case Plaintiffs cite, *New Pacific Overseas Grp (USA) Inc. v. Excal Int'l Dev. Corp.*, No. 99 Civ. 2436 DLC, 2000 WL 377513, at *7 (S.D.N.Y. Apr. 12, 2000), actually held that a motion for reconsideration of <u>only a portion</u> of an order awarding sanctions <u>and without an adjoining motion for a stay</u>, did not by itself stay the sanctions. Even were the Court to conclude that CVB and Anderson Bradshaw's answer was technically untimely, the Court may still extend the time to answer under Fed. R. Civ. P. 6(b) as Plaintiffs can hardly claim any real harm resulting from the delay, given the extensions granted to other defendants.

Dated: New York, New York
       March 4, 2014

                    DUANE MORRIS LLP

                    /s/ Anthony J. Costantini
                    Anthony J. Costantini (AJC 6633)
                    Marvin G. Pickholz (MP 7097)
                    Suzan Jo (SJ 1974)
                    Kevin P. Potere (KP 7711)
                    1540 Broadway
                    New York, NY 10036
                    Telephone: 212-692-1000

                    *Attorneys for Defendants Child, Van Wagoner & Bradshaw, PLLC and Anderson Bradshaw, PLLC*

11