

**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

NEW YORK    CALIFORNIA    DELAWARE    PENNSYLVANIA

May 2, 2014

**VIA ECF**

The Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 23B
New York, NY 10007-1312

      Re:    *In re Longwei Petroleum Investment Holding Limited Securities Litigation*,
             No: 1:13-cv-00214-HB

Dear Judge Baer:

      We write in response to the request by Douglas Cole, Gerald DeCiccio, and Michael Toups ("Individual Defendants") for a pre-motion conference concerning their belated request to bifurcate discovery in this action.

      Had we been informed that the Individual Defendants intended to seek Court intervention, we would have explained to them that they should have sought bifurcation of discovery at the initial conference that led to the Court's pretrial scheduling order dated May 14, 2013, ECF No. 46. *See Hines v. Overstock.com, Inc.*, No. 09-CV-991 (SJ), 2010 U.S. Dist. LEXIS 70205, at *3 (EDNY July 13, 2010) (court denied belated request for bifurcation stating, "[s]ignificantly, at the initial conference held on October 8, 2009, no request was made for bifurcated discovery, and the Court set a single deadline for fact discovery. . . . Defendant's change of counsel does not warrant restructuring the Court's scheduling order").

      Additionally, we would have noted that the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), renders a bifurcation of "merits" discovery from "class" discovery particularly inappropriate. As the *Dukes* decision made clear, when a court is conducting a "rigorous analysis" to ensure that the requirements of Rule 23 have been met, "[f]requently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart*, 131 S. Ct. at 2551-52 (internal citations and quotations omitted).



The Honorable Harold J. Baer, Jr.
May 2, 2014
Page 2

As the court in *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. 2012) explained further:

> "There is no doubt that *Dukes* has raised the bar that plaintiffs must clear in order to qualify for class certification. However, it does not, as Goldman Sachs suggests, militate in favor of bifurcating discovery prior to certification. On the contrary, if anything, *Dukes*, illustrates the need to develop the record fully before a class motion is considered."

We are pleased to address these and related issues regarding Defendants' unwarranted delays at any promotion conference the court may schedule.

Respectfully,

Richard W. Gonnello

RWG:ms