

# QIAN & NEMECEK

David P. Nemecek, Jr.
*Partner*

david@qnlawgroup.com
(415) 475-2814

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/14
```

**VIA ECF**

May 1, 2014

Hon. Harold Baer, Jr.
District Judge
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 23B
New York, NY 10118

      Re:    *In re: Longwei Petroleum Investment Holding Limited Securities Litigation*
              United States District Court for the Southern District of New York Case No. 1:13-CV-00214-HB

Dear Judge Baer:

      Individual Defendants Douglas Cole, Gerald DeCiccio and Michael Toups (the "Individual Defendants"), by and through their undersigned counsel, respectfully request that the Court entertain a pre-motion conference pursuant to Local Civil Rule 37.3(c) to consider entry of a Protective Order in this action. Specifically, the Individual Defendants request that the Court enter an Order establishing that: (1) discovery be bifurcated such that class discovery and third-party discovery take place prior to commencement of merits discovery against any defendant; and (2) Individual Defendants need not provide further responses to any of Lead Plaintiffs' pending merits discovery.

      Such an order placing class discovery and a class certification determination prior to merits discovery would conserve the resources of the parties and Court and would not prejudice Lead Plaintiffs. In addition, the requested order would follow the existing case authority in this Circuit and as well as the guidance of the Manual on Complex Litigation. *See In re Initial Public Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). In exercising their discretion, "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations" because "[d]iscovery relevant only to the merits delays the certification decision

Hon. Harold Baer, Jr.
May 1, 2014
Page 2

and may ultimately be unnecessary...and can create extraordinary and unnecessary expense and burden." Federal Judicial Center, *Manual for Complex Litigation* § 21.14 (4th ed. 2004); *see also* 1 *McLaughlin on Class Actions* § 3.10 (7th ed. 2010) (the "interests of cost and resource efficiency often support formally deferring full-blown merits discovery until class certification is decided").

      This dispute is ripe for a conference with the Court, as I have met and conferred on these issues directly with counsel for Lead Plaintiffs and opposing counsel has made clear their opposition to the proposed Protective Order. In the meantime, the Individual Defendants have preserved their objections to the pending merits discovery served by Lead Plaintiffs and welcome the opportunity to provide the Court with any additional information and authorities that would be of assistance to the Court.

      Very truly yours,

*[signature]*

David P. Nemecek, Jr.

cc:    All counsel (via ECF only)

*[Handwritten note: While I'm not sure "ripe" is the right word - call & set up a T/C w/ chambers in the week that begins 5/12]*

SO ORDERED:
*[signature]*
Harold Baer, Jr., U.S.D.J.
Date: 5/9/14

Endorsement:

       While I'm not sure "ripe" is the right word call and set up a telephone all with Chambers in the week that begins May 12.