

**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

NEW YORK    CALIFORNIA    DELAWARE    PENNSYLVANIA

> *Plaintiffs should take up this matter with Magistrate Judge Ellis.*
>
> SO ORDERED:
> Date: 7/7/14
> Richard M. Berman, U.S.D.J.

July 3, 2014

**VIA ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007-1312

    Re: *In re Longwei Petroleum Investment Holding Limited Securities Litigation*,
       No: 1:13-cv-00214-RMB

Dear Judge Berman:

  We represent Lead Plaintiffs Paul Love, Fabio Benedetto Lupis, and Chris Wilson in the above referenced securities class action. I write, pursuant to the Court's Individual Practice Rule 2.A. and Local Rule 37.2, to request that the Court conduct a pre-motion conference during the status conference scheduled for Thursday, July 10, 2014 at 9:00 a.m.

  The pre-motion conference is in anticipation of Lead Plaintiffs' Rule 37 Motion to compel discovery from Individual Defendants Michael Toups, the former Chief Financial Officer of Defendant Longwei Petroleum Investment Holding Limited ("Longwei"), Gerald DeCiccio, and Douglas Cole, both former directors and members of Longwei's Compensation, Nominating and Audit Committees.[1] After Judge Baer denied the Defendants' Motions to Dismiss on

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 7/7/2014

---

[1]  Plaintiffs obtained default judgments against the remaining individual defendants, Cai Yongjun, former Chief Executive Officer, Xue Yongping, former director and treasurer, and Dora Dong, former director and member of Compensation, Nominating and Audit Committees, as well as Longwei for failing to appear and/or respond to the complaint. *See* ECF Nos. 135, 166.



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

The Honorable Richard M. Berman
July 3, 2014
Page 2

January 27, 2014,[2] Lead Plaintiffs have endeavored to obtain discovery from the Individual Defendants. On March 28, 2014, Lead Plaintiffs propounded Interrogatories and Requests for Production. On May 1, 2014, the Individual Defendants objected to the document requests and the interrogatories in their entirety on the grounds, among others, that discovery should be bifurcated into class certification and merits discovery—notwithstanding the Court's existing scheduling order to the contrary. That same day, the Individual Defendants asked the Court to bifurcate discovery, which was denied by Judge Baer on May 15, 2014. Since then, Lead Plaintiffs' efforts to discuss the outstanding discovery requests to determine a date for production have been ignored. I am enclosing copies of the relevant correspondence. To date, the Individual Defendants have not produced a single document, a single interrogatory answer, or a privilege log of the information to be withheld.

In light of the amount of time that has passed and the failure of the Individual Defendants to provide any responsive information or indicate when such response would be forthcoming, Lead Plaintiffs have no choice but to seek to compel the Individual Defendants to respond to all outstanding discovery requests.

Respectfully,

*/s/ Richard W. Gonnello*

Richard W. Gonnello

RWG:ms
Enclosures (3)

cc: All Counsel (via ECF)

---

[2] Defendants Anderson Bradshaw, PLLC, and Child, Van Wagoner and Bradshaw, PLLC have moved for reconsideration of the Court's order denying their motion to dismiss. *See* ECF No. 152.