UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re: LONGWEI PETROLEUM INVESTMENT
HOLDING LIMITED SECURITIES
LITIGATION

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/22/14

13 Civ. 214 (RMB)

**OPINION & ORDER**

Having reviewed the record herein, including **(i)** the Consolidated Securities Class Action Complaint ("Complaint") filed on July 8, 2013, by lead plaintiffs Paul Love, Fabio Benedetto Lupis, and Chris Wilson ("Plaintiffs") against Longwei Petroleum Investment Holding Limited ("Longwei"), a Colorado corporation with a principal place of business in China, several individual defendants, including Longwei's officers, directors, and members of its audit committee, and its auditors ("Auditor Defendants"), alleging, among other things, that Defendants "engaged in acts . . . which operated as a fraud and deceit . . . in violation of Section 10(b) of the Exchange Act and Rule 10b-5" and that "[d]espite numerous red flags . . . Longwei's auditors . . . repeatedly issued unqualified audit opinions for [Longwei's] record financial results." (Consol. Securities Class Action Compl., dated July 8, 2013 ("Compl."), ¶¶ 9, 24–37, 257); **(ii)** the Court's Opinion and Order, dated January 27, 2014, granting in part and denying in part Defendants' August 14, 2013, motion to dismiss the claim under §20(a) of the Exchange Act against the principal audit partner, Russell Anderson, and denying the motion with respect to all other claims.[1] (Opinion & Order, dated Jan. 27, 2014 ("Opinion and Order"), at 1, 9); **(iii)** the Auditor Defendants' motion for reconsideration of the Court's Opinion and Order,

---

[1] The Honorable Harold Bear Jr. issued the Opinion and Order. The case has since been reassigned to the undersigned.

1

filed February 6, 2014, arguing, among other things, that: (1) the Court's Opinion and Order "differs significantly from the conclusions reached by other courts within this Circuit as to the significance of the 'red flags' found by this Court;" and alternatively (2) the Court should certify for interlocutory review "controlling questions of law" which "have generated substantial disagreement." (Defs.' Mem. of Law in Supp. of Mot. for Reconsideration, dated Feb. 6, 2014 ("Defs. Mem."), at 2, 8); **(iv)** Plaintiffs' opposition to the motion for reconsideration, filed February 24, 2014, contending that the Auditor Defendants "have failed to identify an intervening change in the law, new facts, clear error or manifest injustice," and "seek certification of three supposedly controlling questions that the Court did not even decide" (Plfs.' Mem. of Law in Opp'n to Motion for Reconsideration ("Plfs. Opp'n"), at 1); **(v)** the oral argument held on April 14, 2014 (See Hr'g Tr., dated Apr. 14, 2014 ("4/14/14 Tr.)"); and **(vi)** applicable legal authorities, **the Court hereby denies the Auditor Defendants' motion for reconsideration and their alternative request for certification for interlocutory appeal, as follows:**

**(1)** Reconsideration under Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 "should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)). There have been no such intervening changes here. Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

2

(2)     In his January 27 Opinion and Order, Judge Baer thoughtfully concluded, among other things, that the "Plaintiffs successfully allege the scienter of the auditors by pleading a combination of 'red flags' . . . a combination of inadequate procedures and ignoring red flags." (Opinion and Order at 7.) The Auditor Defendants now argue (unpersuasively) that each of the "red flags" is insufficient to establish the requisite scienter on the part of the Auditor Defendants and that the allegations in the Complaint fall "far below the allegations of auditor fraud required by the case law and the PSLRA." (Defs. Mem. at 3–8.) In so doing, the Auditor Defendants do not point to any intervening change in controlling law, any new evidence, or any clear error.

(3)     Even assuming, arguendo, it were appropriate to reconsider the Auditor Defendants' arguments, the Court would likely conclude that its job "is not to scrutinize each allegation in isolation but to assess all the allegations holistically," Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 326 (2007); id. at 310 ("The inquiry is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.") (original emphasis), and that Judge Baer properly held that "Plaintiffs successfully allege[d] the scienter of the auditors by pleading a combination of 'red flags' that should have raised the auditors' suspicion." (Opinion and Order at 7–8.) For example, Plaintiffs allege, among other things, that (1) "Longwei's Board of Directors did not hold a single meeting;" (2) "Longwei's Audit Committee did not report a single meeting;" (3) "Longwei was the only company in the industry that was able to report record financial results each quarter;" and (4) "[t]o achieve the net income . . . required under the Make Good Escrow Agreement, Longwei reported an increase of $38.97 million—a stunning 52% increase in the deposits to its suppliers which it carried as an asset on its balance sheet for 2010 as compared to 2009." (Compl. at ¶¶ 216-222.) See also Pereira v. Aetna Cas. & Surety Co., No. 95 CIV 4385,

3

1997 WL 539777, at *1 (S.D.N.Y. Aug. 28, 1997)), aff'd, 186 F.3d 196 (2d Cir.1999); In re Philip Servs. Corp. Sec. Litig., 383 F. Supp. 2d 463, 475 (S.D.N.Y. 2004).

(4) With respect to the Auditor Defendants' request that the Court "certify [the] January 27 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)," the Court concludes that the Audit Defendants have not established the § 1292(b) criteria and that "[u]se of [the] certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990)) (quotations omitted) (per curiam); see also In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014). Among other things, the questions raised by the Auditor Defendants are not controlling. Whether particular red flag(s) are sufficient to establish scienter will not resolve or advance the litigation because, as noted, scienter is determined on a holistic basis. Tellabs, Inc., 551 U.S. at 310.

The Auditor Defendants' request to stay the proceedings pending resolution of the appeal is respectfully denied as moot.[2]

---

[2] Any issues raised by the parties not specifically addressed herein were considered by the Court on the merits and rejected.

## Conclusion & Order

For the foregoing reasons, the Auditor Defendants' motion for reconsideration [#152] is denied.

Dated: New York, New York
August 22, 2014

*Richard M. Berman*

_____
**RICHARD M. BERMAN, U.S.D.J.**