

NEW YORK     CALIFORNIA     DELAWARE     PENNSYLVANIA

STUART J. GUBER
sguber@faruqilaw.com

September 9, 2014

**VIA ECF AND HAND DELIVERY**

Honorable Ronald L. Ellis
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 11C
New York, NY 10007-1312

> **Re:** *In re: Longwei Petroleum Investment Holding Limited Securities Litigation,*
> *C.A. No. 1:13-cv-00214 (RMB) (RLE)*

Dear Magistrate Ellis:

This firm represents plaintiffs in the above-referenced securities class action. We originally filed this pursuant to Judge Berman's Individual Practice Rules, Paragraph 2.A. on September 5, 2014. On September 8, 2014, Judge Berman directed us to take the matter up with Your Honor. *See* Dkt No. 195. Pursuant to Your Honor's Individual Practice Rules, plaintiffs seek a pre-motion conference in connection with a motion to compel document discovery against the defendant Anderson Bradshaw, PLLC and its predecessor firm, Defendant Child, Van Waggoner & Bradshaw, PLLC (collectively, the "Auditor Defendants"). Plaintiffs also seek the imposition of attorneys' fees and costs incurred in bringing the motion to compel.

On July 10, 2014, Judge Berman held a conference and shortened the discovery period, which now has a cut off deadline of January 1, 2015. At that same conference, Judge Berman ruled that the pendency of the Auditor Defendants' motion for reconsideration concerning the Court's denial of the Auditor Defendants' motion to dismiss would not stay discovery in any

1

manner. Based on Judge Berman's express statements at the conference and statements made by counsel for the Auditor Defendants after the conference, Plaintiffs believed the Auditor Defendants would be producing documents in the very near future. To date, that has not occurred. On September 2, 2014, I contacted the Auditor Defendants' counsel, Anthony J. Constantini of the law firm of Duane Morris, to discuss the production. Previously, Mr. Constantini had been willing to produce the accounting work papers, along with any audit plans and management representation letters for the audits in question and was surprised to hear that the documents had not yet been produced given that the goal was to make production by July 31, 2014. Mr. Constantini also reiterated that his firm was going to be replaced as counsel, something that he first told plaintiffs' counsel immediately after the July 10, 2014 conference before Judge Berman. I informed Mr. Constantini that given the discovery cut-off deadline of January 1, 2015, that we had no choice but to move to compel. We also seek any documents that the Auditor Defendants produced to the Securities and Exchange Commission ("SEC") and the parties disagree as to whether such documents should be produced. There is no disagreement however, over whether the accounting work papers, audit plans and management representation letters should be produced. The issue is when and our position is that such production should be forthwith.

     On Wednesday evening, Mary Ann C. May, of the law firm of Parr Brown Gee & Loveless left me a voicemail message that her firm would be replacing Duane Morris. The next morning, I emailed Ms. May and informed her of our position that the audit work papers, including any audit plans and management representation letters should have been produced long ago and that we would be contacting Judge Berman by September 5, 2014, for a pre-motion conference as a prerequisite to moving to compel those documents, as well as any documents

produced to the SEC. On September 4, 2014, I received an email from Ms. May stating that "my firm has been retained as replacement counsel for Duane Morris" and that they were "preparing a substitution of counsel" that they would "get on file with the Court next week." Ms. May further stated: "As we are new to this matter, we are getting up to speed on this case and on the issues you raise in your email. We will be in touch regarding the SEC documents you have requested. We will also let you know early next week when you can expect the audit work papers." Thus, although the Auditor Defendants had determined to change counsel by July 10, 2014, it was not until almost two months later that new counsel is "getting up to speed on the case" and is just in a position to let us "know early next week when we can expect the audit work papers."

Both the delay in substituting counsel and the failure to produce the audit work papers (that the Auditor Defendants had already agreed to produce months ago) is prejudicial to plaintiffs given the January 1, 2015 discovery deadline. This dilatory behavior on the part of the Auditor Defendants, who appear to be engaging in delay tactics by substituting counsel and not producing documents they already agreed to produce, is clearly intended to thwart plaintiffs' right to discovery and vigorously pursue their claims on behalf of thousands of aggrieved shareholders and should not be tolerated. Plaintiffs intend to push this case forward and meet Judge Berman's deadlines and seek Court intervention in order to keep this case on the schedule mandated by Judge Berman.

Respectfully submitted,

*/s/ Stuart J. Guber*
Stuart J. Guber

cc: Mary Ann C. May (via email only)