

Jacob A. Goldberg, Esq.
jgoldberg@rosenlegal.com

December 16, 2015

**BY ECF**

Honorable Richard Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *In re Longwei Petroleum Investment Holding Ltd. Sec. Litig.*
             **No. 1:13-cv-00214-RMB-RLE**

Dear Judge Berman:

    I write on behalf of Todd Okimoto, once the plaintiff in the derivative action, captioned *Okimoto v. Cai, et al.*, Case No.: 13-cv-4494. Your Honor will recall that by Order dated November 4, 2015, the Court dismissed that derivative action without prejudice for lack of subject matter jurisdiction. On November 24, 2015, Mr. Okimoto filed a substantially similar derivative action in District Court, City and County of Denver, Colorado, captioned *Okimoto v. Cai, et al.*, Case No. 2015CV032501 ("Colorado Derivative Action"), relating that case to his action in the same court seeking to dissolve Longwei Petroleum Investment Holding, Ltd. ("Longwei" or "Company").

    We write on behalf of Mr. Okimoto, as representative of the interests of Longwei in response to the Motion for Preliminary Approval of Class Action Settlement Stipulation ("Settlement") (Doc. No. 263-266) that Lead Plaintiffs filed in the above-captioned *In re Longwei Petroleum Investment Holdings, Ltd. Sec. Litig.*, No. 1:13-cv-00214-RMB-RLE ("Securities Action"). For the Court's information, not only is Mr. Okimoto the representative plaintiff in the Colorado Derivative Action, but he is also a member of the putative class in the Securities Action.

    The language of the release to which Lead Plaintiff in the Securities Action has agreed is too broad, seemingly encompassing the claims in the Colorado Derivative Action – claims that Lead Plaintiff has no right to release. As such, before this Court approves the form and content of the notice to the Class in the Securities Action, we ask that it convene a conference or hearing

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

to determine whether the release is overly broad and improperly releases derivative claims, on Longwei's behalf, that Lead Plaintiff and the Class cannot release.

Plaintiff Okimoto brought the Colorado Derivative Action on behalf of Longwei to recover from defendants therein for their breaches of fiduciary duty. The claims involve former director and officer defendants' violations of the duty of loyalty in defalcating the Company of many millions of dollars and of the duty of candor, lying to shareholders about Longwei's financial and operational status. Not only do the facts of the Colorado Derivative Action overlap with those of the Securities Action, but so too do some of the defendants, including former director Gerald Deciccio who, according to Longwei's D&O insurers, is the only insured defendant, and defendants Michael Toups, Douglas Cole, Child Van Wagoner & Bradshaw, PLLC and Anderson Bradshaw PLLC.

As such, it is critical to exclude expressly from the release the Securities Action settlement contemplates the claims Mr. Okimoto has asserted on Longwei's behalf in the Colorado Derivative Action. The proposed release in the Securities Action, however, is very broad. Notwithstanding discussions we initiated with Lead Counsel in the Securities Action, Lead Plaintiffs therein have agreed to this broad release, ignoring the potential consequences to the existing derivative claims. In this particular case, that is particularly disturbing, given Mr. Okimoto's action to dissolve Longwei. He will be successful dissolving the Company and having a receiver appointed and he will succeed in the derivative action. That means that upon the appointment of a receiver for Longwei, after paying creditors, if any, he or she will distribute additional proceeds from the Colorado Derivative Action to Longwei shareholders, including some in the Securities Action's putative Class members. Thus, releasing the derivative claims Mr. Okimoto has asserted is inimical to the interests of many members of the putative Class.

The release states:

> "Released Claims" means any and all claims, debts, demands, rights, liabilities and causes of action of every nature and description, known or Unknown (as defined in ¶ 1(11)), contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether arising under federal, state, common or foreign law, which now exist or heretofore have existed, arising from or relating in any manner to (i) the purchase or acquisition of Longwei common stock during the Class Period, and (ii) ***the allegations, transactions, facts, matters, occurrences, events, acts, disclosures, statements, representations or omissions alleged, asserted, set forth, or referred to in the Action or any pleadings or briefs filed therein, including, without limitation, all claims arising out of or relating to any disclosures, public filings or statements by any of the Settling Defendants or during the Class Period, or relating to the Class Period and the allegations in this Action***. (emphasis added).

As noted above, many of the allegations, transactions, facts and even parties in the Securities Action overlap with the Colorado Derivative Action. To avoid dismissing the derivative claims and the allegations on which they are based, therefore, the release must include an express exclusion for the allegations and claims related to the Colorado Derivative Action.

2

The Securities Action, alleging violations of federal securities laws, cannot dismiss claims alleged in a different case, under different authority, and for different violations of state law, on behalf of different parties. *Custom Led, LLC v. eBay, Inc*, No. 12-CV-00350-JST, 2013 WL 4552789, at *6 (N.D. Cal. Aug. 27, 2013) (a scope of release is too broad when it releases any claim "arising out of or relating in any way to [defendant company] and regardless of whether any such claim is based on the allegations in the complaint."); *In re Weeks Landing, LLC*, 439 B.R. 897, 915 (M.D. Fla. 2010) (finding a release void to the extent it purports to release claims over an entity it has no authority over). Lead Plaintiff in the Securities Action has "no authority to release claims beyond those that are common to the class." *Soranno v. New York Life Ins. Co.*, No. 96 C 7882, 2001 WL 290303, at *4 (N.D. Ill. Mar. 20, 2001)(*citing National Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9, 17–19 (2d Cir.1981) (internal citations omitted).

For purposes of the derivative claims on Longwei's behalf, the claimants in the Securities Action and the Colorado Derivative Action are wholly distinct. Mr. Okimoto represent Longwei for the harm its directors and officers caused to the Company and seeks to recover on behalf of Longwei. *See, Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 737 (3d Cir. 1970) ("Derivative claims, if successful, enforce a corporate cause of action, 'and the relief which is granted is a judgment against a third party in favor of the corporation.'"). In contrast, Lead Plaintiffs in the Securities Action seek and have secured a monetary recovery against certain officers and directors of Longwei for the benefit of themselves and other Longwei shareholders. Indeed, "an individual shareholder has a conflict of interest, and therefore cannot adequately represent other shareholders, when he simultaneously brings a direct and derivative action." *Wall St. Sys. v. Lemence*, No. 04 CIV. 5299 (JSR), 2005 WL 292744, at *3 (S.D.N.Y. Feb. 8, 2005) (citing cases).

In short, on behalf of Longwei, Mr. Okimoto opposes any settlement of the Securities Action that includes a broad release that may extinguish his claims on the Company's behalf. We stand ready to discuss this issue at the Court's convenience.

Respectfully submitted,

*/s/ Jacob A. Goldberg*

Jacob A. Goldberg

cc: Counsel of Record (by ECF)

3

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**