# Kaufhold Gaskin LLP
ATTORNEYS AT LAW

388 Market St., Suite 1300
San Francisco, CA 94111

December 17, 2015

**VIA ECF**
The Honorable Richard M. Berman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> **Re:**     *In re Longwei Petroleum Investment Holding Limited Securities Litigation*
> *(No. 13-cv-00214-RMB)*

Dear Judge Berman:

As you are aware, we represent Defendants Douglas Cole, Gerald DeCiccio and Michael Toups ("Defendants") in the above-referenced matter. We write today in response to Mr. Jacob Goldberg's letter addressed to you dated December 16, 2015 attempting to derail the settlement of this action.

As you will recall, Mr. Goldberg's client, Todd Okimoto, filed a derivative action in this Court, which was recently dismissed after his deposition revealed that he had misrepresented in a verified complaint that he was a Hawaiian resident and entitled to the jurisdiction of this Court when instead he was a resident of China.

In a similar manner, Mr. Okimoto's current position that the proposed class action settlement is overbroad and releases any claims belonging to Longwei is wholly inaccurate. The plain language of the Settlement Agreement is clear that the claims being released are those of the proposed Class, which encompasses "all those who purchased the common stock of Longwei between September 28, 2010 and January 3, 2013." Dkt. 265-1, p.10. Indeed, the plain language of the settlement states "Excluded from the Class are Defendants" and defines "Defendants" as including Longwei ("Defendants" are the Settling Defendants and defendants Longwei, Cai Yongjun, Xue Yongping and Dora Dong."). Dkt. 265-1, p. 10. Mr. Okimoto's position is again absolutely factually inaccurate.

It appears that the only reason that Mr. Okimoto's counsel is attempting to derail the settlement is that Mr. Okimoto, having failed to win lead class plaintiff status in this action (Dkt. 22), may be trying to improperly assert shareholder claims, premised on the same facts as the Complaint in this Class Action, in the Colorado Derivative Action, rather than company claims. Thus, the letter appears to be simply an attempt by Mr. Okimoto to improperly and inaccurately attack the proposed settlement so that his newly filed and conflicting actions in Colorado gain more leverage. This attempt threatens a Settlement Agreement that was the result of lengthy negotiations.

# Kaufhold Gaskin LLP
### ATTORNEYS AT LAW

388 Market St., Suite 1300
San Francisco, CA 94111

## Factual Background

In January 2013, Mr. Okimoto filed a class action complaint, on behalf of Longwei shareholders, alleging claims of securities fraud against Defendants and Longwei.  In March 2013, Mr. Okimoto filed his motion for appointment as lead plaintiff in this litigation.  Dkt. 22. That motion was denied, and instead, Mr. Paul Love, Mr. Fabio Benedetto Lupis, and Mr. Chris Wilson were appointed as Lead Plaintiffs and Farqui & Faruqi LLP was appointed as Class Counsel.  After filing a complaint *against* Longwei alleging that it engaged in securities fraud, and after being denied lead plaintiff status, on June 28, 2013, Mr. Okimoto then filed a Verified Shareholder Derivative Complaint (Case No. 13-cv-4494), "Federal Derivative Action") purporting to bring claims on *behalf* of Longwei.  Longwei has defaulted in the Class Action, and has neither appeared nor responded to any communications relating to these actions.

In July 2015, the parties to both this Class Action and the Federal Derivative Action participated in settlement talks with Mediator Jed Melnick.  Defendants and the Class Action Plaintiffs agreed to a settlement – which is currently before the Court.  Dkts. 163-166.  On November 4, 2015, the Court dismissed the Federal Derivative Action for lack of subject matter jurisdiction, as it was established that Mr. Okimoto was unable to bring claims based on diversity jurisdiction.  On November 5, 2015, *after the dismissal of Okimoto's Federal Derivative Action*, the parties in the Class Action filed a Motion for Preliminary Approval of the Class Action Settlement.  This Settlement Agreement included language would require shareholders of Longwei to release their claims against Defendants arising from or relating to the Class Action Complaint.

Mr. Okimoto filed an action in Colorado <u>against Longwei</u> seeking the dissolution of Longwei and for an appointment of a receiver.  After filing that action, which sought to appoint a receiver for Longwei, Mr. Okimoto apparently also filed a conflicting derivative action in Colorado purporting to bring claims <u>on behalf of Longwei</u>.

## Analysis

The request that the court modify the language of the agreed upon settlement language between Defendants and Class Action Plaintiffs is both substantively improper and wholly unnecessary.

First, as quoted above, the language of proposed settlement release expressly excludes Longwei and thus Mr. Okimoto's contention that it could ever release <u>Longwei's claims</u> that he purports to be bringing derivatively <u>on behalf of Longwei</u> is totally wrong.  This is entirely dispositive and eliminates any possible legitimate issue raised by Mr. Goldberg's letter.

Second, it is clear from Mr. Okimoto's conflicting efforts to both dissolve Longwei (through a receivership action) and to represent Longwei (through a derivative action) that his true goal is simply to create litigation leverage.  Interfering with the agreed settlement of this action is merely another such attempt.  Unless Mr. Okimoto is improperly attempting to bring

# Kaufhold Gaskin LLP

ATTORNEYS AT LAW

388 Market St., Suite 1300
San Francisco, CA 94111

shareholder claims, in contravention of this Court's order denying him lead plaintiff status, he has no legitimate reason to oppose this settlement.  This is clear given that Mr. Okimoto's counsel, The Rosen Law Firm, filed and received preliminary approval of a Settlement Stipulation in another class action securities case, which contains almost the identical release language as that here.  See Exhibit A, *Simmons v. Spencer*, Case No. 13-cv-8216-RWS, Dkt. 59-1.  Not only was The Rosen Law Firm class counsel in this litigation, but this action also had an outstanding derivative action.  Such release language was not deemed to be overly broad there.

Nevertheless, it is well established law that the Court may properly release claims based on the "identical factual predicate" where all parties agree to do so.  *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982) (the court may release not only claims alleged in the complaint but also a claim based on the identical factual predicate as that underlying the claims in the settled class action).  Here, Class Action Plaintiffs, represented by approved Class Counsel, has agreed to release claims against Defendants that relate to facts in the Class Action Complaint.  This language is proper and was reached through arms-length negotiations.  This language does not release Longwei's claims, whatever those may be.  However, from Mr. Okimoto's letter, it appears that Mr. Okimoto's actual purpose in opposing the settlement is that he now wants to represent, in Colorado, a class of shareholders, based on a novel bootstrapping theory of liability – that the Defendants are liable to the shareholders by virtue of being liable to Longwei.  This is clearly improper.  Thus, it appears Mr. Okimoto is not arguing that the Release would bar Longwei's claims (it would not), but would bar any new class action claim (which it would, and appropriately so).  *See Newberg on Class Actions* § 12:15 at 312 ("A settlement may properly prevent class members from subsequently asserting claims relying upon a legal theory different from that relied upon in the class action complaint, but depending upon the same set of facts").

For these reasons, we believe that there are no valid reasons to delay approval of the proposed Settlement Agreement.  There are certainly no legitimate reasons related to any purported derivative action on behalf of Longwei – which is the only legitimate reason Mr. Okimoto would have for objecting.  We further believe that the Release in the Settlement Agreement is fair and in accordance with prior releases in such actions, and look forward to its being approved.

Very truly yours,

/s/ Steven S. Kaufhold

Steven S. Kaufhold

Cc:     All Counsel (via ECF only)

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FRANK SIMMONS, Individually and on Behalf of all Others Similarly Situated,

Plaintiff,

v.

CHRISTOPHER J. SPENCER, JOHN BUSSHAUS, and FAB UNIVERSAL CORP.,

Defendants.

Case No.: 13-CV-8216 (RWS)

**STIPULATION OF SETTLEMENT**

## STIPULATION OF SETTLEMENT

This stipulation of settlement dated as of July 10, 2015 (the "Settlement Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the District Court, this Settlement Stipulation is entered into by Lead Plaintiffs Qingping Deng, Michael Schivo, Joseph Caizzo, Frank Chung, Yang Lu, and Feng Chang ("Lead Plaintiffs"), individually and on behalf of the proposed Class (defined herein), and by Defendants FAB Universal Corp. ("FAB"), Christopher J. Spencer, and John Busshaus ("Defendants"), in the above captioned action (Lead Plaintiffs and Defendants are collectively the "Settling Parties"), by and through their respective counsel.

This Settlement Stipulation is intended by the Settling Parties to fully and finally compromise, resolve, discharge and settle the Released Claims, as defined herein, subject to the terms and conditions set forth below and the final approval of the District Court (defined below).

WHEREAS:

A.     On November 18, 2013, plaintiff Frank Simmons filed a securities class action complaint in the Southern District of New York (the "*Simmons* Action") against FAB,

Christopher J. Spencer, and John Busshaus, alleging violations of the federal securities laws.

B. On November 27, 2013, plaintiff Joe Stubblefield filed a securities class action complaint in the Southern District of New York (the "*Stubblefield* Action") against FAB, Christopher J. Spencer, and John Busshaus, alleging violations of the federal securities laws.

C. On December 9, 2013, plaintiff James Cox filed a securities class action complaint in the Southern District of New York (the "*Cox* Action") against FAB, Christopher J. Spencer, and John Busshaus, alleging violations of federal securities laws.

D. By order dated April 25, 2014, the Southern District of New York: (i) consolidated the *Simmons* Action, *Stubblefield* Action, and *Cox* Action, collectively referred to as the "Litigation;" (ii) appointed Qingping Deng, Michael Schivo, Joseph Caizzo, Frank Chung, Yang Lu, and Feng Chang as Lead Plaintiffs; and (iii) appointed Faruqi & Faruqi, LLP and The Rosen Law Firm, P.A. as Lead Counsel in the consolidated Litigation.

E. On August 1, 2014, Lead Plaintiffs in the Litigation filed a consolidated complaint against FAB, Christopher J. Spencer, John Busshaus, and Zhang Hongcheng alleging violations of federal securities laws.

F. Lead Counsel in the Litigation have investigated the allegations of wrongdoing asserted and the alleged damages suffered by the Class. Lead Counsel has analyzed the facts and the applicable law with respect to the claims against the Defendants and the potential defenses thereto, which in Lead Plaintiffs' judgment has provided an adequate and satisfactory basis for the Settlement described herein.

**Settlement Negotiations**

G. The Settling Parties engaged in an extensive mediation process using a nationally recognized mediator, Jed D. Melnick, Esq., including an all-day mediation session in-person on

October 16, 2014, and the Settling Parties and the mediator subsequently conducted discussions and arm's-length negotiations with each other with respect to a compromise and settlement of the Litigation.

**Defendants' Denials of Wrongdoing and Liability**

H.      Defendants have denied, and continue to deny, each and every claim and contention alleged by Lead Plaintiffs in the Litigation.  Defendants have expressly denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants believe that Lead Plaintiffs' allegations of fraud have no merit and that a class could not be certified under Rule 23.  Defendants have also denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or the Class have suffered damage, that the price of FAB common stock and options contracts were artificially distorted by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Litigation.

I.      Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Stipulation. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation.  Defendants, therefore, have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Stipulation.

**Benefits of the Settlement to the Class**

J.      Lead Plaintiffs and Lead Counsel believe that the Settlement provides an

excellent monetary recovery for the Class based on the claims asserted, the evidence developed and the damages that might be proven by the Class in the Litigation.

K. Lead Counsel, on behalf of Lead Plaintiffs, further recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation through trial and appeal, and Lead Counsel has considered issues that could materially affect the potential collectability of any judgment entered in this Litigation. In addition, Lead Counsel considered that Defendants' available insurance was being rapidly depleted by the cost of defending the Litigation, as well as related shareholder derivative litigation. Lead Counsel has also considered the uncertain outcome and the risk of any litigation, including the risk that plaintiffs might recover nothing, especially in a complex action such as this one, as well as the difficulties and delays inherent in any such litigation. Lead Counsel recognizes that this Litigation is further complicated by the fact that many of the witnesses and documents relevant to Plaintiffs' claims are located in China, which would make it difficult for Plaintiffs to gather the evidence needed to prove its case. Lead Counsel acknowledges that even if Plaintiff was successful at trial, Plaintiffs' ability to enforce a judgment against Defendants is uncertain, given that many of Defendants' assets are located in China. Lead Counsel is also mindful of the inherent problems of proof and possible defenses to class certification and to the federal securities law violations asserted in the Litigation against Defendants, and therefore believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved as set forth herein. Based upon their evaluation, Lead Counsel, on behalf of Lead Plaintiffs, has determined that the Settlement set forth in this Settlement Stipulation is fair, reasonable and adequate and in the best interests of Lead Plaintiffs and the Class.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs

or Lead Counsel of any lack of merit of the Litigation, and without any admission or concession

of any liability or wrongdoing or lack of merit in the defenses by Defendants, it is hereby

STIPULATED AND AGREED, by and among the Settling Parties, through their respective

attorneys, subject to approval of the District Court pursuant to Rule 23(e) of the Federal Rules of

Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") and other

conditions set forth herein, in consideration of the benefits flowing to the Settling Parties, that

the Litigation and all Released Claims as against the Released Parties (as defined below) shall be

finally and fully compromised, settled, released and dismissed, on the merits and with prejudice,

in the manner and upon and subject to the terms and conditions set forth herein.

**<u>Certain Definitions</u>**

1.     The following capitalized terms used in this Settlement Stipulation shall have the

meanings specified below:

(a)     "Alternative Judgment" means a form of final judgment that may be

entered by the District Court herein but in a form other than the form of Order and Final

Judgment (as defined below) provided for in this Settlement Stipulation and where none of the

Settling Parties hereto elects to terminate this Settlement by reason of such variance.

(b)     "Authorized Claimant" means any Class Member (as defined below)

whose claim for recovery has been allowed pursuant to the terms of this Settlement Stipulation.

(c)     "Claim" means the submission to be made by Class Members, on the

Proof of Claim form attached hereto as Exhibit A-2, or as may be required by the District Court.

(d)     "Claims Administrator" means Heffler Claims Group, the firm which

Lead Counsel requests be appointed by the District Court to administer the Settlement and

disseminate notice to the Class.

(e)     "Class" means the class that is certified by the District Court for purposes

of settlement of the Litigation.  Included in such Class are all those who purchased the common

stock, call options or sold put options of FAB between June 15, 2012 and November 21, 2013,

both dates inclusive (the "Class Period").  Excluded from the Class are Defendants, any members

of Defendants' immediate families, any entity in which any Defendant has a controlling interest,

directors and officers of FAB, and the affiliates, legal representatives, heirs, predecessors,

successors and assigns of any such excluded party.  Also excluded from the Class are Persons (as

defined below) who suffered no compensable losses (such as Persons who purchased FAB

common stock during the Class Period but sold prior to any partial corrective disclosure).

(f)     "Class Members" means Persons who are members of the Class who do

not timely and properly exclude themselves therefrom.

(g)     "Class Period" means the period between June 15, 2012 and November

21, 2013, both dates inclusive.

(h)     "Defendants" are FAB, Christopher J. Spencer, and John Busshaus.

(i)     "Defendants' Counsel" means the law firm of Loeb & Loeb LLP, 345

Park Avenue, New York, NY 10154, counsel for FAB, Christopher J. Spencer, and John

Busshaus.

(j)     "District Court" means the United States District Court for the Southern

District of New York.

(k)     "Effective Date" means the first day following the date on which the

Settlement contemplated by this Settlement Stipulation shall become effective as set forth in ¶ 33

below.

(l)     "Escrow Account" means the interest-bearing account established

pursuant to ¶ 4 herein.

(m)     "Escrow Agent" shall mean Lead Counsel or their duly appointed agent(s).  The Escrow Agent shall perform the duties set forth in this Settlement Stipulation.

(n)     "Final Approval" means the date of the last of the following with respect to the Order and Final Judgment approving this Settlement Stipulation, substantially in the form of Exhibit B hereto, or with respect to an Alternative Judgment as defined in ¶1(a) herein:  (i) the expiration of the time to file a motion to alter or amend the Final Judgment (or the Alternative Judgment) under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Order and Final Judgment (or the Alternative Judgment) without any appeal having been filed or noticed (respectively); and (iii) if such motion to alter or amend is filed or if an appeal is filed or noticed, then immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit consummation of the Settlement in accordance with the terms and conditions of this Settlement Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval of disapproval of this Settlement, or request for en banc review or reconsideration, and all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund.

(o)     "Lead Counsel" means Faruqi and Faruqi, LLP, and The Rosen Law Firm, P.A., selected by Lead Plaintiffs and appointed by the District Court to represent the interests of

Lead Plaintiffs and the Class.

(p)     "Lead Plaintiffs" mean Qingping Deng, Michael Schivo, Joseph Caizzo, Frank Chung, Yang Lu, and Feng Cheng, appointed by the District Court as Lead Plaintiffs for the Litigation.

(q)     "Litigation" means the consolidated *Simmons* Action, *Stubblefield* Action, and *Cox* Action.

(r)     "Net Settlement Fund" shall have the meaning set forth in ¶ 6 herein.

(s)     "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in the Litigation pursuant to ¶ 31 of this Settlement Stipulation and substantially in the form of Exhibit B hereto.

(t)     "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity, any legal representative, and their spouses, heirs, predecessors, successors, representatives, agents, or assignees.

(u)     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Settlement Notice, defined below) to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs and expenses as may be awarded by the District Court.

(v)      "Preliminary Order" means the Proposed Order Preliminarily Approving Settlement and Providing for Notice that Lead Counsel and Defendants will seek from the District Court, substantially in the form attached as Exhibit A and as described in ¶ 30 below.

(w)     "Publication Notice" means the Summary Notice of Pendency and

8

Proposed Class Action Settlement and Hearing Thereon substantially in the form attached as Exhibit A-3.

        (x)    "Released Claims" means any and all claims, debts, demands, rights, liabilities and causes of action of every nature and description, known or Unknown (as defined in ¶ 1(ii)), contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether arising under federal, state, common or foreign law, which now exist or heretofore have existed, arising from or relating in any manner to (i) the purchase or acquisition of FAB common stock or other FAB securities during the Class Period, and (ii) the allegations, transactions, facts, matters, occurrences, events, acts, disclosures, statements, representations or omissions alleged, asserted, set forth, or referred to in the Litigation or any pleadings or briefs filed therein, including, without limitation, all claims arising out of or relating to any disclosures, public filings or statements by any of the Defendants or Zhang Hongcheng during the Class Period, or relating to the Class Period and the allegations in this Action (including the disclosures set forth in FAB's reports on Form 8-K dated August 12, 2014 and February 10, 2015).

        (y)    "Released Parties" means Defendants and Zhang Hongcheng and (i) members of their immediate families, including without limitation marital communities and spouses, and their respective heirs, executors, estates, and administrators; (ii) any of their current, former, or future parents, subsidiaries, affiliates, divisions, partners, joint venturers, officers, directors, principals, shareholders, members, employees, predecessors, successors, assigns and agents (acting in their capacity as agents); and (iii) attorneys, accountants, advisors, insurers (including but not limited to XL Specialty Insurance Company or its successors and assigns ("XL")), reinsurers, agents (acting in their capacity as agents), associates; and (iv) any other

9

individual or entity in which any Defendant or Zhang Hongcheng has a controlling interest or which is related to or affiliated with any of the Defendants or their current, former, and future legal representatives, heirs, successors in interest or assigns.

(z) "Settlement" means the settlement as set forth in this Settlement Stipulation.

(aa) "Settlement Amount" means $1.5 million, in cash.

(bb) "Settlement Fund" means the payment made pursuant to ¶ 4 herein and is also described herein as the "Common Fund."

(cc) "Settlement Hearing" means the final hearing to be held by the District Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable and adequate; (2) whether all Released Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; and (4) whether the allocation of the Settlement Fund should be approved.

(dd) "Settlement Notice" means the Notice of Pendency and Settlement of Class Action which is to be sent to Class Members substantially in the form attached hereto as Exhibit A-1.

(ee) "Settling Parties" means Lead Plaintiffs and Defendants.

(ff) "Supplemental Agreement" means the agreement described in ¶ 32.

(gg) "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(hh) "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and expenses relating to the filing or failure to file all necessary or advisable tax

returns).

(ii) "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by such party, might have affected such party's decision(s) with respect to this Settlement. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment or Alternative Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and the Class Members may hereafter discover facts in addition to or different from this which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff and the Class Members, upon the Effective Date, by operation of the Order and Final Judgment, shall have fully, finally, and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and

11

Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

## RELEASE OF CLAIMS

2.    The obligations incurred pursuant to this Settlement Stipulation shall be in full and final disposition of the Litigation as against Defendants and Zhang Hongcheng, and shall fully and finally release any and all Released Claims as against all Released Parties.

3.    (a) Upon the Effective Date of this Settlement, each of the Lead Plaintiffs and all other Class Members (including but not limited to any Class Member who is a party to any other action, arbitration or other proceeding who is asserting claims related to the Released Claims against any of the Defendants and/or any of the Released Parties that are pending on the day of Final Approval) on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent or who purports to claim through them, shall release and shall be deemed by operation of law to have released, relinquished, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

(b)    As of the Effective Date, each of the Lead Plaintiffs and all other Class Members, and each of their predecessors, successors, assigns, personal representatives, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent or who purports to claim through them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal,

administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

(c) Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, will be deemed by this Settlement to release and forever discharge Lead Plaintiffs, Class Members, and all plaintiffs' counsel in the Litigation from any and all claims, known or Unknown, arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement. As of the Effective Date, Defendants are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any such known or Unknown Claims arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement, against Lead Plaintiffs, Class Members or any plaintiffs' counsel.

(d) In accordance with the Private Securities Litigation Reform Act as codified at 15 U.S.C. § 78u-4(f)(7)(A), the Order and Final Judgment shall provide that any and call claims for contribution arising out of any Released Claims (i) by any person or entity against any of the Released Parties, and (ii) by any of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable. Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and

(ii) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity, any such claim for contribution. In accordance with 15 U.S.C. §78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Released Claim for which such person or entity and any Released Parties are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (ii) the amount paid to the Class by or on behalf of each such Released Party for common damages.

### THE SETTLEMENT CONSIDERATION

4.      In full and complete settlement of the Released Claims, Defendants' insurer, XL, has agreed to pay the Settlement Amount. XL shall pay the Settlement Amount on or before thirty (30) calendar days following the date of the entry of the Preliminary Order, into the Escrow Account established for the Settlement Fund by Lead Counsel for the benefit of the Class Members, conditioned upon Lead Counsel providing at least twenty (20) days' notice of the Escrow Account name, address and custodian and an appropriate W-9 form prior to any payment. Upon payment of the Settlement Amount into the Escrow Account, the Settlement Amount shall constitute the "Settlement Fund," or "Common Fund." In the event that XL fails to pay the Settlement Amount, Defendants are not permitted to terminate the Settlement, and Lead Plaintiffs may reduce the amounts due to a judgment enforceable against XL.

5.      The deposit of the Settlement Amount is the only payment to be made by or on behalf of Defendants or their insurer, XL, in connection with this Settlement. As set forth below, all fees, costs, and expenses incurred by or on behalf of Lead Plaintiff and the Class associated with the Settlement, including but not limited to Taxes, Tax Expenses, administrative costs and

costs of providing notice of the Settlement to Class Members, any award of attorneys' fees and expenses of Lead Counsel, shall be paid from the Settlement Fund, and in no event shall Defendants or their Related Parties bear any additional responsibility for any such fees, costs or expenses.

6.     The Settlement Fund, net of any Taxes and Tax Expenses, shall be used to pay 1) the notice and administration costs referred to in ¶ 5 hereof, 2) the attorneys' fee and expense award referred to in ¶¶ 14-17 hereof, and 3) the remaining administration expenses referred to in ¶¶ 10, 19 hereof.  The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund," which shall be distributed to the Authorized Claimants as provided in ¶¶ 18-29 hereof.  All costs and expenses incurred by or on behalf of the Lead Plaintiffs and the Class associated with the Settlement and approved by the District Court shall be paid from the Settlement Fund and in no event shall any of the Released Parties bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

7.     As soon as the Preliminary Order is entered by the District Court, the Escrow Agent shall be permitted to pay up to $100,000 of the Settlement Fund to the Claims Administrator for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class ("Notice") and for other reasonable out-of-pocket administrative expenses (the "Notice and Administration Fund") without further order of the District Court.

8.     Upon the direction of both Lead Counsel or order of the District Court, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Fund. The Escrow Agent shall not disburse funds from the Notice and Administration Fund except as provided in this Settlement Stipulation, or by an order of the District Court, or upon the direction of both Lead Counsel.  All funds held by the Escrow Agent shall be deemed to be in the custody

15

of the District Court and such funds shall remain subject to the jurisdiction of the District Court until such time as the funds shall be distributed or returned to the Defendants pursuant to this Settlement Stipulation and/or further order of the District Court. The Escrow Agent shall hold the funds in an interest-bearing bank account insured by the FDIC. Defendants and XL shall not be liable for the loss of any portion of the Settlement Fund.

9.      Upon the payment of the Settlement Fund or any portion thereof, the Settling Parties agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and the Claims Administrator shall be responsible for timely making such elections as are necessary or advisable to carry out the provisions of this paragraph, including but not limited to the relation-back election (as defined in Treasury Reg. § 1.468B-1) to the earliest permitted date. Such elections shall comply with the procedures and requirements contained in such regulations. Additionally, it shall be the responsibility of the Claims Administrator to prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur. The Claims Administrator and Lead Counsel, as required, shall do all things that are necessary or advisable to carry out the provisions of this paragraph and Defendants shall reasonably cooperate with the Claims Administrator and Lead Counsel to carry out the provisions of this paragraph.

10.      All Taxes (including any interest or penalties) arising with respect to the income earned by the Settlement Fund after the Settlement Amount is paid into a segregated account, including any Taxes or Tax detriments that may be imposed upon Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund (limited by the amount of simple interest earned on the Settlement Fund at the LIBOR and not any higher interest rate that Defendants may earn on the

16

Settlement Fund) for federal or state income tax purposes and all Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund. The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Lead Counsel, or their agents, shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and to the extent applicable, Treas. Reg. § 1.468B-2(l). Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph. Lead Counsel, or their agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Settlement Stipulation. The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents, as described herein.

11.     Eighteen months from final approval of the Settlement, 83.33% of any remaining coverage amounts in FAB's Management Liability and Company Reimbursement Policy No. ELU127284-12, which is insured by XL, will revert to the Class and 16.67% of any remaining amounts will revert to the settlement of the derivative action, *In re FAB Universal Corporation*

17

*Shareholder Derivative Litigation*, Civ. No. 14-cv-00687 (S.D.N.Y.).

12.    This is not a claims-made settlement.  As of the Effective Date, neither Defendants nor XL shall have any right to the return of the Settlement Fund or any portion thereof from Lead Plaintiffs or Lead Counsel irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Settlement Fund.  Any undistributed money from the Settlement Fund that cannot be distributed cost effectively to a Class Member shall be donated to one or more non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Counsel.

13.    The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning the Plan of Allocation or the award of attorneys' fees and expenses. Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment or Alternative Judgment and the release of the Released Claims. There shall be no distribution of any of the Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

### ATTORNEYS' FEES AND EXPENSES

14.    Lead Counsel will apply to the District Court for an award of up to one-third of the Settlement Amount, plus interest therein, plus reimbursement of actual expenses, plus interest thereon.  Such amounts as are awarded by the District Court shall be payable from the

Settlement Fund to Lead Counsel pursuant to ¶¶ 17, 19. Lead Counsel shall allocate the attorneys' fees and expense awards amongst plaintiffs' counsel in a manner in which Lead Counsel in good faith believes reflects the contributions of each such counsel to the prosecution and settlement of the action.

15. The Released Parties shall have no responsibility or liability for, and shall take no position with respect to, Lead Counsel's application for an award of attorneys' fees or expenses, or application for an award to Lead Plaintiffs, or the allocation of any award of fees and expenses that the District Court may make in this action to Lead Counsel or Lead Plaintiffs. In addition, the Released Parties shall take no position as to the proposed Plan of Allocation for the Settlement Fund.

16. The procedure for and amounts of any award of attorneys' fees and expenses or award to Lead Plaintiffs, and the allowance or disallowance by the District Court thereof, shall not be a condition of the Settlement. Lead Counsel shall request that their application for an award of attorneys' fees and expenses and any award to Lead Plaintiffs be considered by the District Court separately from the District Court's consideration of the fairness and adequacy of the Settlement. Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment or Alternative Judgment and the release of the Released Claims. The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning Lead Counsel's application for attorneys' fees and expenses.

17. Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the District Court shall be paid to Lead Counsel from the Settlement Fund within

19

three (3) business days of the date the District Court enters an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof. If so ordered by the Court upon preliminary approval of the Settlement, Lead Counsel shall be entitled to provisional reimbursement of their attorneys' fees and out-of-pocket expenses, subject to Lead Counsel's obligations to make appropriate refunds and repayments as set forth in this paragraph. In the event that the Effective Date does not occur, or the Order and Final Judgment or Alternative Judgment is reversed or modified in any way that affects the award of attorney fees and expenses, or the Settlement Stipulation is terminated for any other reason, then each counsel receiving fees or expenses under this provision shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund (less any paid notice and administration expenses), either the full amount of the fees and expenses previously received by it pursuant to these provisions, plus interest at the same rate earned on the Common Fund, or an amount consistent with any modification of the Order and Final Judgment or Alternative Judgment with respect to the fee and expense award. Lead Counsel and any other plaintiffs' counsel's law firm that receives fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the District Court for the purpose of enforcing the provisions of this paragraph, and each shall be liable for repayment of any attorneys' fees and expenses received as a result of any award by the District Court. Furthermore, without limitation, Lead Counsel and any other plaintiffs' counsel's law firm that receives fees and expenses, and each such firm's partners and/or shareholders, agree that the District Court may, upon application of the Defendants, summarily issue orders, including, without limitation,

judgments and attachment orders and may make appropriate findings of or sanctions for contempt against that firm or any of its partners and/or shareholders should such law firm fail to repay fees and expenses timely pursuant to this paragraph.

**DISTRIBUTION TO AUTHORIZED CLAIMANTS
AND ADMINISTRATION OF SETTLEMENT**

18.     Lead Counsel or the Claims Administrator, subject to the supervision, direction and approval of the District Court, shall administer and calculate the Claims submitted by Class Members, oversee distribution of the Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith.  The Released Parties shall have no liability, obligation or responsibility for Class notice, administration or processing of claims or disbursement of the Net Settlement Fund, including, without limitation, determinations as to the validity of any Proof of Claim, the amounts of claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator and neither Defendants nor XL shall take any position in regard to such matters.  Defendants shall cooperate in the administration of the Settlement only to the extent reasonably necessary to effectuate its terms as requested by Lead Counsel.

19.     The Settlement Amount and the Settlement Fund shall be applied as follows:

(a)     To pay all costs and expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting Claims, assisting with the filing of Claims, administering and distributing the Settlement Fund to the Class Members, processing Proofs of Claim, processing requests for exclusion and costs;

(b)     To pay Taxes and Tax Expenses owed by the Settlement Fund;

(c)     Subject to the approval and further order(s) of the District Court, for payment of all attorneys' fees and expense reimbursement as may be awarded by the District

21

Court to Lead Counsel, who may make payment therefrom to other plaintiffs' counsel as the former deems appropriate based upon the work done by such other plaintiffs' counsel and such other plaintiffs' counsel's relative contribution to the prosecution and settlement of the Litigation;

(d)     Subject to the approval and further order(s) of the District Court, and upon the Effective Date, to distribute the Net Settlement Fund (as defined in ¶ 4) to Authorized Claimants as provided herein and in the manner set forth in the notice attached hereto as Exhibit A-1 (which notice shall include a Plan of Allocation of the Net Settlement Fund), or as otherwise ordered by the District Court in order to participate in such distribution of the Net Settlement Fund.

20.     Except for those fees and expenses to be paid from the Settlement Fund as set forth in this Settlement Stipulation, each party shall bear their own fees and costs.

21.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member seeking to participate in distributions from the Net Settlement Fund shall be required to timely submit to the Claims Administrator a separate signed Proof of Claim (in the form attached hereto as Exhibit A-2), supported by such documents as are designated therein, including proof of all purchases and sales of FAB common stock and options listed during the Class Period, the claimant's loss, or such other documents or proof as Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Settlement Notice unless such period is extended by order of the District Court.  Any Class Member who fails to submit a Proof of Claim within such period shall be forever barred from

receiving any payment pursuant to this Settlement Stipulation (unless, by order of the District Court, a later submitted Proof of Claim by such Class Member is approved), but in all other respects shall be subject to and bound by the provisions of this Settlement Stipulation and the Settlement including the terms of the Order and Final Judgment or Alternative Judgment to be entered in the Litigation and the releases of the Released Claims provided for herein, and will be barred from bringing any action or proceeding against any of the Released Parties concerning the Released Claims.  Provided that it is received before the motion is made to distribute the Settlement proceeds to the Class, a Proof of Claim shall be deemed to have been submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail, postage prepaid, and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Settlement Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the District Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed in the interest of achieving substantial justice.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to afford the claimant opportunity to remedy any curable deficiencies in the Proof of Claims submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim it proposes to reject in whole or in part, setting

forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the District Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest the rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the District Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall present the request for review to the District Court.  If a claimant fails to serve upon the Claims Administrator the notice required in this paragraph, the claimant's Proof of Claim, to the extent rejected, will not be allowed; and

(f)     The administrative determination of the Claims Administrator accepting and rejecting Claims shall be presented for approval to the District Court, on notice to Defendants' Counsel.

22.     Each claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her or its Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim.  No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

23.     No Class Member or Authorized Claimant shall have any claim against Lead Counsel, Lead Plaintiffs, any other plaintiff and plaintiffs' counsel in the Litigation, any of the

Released Parties or their counsel or insurers (including but not limited to XL), the Claims Administrator or any employees or agents of any of the foregoing, based on the distributions made substantially in accordance with this Settlement Stipulation or as otherwise approved or directed by the District Court. Payment pursuant to this Settlement Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be subject to and bound by the provisions of this Settlement Stipulation and the Settlement, including the terms of the Order and Final Judgment or Alternative Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

24. All proceedings with respect to the administration, processing and determination of Claims described by ¶ 21 of this Settlement Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the District Court.

25. The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all timely Proofs of Claim have been processed and all claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed Claims have been resolved by the District Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs and disbursements have been resolved by the District Court, all appeals therefrom have been resolved or the time therefor has

25

expired; and (iv) all costs of administration have been paid.

26. In the interests of achieving substantial justice, Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what they deem to be formal or technical defects in any submitted Proofs of Claim.

27. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six (6) months after such re-distribution, then such balance shall be contributed to a non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

28. Following distribution of the Net Settlement Fund, the Claims Administrator shall maintain the completed Proofs of Claim on file for three (3) years after the Effective Date.

29. Each Class Member shall be bound by all determinations and judgments in the Litigation concerning the Settlement unless such Person shall mail, by first class mail, a written request for exclusion from the Class. In order to be valid, a request for exclusion must state: (1) the name, address, and telephone number of the person requesting exclusion; (2) written evidence of the person's purchases and sales of FAB common stock and options made during the Class Period (e.g., brokerage account statements and trade confirmations), including the dates, the number of securities purchased and prices paid or received per security for each such

purchase or sale; and (3) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under this Settlement Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Order and Final Judgment or Alternative Judgment.  Each Person requesting exclusion shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her or its claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Person's status as a Class Member and the validity and amount of the Person's claim.  No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the requests for exclusion.

## TERMS OF PRELIMINARY ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS

30.     Promptly after execution of this Settlement Stipulation, Lead Counsel shall submit the Settlement Stipulation together with its exhibits to the District Court and shall apply for entry of a Preliminary Order in connection with settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Settlement Hearing.  The Preliminary Order (Exhibit A) to be submitted to the Court shall contain exhibits substantially in the form set forth in (i) the Settlement Notice (Exhibit A-1 to Preliminary Order); (ii) the Proof of Claim and Release (Exhibit A-2 to Preliminary Order); and (iii) the Publication Notice (Exhibit A-3 to the Preliminary Order).  Defendants are not liable or responsible for the method of, or representations made in, the Settlement Notice or Publication Notice.

27

## TERMS OF ORDER AND FINAL JUDGMENT

31.     If the Settlement contemplated by this Settlement Stipulation is approved by the District Court, Lead Counsel and Defendants' Counsel shall jointly request that the District Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B. The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form annexed hereto as Exhibit B, or the entry of an Alternative Judgment.

## SUPPLEMENTAL AGREEMENT

32.     Simultaneously herewith, Lead Counsel and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement Stipulation may be withdrawn or terminated at the discretion of Defendants if an amount of shares that are entitled for recovery in this Litigation representing a certain percentage of the shares held by the Class exclude themselves from the Class. The Supplemental Agreement shall not be filed with the District Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the District Court, in camera, if so requested by the District Court, or if a dispute arises among the Settling Parties concerning the Supplemental Agreement's interpretation or application. The Settling Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement. In the event the Settlement and this Settlement Stipulation are terminated, the provisions of ¶¶ 7-10, 35, 36, 38, 41, 42 and 54 shall survive termination.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

33.     The Effective Date of Settlement shall be the latest date when all the following shall have occurred:

(a)     entry of the Preliminary Order;

(b)     approval by the District Court of the Settlement and certification of the Class following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure;

(c)     Final Approval of the Order and Final Judgment (or Alternative Judgment, if applicable);

(d)     Payment by XL, on Defendants' behalf, of the Settlement Amount; and

(e)     The absence of termination of the Settlement by any of the parties hereto, pursuant to ¶¶ 34-36.

34.     Defendants' Counsel or Lead Counsel shall have the right to terminate the Settlement and this Settlement Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: 1) the District Court declines to enter the Preliminary Order; 2) the District Court refuses to approve this Settlement Stipulation or any material part of it, provided, however, that the allowance or disallowance by the District Court of any application for an award of attorneys' fees and expenses shall not be material; 3) the District Court declines to enter the Order and Final Judgment; 4) the Order and Final Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; 5) an Alternative Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or 6) the Effective Date of Settlement otherwise does not occur, except that if such Effective Date does not occur as a result of XL failing to pay the Settlement Amount.

29

Neither a modification nor a reversal on appeal of any award of fees, costs and expenses by the District Court to Lead Counsel (or any plaintiffs' counsel) shall be deemed a material modification of the Order and Final Judgment or Alternative Judgment or this Settlement Stipulation. Defendants may also terminate the Settlement and this Settlement Stipulation pursuant to ¶ 32, if the conditions set forth therein are met. The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Settlement Stipulation. In the event the Settlement and this Settlement Stipulation are terminated, the provisions of ¶¶ 7-10, 35, 36, 38, 41, 42 and 54 shall survive termination. Defendants may not terminate this Settlement if XL fails to pay the Settlement Amount in accordance with this Settlement Stipulation. If XL fails to pay the Settlement Amount pursuant to the terms of this Settlement Stipulation, Lead Plaintiffs, in their sole discretion, may elect (i) at any time prior to the District Court's entering the Order of Final Judgment or Alternative Judgment terminate the Settlement by providing written notice to Defendants' Counsel; or (ii) to enforce the terms of the Settlement against XL and seek a judgment effecting the terms herein.

35. In the event the Settlement and this Settlement Stipulation are terminated or if the Effective Date fails to occur for any reason, the Settling Parties shall be deemed to have reverted nunc pro tunc to their respective status in the Litigation as of the date and time immediately prior to the execution of this Settlement Stipulation and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Settlement Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

36. In the event this Settlement Stipulation is terminated or if the Effective Date fails

30

to occur for any reason, then within ten (10) business days after written notice is sent by Lead

Counsel or Defendants' Counsel, the balance of the Settlement Fund, less any expenses for

notice or administration of the Settlement Fund paid or incurred but not yet paid, shall be

refunded to Defendants' insurer, including interest accrued thereon.  In such event, the parties to

this Settlement Stipulation shall be deemed to have reverted nunc pro tunc to their respective

status as of the date and time immediately before the execution of this Settlement Stipulation

and, except as otherwise expressly provided, they shall proceed in all respects as if this

Settlement Stipulation and related orders had not been entered and without prejudice in any way

from the negotiation, fact or terms of the Settlement.  In the event that the Settlement and this

Settlement Stipulation are terminated, the provisions of ¶¶ 7-10, 35, 36, 38, 41, 42 and 54 shall

survive termination.

## CLASS CERTIFICATION

37.  For purposes of this Stipulation and Settlement only, and subject to approval of

the Court in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, the Settling

Parties stipulate to certification of the Class, as defined herein, and the appointment of Lead

Plaintiffs as class representatives of the Class.  In the event that the Settlement upon the terms

and conditions set forth in this Stipulation is not approved by the Court, is terminated, or the

Effective Date (*see* ¶ 33 above) does not occur for any reason, the certification of the Class

automatically shall be revoked without requiring any additional action by the Settling Parties or

the Court, and the Settling Parties shall be restored *nunc pro tunc* to their respective positions in

the Litigation as of the date and time immediately prior to the execution of this Settlement

Stipulation.  In such event, Defendants reserve their right to object for any and all reasons to the

certification of any class, and this Stipulation shall not be used or considered in any way in

connection with class certification. Should the Class not be certified, or should any court attempt to amend the scope of the Class, each of the Settling Parties reserve the right to void this Stipulation in accordance with ¶ 34 hereof.

## NO ADMISSION OF WRONGDOING

38. This Settlement Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a) shall not be offered or received against any Defendant, any other Released Party, Lead Plaintiffs or the Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or any of the other Released Parties or by any of the Lead Plaintiffs or the Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that had been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

(b) shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiffs or the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c) shall not be offered or received against any of the Released Parties, Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement Stipulation, in any arbitration proceeding or other

32

civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Stipulation; provided, however, that if this Settlement Stipulation is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against any of the Released Parties, Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable by way of the Litigation would not have exceeded the Settlement Amount.

39.     This Settlement Stipulation and the Settlement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted, prosecuted or attempted with respect to any of the Released Claims.  The Released Parties may offer the Settlement Stipulation or Order and Final Judgment or Alternative Judgment from the Litigation in any other action that may be brought against them by any Class Member or other Released Party in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any similar defense or counterclaim.  The Class Members and Defendants agree that any such proceeding would cause irreparable injury to the Released Party against whom it is brought and that the District Court or any court of competent jurisdiction may enter an injunction restraining the prosecution of such proceeding.

## NOTICE AND ADMINISTRATION FUND

40.     The Notice and Administration Fund shall be used by Lead Counsel or the Escrow Agent to pay the costs of notifying the Class, soliciting the filing of claims by Class Members, assisting them in making their claims, and otherwise administering the Settlement on behalf of the Class.

41.     As of the Effective Date, any balance, including interest, then remaining in the Notice and Administration Fund, less expenses incurred but not yet paid, shall be returned to the Settlement Fund.  Thereafter, Lead Counsel shall have the right to use such portions of the Settlement Fund as are, in their exercise of reasonable judgment, necessary to carry out the purposes set forth in ¶ 19 above.  The Notice and Administration Fund need not be a separate account from the Escrow Account, but the term is used herein to identify those funds in the Escrow Account allotted for notice and administrative expenses described herein.  At Defendants' request, such counsel shall provide Defendants with appropriate documentation of all out-of- pocket costs incurred in connection with providing notice to the Class and for other administrative expenses.

42.     If the Effective Date does not occur, except for failure of XL to pay the Settlement Amount, the balance of the Notice and Administration Fund that has not been expended, including all interest accrued thereon, shall be returned to XL.

## MISCELLANEOUS PROVISIONS

43.     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Settlement Stipulation and the terms of any exhibit hereto, the terms of this Settlement Stipulation shall prevail.

34

44.     This Settlement Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Settling Parties or their successors-in-interest.

45.     Neither the Settlement Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or the Order and Final Judgment or Alternative Judgment.

46.     All proceedings in the Litigation, except for proceedings relating to the Settlement, including without limitation an application by Lead Plaintiffs' counsel for approval of the Settlement, shall be suspended until all proceedings related to the Settlement are concluded.

47.     The parties to this Settlement Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against any of the Released Parties with respect to the Released Claims, and they intend the Settlement to be a final and complete release of any and all claims and rights.  Accordingly, Lead Plaintiffs, Defendants, and their counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure and shall not make any applications for sanctions pursuant to Rule 11 or any similar law, rule or regulation, that the Litigation was brought or defended in bad

faith or without a reasonable basis and further agree not to make any public statements that contradict such position. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

48. The waiver by one Settling Party of any breach of this Settlement Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Stipulation.

49. This Settlement Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among these parties, and no representations, warranties or inducements have been made to any party concerning this Settlement Stipulation, its exhibits or the Supplemental Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

50. This Settlement Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51. The Settling Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the District Court required by this Settlement Stipulation.

52. Each counsel signing this Settlement Stipulation represents that such counsel has authority to sign this Settlement Stipulation on behalf of each of their respective clients.

53. This Settlement Stipulation shall be binding upon and shall inure to the benefit of

36

the successors and assigns of the Settling Parties, including any and all Released Parties and any

corporation, partnership, or other entity into or with which any Settling Party hereto may merge,

consolidate or reorganize.  No assignment shall relieve any Settling Party hereto of obligations

hereunder.

54.     Notices required by this Settlement Stipulation shall be submitted either by any

form of overnight mail or in person to:

> Richard W. Gonnello
> Faruqi & Faruqi, LLP
> 369 Lexington Avenue, 10th Floor
> New York, New York 10017
> Counsel for the Class
>
> Phillip Kim
> The Rosen Law Firm, P.A.
> 275 Madison Ave., 34th Floor
> New York, New York 10016
> Counsel for the Class
>
> Eugene Licker
> Loeb & Loeb LLP
> 345 Park Avenue
> New York, NY 10154
> Counsel for FAB, Christopher J. Spencer, and John Busshaus

Notice shall be deemed effective upon receipt.

55.     The administration, consummation and enforcement of the Settlement as

embodied in this Settlement Stipulation shall be under the authority of the District Court, and the

Settling Parties intend that the District Court retain jurisdiction for the purpose of entering

orders, providing for awards of attorneys' fees and expenses to Lead Counsel, and enforcing the

terms of this Settlement Stipulation and the Settlement.

56.     The construction, interpretation, operation, effect and validity of this Settlement

Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws

of the State of New York without regard to conflicts of laws, except to the extent that federal law

requires that federal law governs.

57.     This Settlement Stipulation shall not be construed more strictly against one

Settling Party than another Settling Party merely by virtue of the fact that it, or any part of it,

may have been prepared by counsel for one of the Settling Parties, it being recognized that it is

the result of arm's-length negotiations between the Settling Parties and that all Settling Parties

have contributed substantially and materially to the preparation of this Settlement Stipulation.

**FARUQI & FARUQI, LLP**

By _____

Richard W. Gonnello
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

*Lead Counsel for Lead Plaintiffs and
the Class*

**THE ROSEN LAW FIRM, P.A.**

By _____

Laurence M. Rosen
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
(212) 686-1060

*Lead Counsel for Lead Plaintiffs and
the Class*

**LOEB & LOEB LLP**

By _____

Eugene Licker, Jonathan Strauss
345 Park Avenue
New York, NY 10154

*Counsel for FAB, Christopher J. Spencer,
and John Busshaus*

38

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK SIMMONS, Individually and on Behalf of all Others Similarly Situated, | Case No.: 13-CV-8216 (RWS) |
| Plaintiff, | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| v. | |
| CHRISTOPHER J. SPENCER, JOHN BUSSHAUS, and FAB UNIVERSAL CORP., | **EXHIBIT A** |
| Defendants. | |

WHEREAS, Lead Plaintiffs Qingping Deng, Michael Schivo, Joseph Caizzo, Frank Chung, Yang Lu, and Feng Chang (collectively "Lead Plaintiffs"), on behalf of all Class Members, on the one hand, and Defendants FAB Universal Corp. ("FAB"), Christopher J. Spencer, and John Busshaus (collectively "Defendants" and together with Lead Plaintiffs, the "Settling Parties"), on the other hand, by and through their respective counsel, have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving a settlement in the above-captioned class action (the "Litigation") in accordance with a Stipulation of Settlement dated as of July 10, 2015 (the "Settlement Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for settlement in the Litigation and for dismissal with prejudice of the Litigation as against Defendants;

WHEREAS, the Court, having read and considered the Settlement Stipulation and the exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

1.      The Court preliminarily approves the Settlement as being fair, reasonable and adequate, subject to further consideration at a hearing to be held before this Court on _____, 2015, at _____ ___.m. (a date at least 100 days from the date of entry of this Order) (the "Settlement Hearing") to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Settlement Stipulation is fair, reasonable and adequate and should be approved by the Court; whether the Order and Final Judgment, attached as Exhibit B to the Settlement Stipulation should be entered; whether the proposed Plan of Allocation is reasonable and should be approved; whether Lead Counsel's application for an attorneys' fees and expense award should be granted; whether Lead Plaintiffs' application and reimbursement of costs and expenses incurred as a result of their representation of the Class should be approved; to hear any objections by Class Members to the Settlement or proposed Plan of Allocation and to any award of fees and/or expenses to Lead Counsel and to Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

2.      The District Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each Class Member; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by

the District Court, Faruqi & Faruqi, LLP and The Rosen Law Firm, P.A., are hereby appointed as Class Counsel.

4.      The Class is defined as all persons who purchased the common stock and/or call options or sold put options of FAB between June 15, 2012 and November 21, 2013, both dates inclusive (the "Class Period").  Excluded from the Class are Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of FAB, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party.  Also excluded from the Class are Persons who suffered no compensable losses (such as Persons who purchased FAB common stock or options during the Class Period but sold prior to any partial corrective disclosure).

5.      The Court appoints Heffler Claims Group (the "Claims Administrator") to supervise and administer the notice procedure and processing of claims pursuant to the Settlement Stipulation.

6.      The Court approves the form of the Settlement Notice and Publication Notice, attached hereto as Exhibits A-1 and A-3, respectively, and finds that the mailing and distribution of the Settlement Notice and publishing of the Publication Notice meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled to notice.

7.      The Claims Administrator shall cause the Settlement Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed, by first-class mail, postage prepaid, on or before_____, 2015 (*i.e.*, within 20 days of the date of entry of this Order) ("Notice Date"), to all Class Members who can be identified through reasonable effort.  Lead Counsel shall cause the Claims Administrator to publish the Settlement Notice and Proof of Claim on a website designated for the Litigation. Lead Counsel shall serve on counsel for each of the Defendants and file with the Court, no later than thirty-five days before the Settlement Hearing, proof of mailing of the Settlement Notice and Proof of Claim.

8.      The Claims Administrator shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit A-3, to be published once in the national edition of the *Investor's Business Daily* and once over *GlobeNewswire*, within seven days of the Notice Date.  Lead Counsel shall, no later than thirty-five days before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

9.      The Claims Administrator shall be responsible for the receipt of all Proofs of Claim and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim and requests for exclusion from any Person in response to the notice.  The Claims Administrator shall scan and send electronically copies of all requests for exclusion from the Settlement in .pdf format (or such other format as shall be agreed) to counsel for each of the Defendants and to Lead Counsel expeditiously after the Claims Administrator receives such requests for exclusion.

10.     As part of their reply papers in support of their motion for final approval of the Settlement, Lead Counsel will provide a list of all Persons who have requested exclusion from the Class as defined in the consolidated complaint and all of the information provided to the Claims Administrator for those Persons requesting exclusion, and shall certify that all requests for exclusion received have been copied and provided to counsel for each of the Defendants and Lead Counsel.

11.     The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased FAB securities during the Class Period as record owners but not as beneficial owners.  Such nominees who hold or held FAB securities for beneficial owners who are members of the Class are directed (a) to provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased FAB securities during the Class Period within seven (7) days of receipt of the Settlement Notice, or (b) to send the Settlement Notice and Proof of Claim to the beneficial owners.  If the nominee owner elects to send the Settlement Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional

4

copies of the Settlement Notice and Proof of Claim within seven days of receipt of the Settlement Notice, and (ii) to mail the Settlement Notice and Proof of Claim within seven days of receipt of the copies of the Settlement Notice from the Claims Administrator, and upon such mailing the nominee owner shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Such nominee owners shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for the reasonable expenses of sending the Settlement Notice and Proof of Claim to the beneficial owners.

12.     All notice and administrative expenses shall be paid as set forth in the Settlement Stipulation.

13.     The Claims Administrator is authorized and directed to undertake the actions contemplated by the Settlement Stipulation, including the payment or reimbursement of any Taxes or Tax Expenses out of the Settlement Fund and the preparation of tax returns, without further order of the Court.

14.     Any Class Member who wishes to participate in the distribution(s) from the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proofs of Claim must be completed and submitted no later than seventy-five days from the Notice Date. Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund.

15.     All eligible persons who do not request exclusion from the Class at least twenty-one days prior to the Settlement Hearing, and in the form and manner set forth in the Settlement Stipulation and the Settlement Notice, will be bound by the Settlement Stipulation, including, but not limited to, the releases provided therein, and by any judgment or determination of the Court affecting the Class.

16.     All eligible persons requesting exclusion from the Class shall not be entitled to

receive any payment out of the Net Settlement Fund as described in the Settlement Stipulation and Settlement Notice.

17. Any eligible member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; provided, however, that no eligible member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and the Order and Final Judgment to be entered approving the same unless no later than twenty-one days prior to the date set for the Settlement Hearing, such eligible Class Member has served by hand, mail or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain proof of all purchases of FAB securities during the Class Period and price(s) paid) upon each of the following:

Richard W. Gonnello
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
Counsel for the Class

Phillip Kim
The Rosen Law Firm, P.A.
275 Madison Ave., 34th Floor
New York, New York 10016
Counsel for the Class

Eugene Licker
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Counsel for FAB, Christopher J. Spencer, and John Busshaus

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and counsel for each of the Defendants, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 18C, New York, NY 10007.

Persons who intend to object to the Settlement and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Settlement Hearing. Any party has the right to object to any testimony or other evidence which a Person objecting to the Settlement seeks to introduce.

18.     Unless the Court otherwise directs, no Class Member or other Person shall be entitled to object to the Settlement, or the Order and Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Settlement and by all proceedings, orders and judgment in the Litigation.

19.     Lead Counsel shall submit papers in support of final approval of the Settlement and its application for an attorneys' fees and expenses award by no later than 35 days prior to the date set for the Settlement Hearing. Reply papers addressing requests for exclusion or objections to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses, shall be due 7 days prior to the Settlement Hearing.

20.     Neither the Defendants nor their respective counsel shall have any responsibility for any Plan of Allocation of the Net Settlement Fund or any application for an attorneys' fees and expenses award submitted by Lead Counsel or for an award for Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement. Lead Counsel shall be responsible for the apportionment of fees and expenses amongst Lead Counsel.

21.     Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Released Claims against the Released Parties.

22.     The administration of the Settlement and the determination of all disputed

questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

23.     The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

24.     Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by the Defendants or any other Released Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or as an admission by the Lead Plaintiffs or any Class Members of any lack of merit of the allegations in the Litigation in any respect.

IT IS SO ORDERED.

Dated: New York, New York

_____, 2015


_____
Honorable Robert Sweet
United States District Court Judge
Southern District of New York

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK SIMMONS, Individually and on Behalf of all Others Similarly Situated,<br><br>              Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. SPENCER, JOHN BUSSHAUS, and FAB UNIVERSAL CORP.,<br><br>              Defendants. | Case No.: 13-CV-8216 (RWS)<br><br><br>**EXHIBIT A-1** |

## NOTICE OF PENDENCY AND
## <u>SETTLEMENT OF CLASS ACTION</u>

If you purchased the common stock and/or call option contracts of FAB Universal Corp. ("FAB"), or sold (wrote) put option contracts on FAB during the period between June 15, 2012 and November 21, 2013, both dates inclusive, you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this notice.*

- If approved by the Court, the Settlement will provide $1,500,000, plus interest earned thereon (the "Settlement Amount"), to pay claims of investors who purchased the common stock, call options, or sold put options of FAB during the period between June 15, 2012 and November 21, 2013, both dates inclusive (the "Class Period"), and were damaged thereby.

- The Settlement represents an average recovery of $0.04 per damaged share of FAB common stock. This estimate solely reflects the average recovery per damaged share of FAB. This is not an estimate of the actual recovery per share or options contract you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold FAB common stock or options and the total number of claims filed.

- Attorneys for the Lead Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount, and reimbursement of litigation expenses not to exceed $90,000. Lead Counsel also intends to ask the Court to grant Lead Plaintiffs awards not to exceed $10,000 in total. Collectively, the attorneys' fees and litigation expenses and the award to Lead Plaintiffs are estimated

to average $0.016 per damaged share of FAB common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after deduction of attorneys' fees and expenses and awards to Lead Plaintiffs approved by the Court, is an average of $0.024 per damaged share of FAB common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on the prices at which you purchased and sold FAB common stock or options and the number of Proof of Claim forms filed.

- The Settlement resolves the lawsuit as to whether FAB, Christopher J. Spencer, and John Busshaus (collectively, "Defendants") or Zhang Hongcheng violated the federal securities laws by misrepresenting the true financial condition of FAB. The Defendants deny the allegations in the lawsuit and deny any wrongdoing. The Defendants and Lead Plaintiffs disagree on liability and damages. Lead Plaintiffs believe that, if they prevailed on all their claims and the Court accepted their theory of damages, they would recover approximately $1.81 per share, before deductions for fees and expenses and assuming that the full amount of the judgment was collectable. Defendants believe that, if this matter is litigated, Plaintiffs are likely to recover nothing.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2015** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2015** | Get no payment. This is the only option that allows you to be part of any other lawsuit against Settling Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2015** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON _____ __, 2015** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

**INQUIRIES**

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class members should be directed to:

FAB UNIVERSAL CORP. SECURITIES LITIGATION
c/o Heffler Claims Group

P.O. Box 58970
Philadelphia, PA 19102-8970
www.FABUniversalSecuritiesLitigation.com
Toll Free: 844-491-5738

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.      Why did I get this Notice?**

You or someone in your family may have purchased the common stock, call options, or sold put options of FAB during the Class Period.

**2.      What is this lawsuit about?**

The case is known as *Simmons v. Spencer*, *et al.*, Case No. 13-cv-8216 (RWS) and the Court in charge of the case is the United States District Court for the Southern District of New York.

Defendants in this case are FAB and its officers Christopher J. Spencer and John Busshaus.  Lead Plaintiffs allege that the Defendants violated the federal securities laws by issuing materially false and misleading financial statements filed with the Securities and Exchange Commission.  The Defendants and Lead Plaintiffs disagree on liability and damages.  The Defendants deny any wrongdoing and deny that they can be held liable under the federal securities laws.  The Settlement resolves all of the claims against the Defendants in the Class Action.

**3.      What is a class action?**

In a class action, one or more persons and/or entities, called Lead Plaintiffs, sue on behalf of all persons and/or entities that have similar claims.  All of these persons and/or entities are referred to collectively as a Class, and these individual persons and/or entities are known as Class Members.  One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

**4.      Why is there a Settlement?**

Lead Plaintiffs and Defendants do not agree regarding the merits of Lead Plaintiffs'
allegations with respect to liability or the average amount of damages per share that
would be recoverable if Lead Plaintiffs were to prevail at trial on each claim.  The
issues on which the Lead Plaintiffs and Defendants disagree include:  (1) whether
Defendants issued materially false and misleading financial statements for FAB filed
with the Securities and Exchange Commission during the Class Period; (2) whether the
alleged materially false and misleading financial statements were made with fraudulent
intent; (3) whether the alleged materially false and misleading financial statements were
the cause of the Class Members' alleged damages; and (4) the amount of damages, if
any, suffered by the Class Members.

This matter has not gone to trial and the Court has not decided in favor of either Lead
Plaintiffs or Defendants.  Instead, Lead Plaintiffs and Defendants have agreed to settle
the Class Action.  The Lead Plaintiffs and Lead Counsel believe the Settlement is best
for all Class Members because of the risks associated with continued litigation and the
nature of the defenses raised by the Defendants.  Among the reasons that Lead Plaintiffs
and Lead Counsel believe the Settlement is fair are that there were risks in proving that
Defendants' financial statements were both materially false and misleading and made
with fraudulent intent, there were risks in proving damages, and Defendants' insurance
coverage was being depleted due to ongoing litigation.  Because of the potential
difficulty in enforcing and being able to collect from a judgment, even if Plaintiffs win
at trial, and also prevail on any on appeal, Plaintiffs might not be able to collect some, or
all, of any judgment they are awarded.  Moreover, while litigation of this type is usually
expensive, it appears that, even if Plaintiffs' allegations are eventually found to be true,
the total amount of damages to which Class Members are entitled could be substantially
reduced as the Plaintiffs and Defendants vastly differed on their view of damages.

**5.**      **How do I know if I am part of the Settlement?**

To be part of the Settlement, you must be a Class Member, which means that you must
have purchased the common stock, call options or sold put options of FAB during the
period between June 15, 2012 and November 21, 2013, inclusive, and suffered losses in

your investment as a result of the decline in the value of FAB securities.

**6.    Are there exceptions to being included?**

Yes.  You are not part of the Class if you are a Defendant, a member of any Defendant's immediate family, any entity in which any Defendant has a controlling interest, directors and officers of FAB, and the affiliates, legal representatives, heirs, predecessors, successors and assignees of any such excluded party.  Also, you are excluded from the Class if you suffered no compensable losses (such as persons who bought FAB securities during the Class Period but sold prior to any partial corrective disclosure).

**7.    What does the Settlement provide?**

**a.    What is the Settlement Fund?**

The proposed Settlement calls for Defendants to create a Settlement Fund (the "Settlement Fund") in the amount of $1,500,000.  The Settlement will not become effective unless it is approved by the Court.  Subject to the Court's approval, a portion of the Settlement Fund will be used to pay Lead Plaintiffs' attorneys' fees and reasonable litigation expenses and an award to the Lead Plaintiffs.  A portion of the Settlement Fund will also be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court.  After these deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

**b.    What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates on which you purchased and sold FAB common stock and/or options; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amounts awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and to Lead Plaintiffs.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not

affect the validity or finality of the proposed Settlement. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court on an objection filed by a Class Member, without further notice to the Class.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's compensable loss per share ("Recognized Claim"). The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The date of purchases or sale is the "contract" or "trade" date as distinguished from the "settlement" date. Therefore, you need to list all of the purchases and sales of FAB common stock and options that you made during the period between June 15, 2012 and November 21, 2013, inclusive. Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of that claimant's claim. No discovery shall be allowed on the merits of the Litigation.

Payments will be final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and will be barred from bringing any Released Claim against any Released Party, including Unknown Claims (as those terms are defined in the Proof of Claim enclosed with this Notice and in the Stipulation of Settlement, which is available on the Internet at www.FABUniversalSecuritiesLitigation.com, or through the mail upon

request to the Claims Administrator).

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in FAB during the Class Period, the value of the Recognized Claim will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in FAB during the Class Period, but that trading loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Claim, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must list all of the purchases and sales of FAB common stock and options that you made during the time period from June 15, 2012 through and including November 21, 2013.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation of Settlement and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount

allocated to them as provided in any distribution orders entered by the Court.

     **c.**     **Are there any further limitations on the amount I may receive?**

    i)   An Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim described above.  If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total of the Recognized Claim of all Authorized Claimants.

    ii)   For Class Members who conducted multiple transactions in FAB during the Class Period, the earliest subsequent sale shall be matched first against those shares in the Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase made during the Class Period.

    iii)   The purchase and sales prices exclude any brokerage commissions, transfer taxes or other fees.

    iv)   The covering purchase of a short sale is not an eligible purchase.

    v)   Claims calculating to an award amount less than $10.00 will **NOT** be paid.

**8.**    **How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release" ("Proof of Claim") form.  The Proof of Claim form accompanies this Notice.  You may also obtain a Proof of Claim form on the Internet at www.FABUniversalSecuritiesLitigation.com.  Read the instructions carefully, fill out the Proof of Claim form, sign it in the location indicated, and mail it together with all documentation requested therein, postmarked no later than_____, 2015, to:

FAB UNIVERSAL CORP. SECURITIES LITIGATION
c/o Heffler Claims Group
P.O. Box 58970
Philadelphia, PA 19102-8970

The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."  Note that claims calculating to an award less than $10.00 will

**NOT** be paid.

**9.     What is the Plan of Allocation?**

The Plan of Allocation was developed by Lead Counsel with an expert who estimated the amount of inflation per share of common stock in the daily closing market prices for FAB common stock for each day of the Class Period based on Lead Plaintiffs' allegations.  In computing the inflation per share, Lead Plaintiffs' expert considered price changes of FAB common stock in reaction to certain public announcements regarding FAB and adjusted the price changes in FAB for changes that were attributable to market and industry forces.

## PLAN OF ALLOCATION

**I.     GENERAL PROVISIONS**

    **A.     DEFINITIONS**

        1.     The term "market loss" means the amount by which the actual purchase price is greater than the actual sale or holding price of FAB common stock or call options.  For put options, "market loss" means the amount by which the price to close the position or holding price is greater than the actual sale price.

        2.     The term "market profit" means the amount by which the actual purchase price is less than the actual sale or holding price of FAB common stock or call options.  For put options, "market profit" means the amount by which the price to close the position or holding price is less than the actual sale price.

        3.     The terms "net market loss" and "net market profit" mean any market loss or profit that occurs from the trading of FAB common stock or options during the Class Period, as discussed in "Computation of Net Recognized Loss For Each Class Member" below.

        4.     The term "Recognized Loss," as used herein, is not market loss or

net market loss. Rather, it is a calculation to arrive at a loss figure for purposes of calculating an Authorized Claimant's pro rata participation in the Net Settlement Fund as described below.

5. The term "Net Settlement Fund" means the Settlement Fund less (i) Court awarded attorney's fees and expenses; (ii) Notice and Administration Expenses; (iii) any required Taxes; and (iv) any other fees or expenses approved by the Court.

6. Any capitalized terms not defined herein shall have the definitions assigned in the Stipulation and Agreement of Settlement.

**B. CLASS DEFINITION**

The Class includes all persons and entities who purchased FAB common stock or call options or sold put options between June 15, 2012 and November 21, 2013, both dates inclusive, and who were damaged thereby. The Class does not include:

a. Defendants, members of any Defendant's immediate family, any entity in which any Defendant has a controlling interest, directors and officers of FAB, and the affiliates, legal representatives, heirs, predecessors, successors and assignees of any such excluded party;

b. Short sellers; or

c. Any person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements to be set forth in the Notice.

**C. TO RECEIVE A DISTRIBUTION FROM THE NET SETTLEMENT FUND, A CLASS MEMBER MUST:**

1. Establish membership in the Class; that is, have purchased FAB common stock or call options or sold put options during the Class Period and have sustained damages as a result of those transactions;

2. Have a Recognized Loss as calculated by the Claims

Administrator;

3. Complete and sign the Proof of Claim form and supply all required documentation; and

4. Submit the completed and signed Proof of Claim form and all required documentation to the Claims Administrator so that it is postmarked on or before: _____, 2015.

### D. EACH PROOF OF CLAIM MUST SEPARATELY SET FORTH

1. The claimant's position in FAB common stock or options as of the close of trading on June 14, 2012, the day before the first day of the Class Period; and

2. Each transaction, *i.e.*, purchase or sale of FAB common stock or options, during the Class Period and through November 21, 2013.

## II. BASIS FOR RECOGNIZED LOSS FOR CLAIMS

A "Recognized Loss" will be calculated for each purchase of FAB common stock or call options or sale of put options that occurred during the Class Period, is listed on the Proof of Claim form, and for which adequate documentation is provided.

The Recognized Loss for each claimant's transactions will be calculated by the Claims Administrator in consultation with Lead Counsel and in accordance with the provisions of this Plan of Allocation.

### A. COMPUTATION OF RECOGNIZED LOSSES FOR CLASS PERIOD TRANSACTIONS

For purposes of developing the Plan of Allocation, Lead Counsel relied on an expert who estimated the amount of inflation per share of common stock in the daily closing market prices for FAB common stock for each day of the Class Period based on Lead Plaintiffs' allegations. In computing the inflation per share, Lead Plaintiffs' expert considered price changes of FAB common stock in reaction to certain public announcements regarding FAB and adjusted the price changes in FAB for

11

changes that were attributable to market and industry forces.

**B.** **USE OF "FIFO" METHODOLOGY FOR COMPUTATION OF RECOGNIZED LOSSES FOR CLASS MEMBERS WHO MADE MULTIPLE TRANSACTIONS IN FAB COMMON STOCK OR OPTIONS DURING THE CLASS PERIOD**

For Class Members who made multiple purchases and/or sales of FAB common stock or options during the Class Period, the earliest subsequent sale shall be matched first against the claimant's closing position the day before the first day of the Class Period, and then matched chronologically thereafter against each purchase or acquisition made during the Class Period.

**C.** **PAYMENTS LESS THAN $10**

A payment to a Class Member that would amount to less than $10.00 in total will not be paid and will not be included in the calculation of the Net Settlement Fund.

**III.** **RECOGNIZED LOSS FOR COMMON STOCK**

**A.** **For each share of FAB common stock purchased during the Class Period, the Recognized Loss per share will be computed as follows:**

1. If sold on or before September 30, 2013, the Recognized Loss per share is $0.

2. If sold between October 1, 2013 (the first alleged corrective disclosure), and November 21, 2013 (the end of the Class Period), the Recognized Loss per share is the lesser of (but not less than zero): (i) the artificial inflation at purchase (as shown in Table 1 below) minus the artificial inflation at sale (as shown in Table 1); or (ii) the purchase price minus the sale price.

If still held as of the close of trading on November 21, 2013, the Recognized Loss per share is the lesser of (but not less than zero): (i) the artificial inflation at purchase (as shown in Table 1 below); or (ii) the purchase price minus $3.07 (the closing price on November 21, 2013).

<u>**TABLE 1**</u>
<u>**Transaction Period**</u>

| Start Date | End Date | Artificial Inflation |
|:---:|:---:|:---:|
| Fri, Jun 15, 2012 | Tue, Oct 01, 2013 | $5.16 |
| Wed, Oct 02, 2013 | Fri, Oct 04, 2013 | $3.78 |
| Mon, Oct 07, 2013 | Wed, Nov 13, 2013 | $3.25 |
| Thu, Nov 14, 2013 | Thu, Nov 14, 2013 | $2.74 |
| Fri, Nov 15, 2013 | Mon, Nov 18, 2013 | $2.48 |
| Tue, Nov 19, 2013 | Tue, Nov 19, 2013 | $1.58 |
| Wed, Nov 20, 2013 | Thu, Nov 21, 2013 | $1.11 |
| Fri, Nov 22, 2013 | Fri, Nov 22, 2013 | $0.00 |

## IV. RECOGNIZED LOSS FOR OPTIONS CONTRACTS

Exchange-traded options are typically traded in units called contracts. Each contract entitles the option buyer/owner to 100 shares of the underlying stock upon exercise or expiration. For FAB options, a unit is an option with one hundred shares of FAB common stock as the underlying security.

For call and put options held through at least one corrective disclosure date, the Recognized Loss (Gain) shall be calculated as follows:

### A. Calculation of Recognized Loss Per Call Option Contract

For publicly traded call options on FAB common stock purchased during the Class Period (and not purchased to close a written call), and held open through at least one corrective disclosure date, the Recognized Loss for each purchase transaction will be computed (using FIFO matching) as follows (but not less than zero):

1.  If closed (through sale, exercise or expiration) on or before September 30, 2013, the day before the first alleged corrective disclosure, the Recognized Loss for call options matched to such sales is zero.

2.  If closed (through sale, exercise or expiration) between October 1, 2013 and November 21, 2013 (the end of the Class Period), both dates inclusive, the Recognized Loss per call option is the lesser of: (i) the Recognized Loss at purchase (as shown in Table 2 below) minus the Recognized Loss at sale (as shown in Table 2); or (ii) the purchase price minus the price on closing.

13

3. If open as of the close of trading on November 21, 2013, the Recognized Loss equals the number of call options purchased multiplied by the lesser of: (i) the purchase price per call option minus the Holding Price (as shown in Table 2) multiplied by 100; or (ii) the Recognized Loss per call option still held over an alleged corrective disclosure day (as shown in Table 2) multiplied by 100.

**Table 2**

Recognized Loss and Holding Prices for FAB Call Options

| | | | Recognized Loss | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Expiration Date | Exercise Price | Holding Price | Jun 15, 2012 to Oct 1, 2013 | Oct 2, 2013 to Oct 4, 2013 | Oct 7, 2013 to Nov 13, 2013 | Nov 14, 2013 to Nov 14, 2013 | Nov 15, 2013 to Nov 18, 2013 | Nov 19, 2013 to Nov 19, 2013 | Nov 20, 2013 to Nov 21, 2013 | Nov 22, 2013 to Nov 22, 2013 |
| 10/19/13 | $2.50 | --- | $1.70 | $0.42 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $5.00 | --- | $1.52 | $0.34 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $7.50 | --- | $0.43 | $0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $10.00 | --- | $0.08 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $12.50 | --- | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $15.00 | --- | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $2.50 | --- | $2.43 | $1.18 | $0.65 | $0.24 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $5.00 | --- | $1.89 | $0.72 | $0.40 | $0.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $7.50 | --- | $0.89 | $0.29 | $0.18 | $0.18 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $10.00 | --- | $0.46 | $0.16 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $12.50 | --- | $0.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $15.00 | --- | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/21/13 | $2.50 | $0.57 | $2.81 | $2.81 | $2.81 | $2.44 | $2.18 | $1.40 | $0.93 | $0.00 |
| 12/21/13 | $5.00 | $0.00 | $1.19 | $1.19 | $1.19 | $1.19 | $0.94 | $0.56 | $0.25 | $0.00 |
| 12/21/13 | $7.50 | $0.00 | $0.56 | $0.56 | $0.56 | $0.56 | $0.30 | $0.20 | $0.08 | $0.00 |
| 12/21/13 | $10.00 | $0.00 | $0.20 | $0.20 | $0.20 | $0.20 | $0.08 | $0.08 | $0.00 | $0.00 |
| 12/21/13 | $12.50 | $0.00 | $0.03 | $0.03 | $0.03 | $0.03 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/18/14 | $2.50 | $0.57 | $4.18 | $2.96 | $2.56 | $2.21 | $2.00 | $1.27 | $0.80 | $0.00 |
| 1/18/14 | $5.00 | $0.00 | $2.40 | $1.49 | $1.26 | $1.26 | $1.01 | $0.66 | $0.33 | $0.00 |
| 1/18/14 | $7.50 | $0.00 | $1.24 | $0.69 | $0.53 | $0.53 | $0.38 | $0.18 | $0.08 | $0.00 |
| 1/18/14 | $10.00 | $0.00 | $0.92 | $0.52 | $0.39 | $0.39 | $0.33 | $0.20 | $0.08 | $0.00 |
| 1/18/14 | $12.50 | $0.00 | $0.47 | $0.27 | $0.22 | $0.22 | $0.13 | $0.08 | $0.00 | $0.00 |
| 1/18/14 | $15.00 | $0.00 | $0.15 | $0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/19/14 | $2.50 | $0.57 | $3.74 | $2.54 | $2.30 | $1.91 | $1.91 | $1.30 | $0.83 | $0.00 |
| 4/19/14 | $5.00 | $0.00 | $2.79 | $1.76 | $1.42 | $1.33 | $1.30 | $0.82 | $0.35 | $0.00 |
| 4/19/14 | $7.50 | $0.00 | $1.59 | $1.01 | $0.88 | $0.88 | $0.76 | $0.45 | $0.20 | $0.00 |
| 4/19/14 | $10.00 | $0.00 | $0.99 | $0.52 | $0.44 | $0.44 | $0.41 | $0.28 | $0.05 | $0.00 |
| 4/19/14 | $12.50 | $0.00 | $0.92 | $0.56 | $0.51 | $0.51 | $0.48 | $0.35 | $0.10 | $0.00 |
| 4/19/14 | $15.00 | $0.00 | $0.51 | $0.28 | $0.28 | $0.28 | $0.25 | $0.18 | $0.03 | $0.00 |
| 7/19/14 | $2.50 | $0.57 | $1.22 | $1.22 | $1.22 | $1.22 | $1.22 | $1.22 | $0.75 | $0.00 |
| 7/19/14 | $5.00 | $0.00 | $0.82 | $0.82 | $0.82 | $0.82 | $0.82 | $0.82 | $0.35 | $0.00 |
| 7/19/14 | $7.50 | $0.00 | $0.48 | $0.48 | $0.48 | $0.48 | $0.48 | $0.48 | $0.28 | $0.00 |
| 7/19/14 | $10.00 | $0.00 | $0.35 | $0.35 | $0.35 | $0.35 | $0.35 | $0.35 | $0.15 | $0.00 |

**B.** **CALCULATION OF RECOGNIZED LOSS PER PUT OPTION CONTRACT**

For publicly traded put options on FAB common stock written during the Class Period, the Recognized Loss for each transaction will be computed (using FIFO matching) as follows (but not less than zero):

1. If closed (through purchase, exercise or expiration) on or before September 30, 2013, the day before the first alleged corrective disclosure, the Recognized Loss for put options matched to such sales is zero.

2. If closed (through purchase, exercise or expiration) between October 1, 2013 and November 21, 2013 (the end of the Class Period), both dates inclusive, the Recognized Loss per put option is the lesser of: (i) the Recognized Loss on the date of sale (as shown in Table 3 below) minus the Recognized Loss on the date closed (as shown in Table 3); or (ii) the price per put option on closing minus the price per put option on sale.

3. If open as of the close of trading on November 21, 2013, the Recognized Loss equals the number of put options written multiplied by the lesser of: (i) the Holding Price per put option (as shown in Table 3) minus the sale price per put option multiplied by 100; or (ii) the Recognized Loss per put option held open over an alleged corrective disclosure date (as shown in Table 3) multiplied by 100.

16

**Table 3**

**Recognized Loss and Holding Prices for FAB Put Options**

| Expiration Date | Exercise Price | Holding Price | Recognized Loss | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun 15, 2012 to Oct 1, 2013 | Oct 2, 2013 to Oct 4, 2013 | Oct 7, 2013 to Nov 13, 2013 | Nov 14, 2013 to Nov 15, 2013 | Nov 15, 2013 to Nov 18, 2013 | Nov 19, 2013 to Nov 19, 2013 | Nov 20, 2013 to Nov 21, 2013 | Nov 22, 2013 to Nov 22, 2013 |
| 10/19/13 | $2.50 | --- | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $5.00 | --- | $0.21 | $0.11 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $7.50 | --- | $1.38 | $0.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $10.00 | --- | $1.59 | $0.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $12.50 | --- | $1.67 | $0.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/19/13 | $15.00 | --- | $1.72 | $0.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $2.50 | --- | $0.08 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $5.00 | --- | $0.59 | $0.39 | $0.23 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $7.50 | --- | $1.54 | $0.91 | $0.54 | $0.03 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $10.00 | --- | $1.95 | $1.05 | $0.64 | $0.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $12.50 | --- | $2.26 | $1.16 | $0.76 | $0.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/16/13 | $15.00 | --- | $2.42 | $1.27 | $0.76 | $0.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/21/13 | $2.50 | $0.00 | $0.53 | $0.53 | $0.53 | $0.28 | $0.28 | $0.20 | $0.15 | $0.00 |
| 12/21/13 | $5.00 | $1.93 | $2.03 | $2.03 | $2.03 | $1.52 | $1.52 | $1.13 | $0.75 | $0.00 |
| 12/21/13 | $7.50 | $4.43 | $2.62 | $2.62 | $2.62 | $2.11 | $2.11 | $1.42 | $0.96 | $0.00 |
| 12/21/13 | $10.00 | $6.93 | $2.79 | $2.79 | $2.79 | $2.27 | $2.27 | $1.46 | $1.01 | $0.00 |
| 12/21/13 | $12.50 | $9.43 | $2.97 | $2.97 | $2.97 | $2.46 | $2.33 | $1.52 | $1.06 | $0.00 |
| 1/18/14 | $2.50 | $0.00 | $0.82 | $0.69 | $0.69 | $0.38 | $0.38 | $0.30 | $0.23 | $0.00 |
| 1/18/14 | $5.00 | $1.93 | $2.13 | $1.86 | $1.72 | $1.21 | $1.21 | $0.83 | $0.63 | $0.00 |
| 1/18/14 | $7.50 | $4.43 | $3.22 | $2.62 | $2.30 | $1.79 | $1.79 | $1.26 | $0.85 | $0.00 |
| 1/18/14 | $10.00 | $6.93 | $3.76 | $2.96 | $2.64 | $2.13 | $2.13 | $1.42 | $0.96 | $0.00 |
| 1/18/14 | $12.50 | $9.43 | $3.83 | $3.03 | $2.77 | $2.25 | $2.13 | $1.42 | $0.96 | $0.00 |
| 1/18/14 | $15.00 | $11.93 | $4.25 | $3.15 | $2.83 | $2.32 | $2.13 | $1.42 | $0.96 | $0.00 |
| 4/19/14 | $2.50 | $0.00 | $0.67 | $0.67 | $0.67 | $0.56 | $0.40 | $0.28 | $0.20 | $0.00 |
| 4/19/14 | $5.00 | $1.93 | $2.07 | $1.80 | $1.64 | $1.18 | $1.06 | $0.71 | $0.43 | $0.00 |
| 4/19/14 | $7.50 | $4.43 | $2.63 | $2.13 | $2.03 | $1.52 | $1.36 | $0.91 | $0.60 | $0.00 |
| 4/19/14 | $10.00 | $6.93 | $3.12 | $2.47 | $2.36 | $1.85 | $1.67 | $1.06 | $0.65 | $0.00 |
| 4/19/14 | $12.50 | $9.43 | $3.57 | $2.72 | $2.57 | $2.05 | $1.87 | $1.21 | $0.75 | $0.00 |
| 4/19/14 | $15.00 | $11.93 | $3.85 | $2.85 | $2.64 | $2.13 | $1.88 | $1.22 | $0.75 | $0.00 |
| 7/19/14 | $2.50 | $0.00 | $0.23 | $0.23 | $0.23 | $0.23 | $0.23 | $0.23 | $0.18 | $0.00 |
| 7/19/14 | $5.00 | $1.93 | $0.61 | $0.61 | $0.61 | $0.61 | $0.61 | $0.61 | $0.38 | $0.00 |
| 7/19/14 | $7.50 | $4.43 | $0.81 | $0.81 | $0.81 | $0.81 | $0.81 | $0.81 | $0.50 | $0.00 |
| 7/19/14 | $10.00 | $6.93 | $0.71 | $0.71 | $0.71 | $0.71 | $0.71 | $0.71 | $0.35 | $0.00 |

17

C. **COMPUTATION OF NET RECOGNIZED OPTIONS LOSS**

The Recognized Loss for each Class member with respect to the purchase of a FAB call option or the sale of a FAB put option is calculated by multiplying the number of options contracts by the appropriate Recognized Loss per option contract, as set forth above. The Net Recognized Options Loss (Gain) equals the sum of all Recognized Losses and all Recognized Gains for all transactions in FAB options contracts.

## V. COMPUTATION OF NET RECOGNIZED LOSS FOR EACH AUTHORIZED CLAIMANT

The Net Recognized Loss (Gain) equals the sum of the Net Recognized Common Stock Loss (Gains) and the Net Recognized Options Loss (Gains), each separately calculated as set forth above.

If there is a Net Recognized Loss for all of a Claimant's transactions in the eligible securities, the Claims Administrator will then compute the Recognized Claim for each Authorized Claimant. The Recognized Claim for an Authorized Claimant will be based on the Claimant's pro-rata share of the Net Settlement Fund. The Claimant's Recognized Claim will be calculated by multiplying the Net Settlement Fund by a fraction, the numerator of which is the Claimant's Recognized Loss and the denominator of which is the aggregate Recognized Losses of all Authorized Claimants.

The Recognized Claim Amount received by an Authorized Claimant will exceed his, her, or its Recognized Loss only in the unlikely event that the Net Settlement Fund exceeds the aggregate Total Recognized Losses of all Authorized Claimants.

## VI. DISTRIBUTION OF THE NET SETTLEMENT FUND

The Net Recognized Loss will be used for calculating the relative amount of participation by Authorized Claimants in the Net Settlement Fund and does not reflect the actual amount an Authorized Claimant can expect to recover from the

18

Net Settlement Fund.  In such event, each Authorized Claimant shall receive his, her, or its, pro rata share of the Net Settlement Fund, which shall be his, her, or its Net Recognized Loss divided by the total of all Net Recognized Losses, multiplied by the total amount in the Settlement Fund.

**10. How can I get more information?**

You can get more information by contacting the Claims Administrator at 844-491-5738.  A copy of the Stipulation of Settlement that has been filed with the Court and related documents can be found on the Litigation's website at www.FABUniversalSecuritiesLitigation.com.  Copies of Lead Plaintiffs' motions for final approval of the Settlement and Lead Counsel's motion for an award of attorneys' fees and expenses will be posted on the Litigation's website promptly after they have been filed with the Court.

**11. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain in the Class.  That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all Released Claims against the Released Parties.

"Released Claims" means any and all claims, debts, demands, rights, liabilities and causes of action of every nature and description, known or Unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, whether arising under federal, state, common or foreign law, which now exist or heretofore have existed, arising from or relating in any manner to (i) the purchase or acquisition of FAB common stock or other FAB securities during the Class Period, and (ii) the allegations, transactions, facts, matters, occurrences, events, acts, disclosures, statements, representations or omissions alleged, asserted, set forth, or referred to in the Litigation or any pleadings or briefs filed therein, including, without limitation, all claims arising out of or relating to any disclosures, public filings or statements by any of the Defendants or Zhang Hongcheng during the Class Period, or relating to the Class Period and the allegations in this Action (including

the disclosures set forth in FAB's reports on Form 8-K dated August 12, 2014 and February 10, 2015).

"Released Parties" means Defendants and Zhang Hongcheng and (i) members of their immediate families, including without limitation marital communities and spouses, and their respective heirs, executors, estates, and administrators; (ii) any of their current, former, or future parents, subsidiaries, affiliates, divisions, partners, joint venturers, officers, directors, principals, shareholders, members, employees, predecessors, successors, assigns and agents (acting in their capacity as agents); and (iii) attorneys, accountants, advisors, insurers (including but not limited to XL Specialty Insurance Company or its successors and assigns ("XL")), reinsurers, agents (acting in their capacity as agents), associates; and (iv) any other individual or entity in which any Defendant or Zhang Hongcheng has a controlling interest or which is related to or affiliated with any of the Defendants or their current, former, and future legal representatives, heirs, successors in interest or assigns.

"Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by such party, might have affected such party's decision(s) with respect to this Settlement. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and the Class Members may hereafter discover facts in addition to or different from this which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff and the Class Members, upon the Effective Date, by operation of the Order and Final Judgment, shall have fully, finally, and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

**If you do not exclude yourself from the Settlement, you will be considered to have agreed to the Release unless you exclude yourself from the Settlement by following the instructions in the answer to the following question.**

12.    **How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own based on the legal claims raised in this Class Action, then you must take steps to get out of the Settlement.  This is called excluding yourself from -- or "opting out" of -- the Settlement.  To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class Member from *Simmons v. Spencer, et al.*, Case No. 13-cv-8216 (RWS).  Be sure to include your name, address, telephone number and your signature, along with an accurate list of all of your purchases and sales of FAB common stock and options and supporting account documentation (*e.g.*, brokerage account statements and trade confirmations) showing proof of your purchases and sales during the Class Period.  You must mail your exclusion request, so that it is **received** no later than_____, 2015, to:

FAB UNIVERSAL CORP. SECURITIES LITIGATION
c/o Heffler Claims Group
P.O. Box 58970
Philadelphia, PA 19102-8970

You cannot exclude yourself by telephone or by e-mail.  If you properly exclude yourself, you will not receive a payment from the Settlement, you cannot object to the Settlement and, you will not be legally bound by anything that happens in this Class Action.

**13.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Defendants for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Class to continue your own lawsuit.

**14.    Do I have a lawyer in this case?**

The Court appointed Faruqi & Faruqi, LLP and The Rosen Law Firm, P.A. to represent you and the other Class Members.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.  Contact information for Lead Counsel is provided in the response to question 16, below.

**15.    How will the lawyers be paid?**

Lead Counsel and counsel working under their direction have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the litigation themselves with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund.  Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third of the Settlement Amount, and for reimbursement of reasonable litigation expenses not to exceed $90,000.  The Court may award less than

these amounts.  Any amounts awarded by the Court will come out of the Settlement Fund.

16.     **How do I tell the Court that I do not like the Settlement or any part of it?**

You can tell the Court you do not agree with the Settlement, or any part of it, including the proposed Plan of Allocation or the proposed award of attorneys' fees to Lead Counsel by mailing a letter stating that you object to the Settlement in: *Simmons v. Spencer, et al.*, Case No. 13-cv-8216 (RWS).  Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of FAB common stock and options in order to show your membership in the Class, and all of the reasons you object to the Settlement.  For the Court to consider your views, you must mail your objections to each of the addresses listed below so that it they are **received** no later than_____, 2015:

| COURT | PLAINTIFFS' COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District New York<br>500 Pearl Street<br>New York, NY 10007 | Richard W. Gonnello<br>Faruqi & Faruqi, LLP<br>369 Lexington Avenue, 10th Floor<br>New York, New York 10017<br>*Lead Counsel for Class*<br><br>Phillip Kim<br>The Rosen Law Firm, P.A.<br>275 Madison Ave., 34th Floor<br>New York, New York 10016<br>*Lead Counsel for Class* | Eugene Licker<br>Loeb & Loeb LLP<br>345 Park Avenue<br>New York, NY 10154<br>*Counsel for FAB, Christopher J. Spencer, and John Busshaus* |

17.     **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement.  You can object only if you stay in the Class.  Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement.  If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.

18.     **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on_____, 2015, at    :   _.m., at the United States District Court for the Southern District, 500 Pearl Street, Courtroom 18C, New York, New York 10007.

At the Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement.  If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the Settlement Hearing.  The Court may also decide how much money to award Lead Counsel for attorneys' fees and expenses and how much money to award Lead Plaintiffs.  The Court may adjourn or postpone the date of the Settlement Hearing without further notice to the Class.

19.     **Do I have to come to the Settlement Hearing?**

No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.  If, however, you, or an attorney you hire, intend to appear at the Settlement Hearing, you must indicate that you will do so in the letter containing your objections or in a separate letter which must be sent to the same persons by the same deadline as in question 16 above..

20.     **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this case ever again if the Settlement is approved.

DATED:_____, 2015.

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

24

EXHIBIT A-2

FAB UNIVERSAL CORP. SECURITIES LITIGATION

c/o Heffler Claims Group

P.O. Box 58970

Philadelphia, PA 19102-8970

Toll Free: 844-491-5738

www.FABUniversalSecuritiesLitigation.com

PROOF OF CLAIM AND RELEASE

Deadline for Submission: _____

IF YOU PURCHASED THE COMMON STOCK AND/OR CALL OPTIONS OF FAB UNIVERSAL CORP. ("FAB") OR SOLD (WROTE) PUT OPTIONS ON FAB DURING THE PERIOD BETWEEN JUNE 15, 2012 AND NOVEMBER 21, 2013, INCLUSIVE (THE "CLASS PERIOD"), YOU MAY BE A "CLASS MEMBER" AND ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO HEFFLER CLAIMS GROUP, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

FAB UNIVERSAL CORP. SECURITIES LITIGATION

c/o Heffler Claims Group

P.O. Box 58907

Philadelphia, PA 19102

YOUR FAILURE TO SUBMIT YOUR PROOF OF CLAIM FORM AND THE SUPPORTING DOCUMENTATION BY _____, 2015 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL **NOT** BE PAID.

CLAIMANT'S STATEMENT

1. I (we) purchased the common stock, call options, or sold put options in FAB and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase the common stock, call options, or sold put options of FAB during the designated Class Period.)

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Actions or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of FAB common stock and options contracts during the Class Period, and each sale, if any, of FAB common stock and options contracts. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of FAB common stock and options contracts listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as defined in the Stipulation of Settlement.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 844-491-5738 or the website designated for the Litigation at www.FABUniversalSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

FAB Universal Corp.

## I. CLAIMANT INFORMATION

| Name |
| --- |
| |
| |

| Address |
| --- |
| |
| |

| City | State | ZIP |
| --- | --- | --- |
| | | |

| Foreign Province | Foreign Country |
| --- | --- |
| | |

| Day Phone | Evening Phone |
| --- | --- |
| | |

| Email |
| --- |
| |

| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
| --- | --- | --- |
| | | |

## II. SCHEDULE OF TRANSACTIONS IN FAB COMMON STOCK

Beginning Holdings:

A. State the total number of shares of FAB common stock owned at the close of trading on June 14, 2012, long or short (*must be documented).*

Purchases:

B. Separately list each and every purchase of FAB common stock during the period from June 15, 2012 through November 21, 2013, inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |

Sales:

C. Separately list each and every sale of FAB common stock during the period June 15, 2012 through November 21, 2013, inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |

Ending Holdings:

D. State the total number of shares of FAB common stock owned at the close of trading on November 21, 2013, long or short (*must be documented).*

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.

III.    SCHEDULE OF TRANSACTIONS IN FAB OPTIONS

Number of FAB Call Options held at the close of trading on June 14, 2012: _____.

I purchased the following CALL OPTIONS on FAB during the period from June 15, 2012 - November 21, 2013, inclusive, and, if applicable, such options were exercised as follows:

| Date of Purchase or Exercise Month/Day/Year | Number of Contracts | Expiration Date Month/Year | Strike Price | Principal Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

I sold the following CALL OPTIONS on FAB during the period from June 15, 2012 - November 21, 2013, inclusive, and, if applicable, such options were exercised as follows:

| Date of Purchase or Exercise Month/Day/Year | Number of Contracts | Expiration Date Month/Year | Strike Price | Principal Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Number of FAB Call Options held at the close of trading on November 21, 2013: _____.

FAB Universal Corp.

Number of FAB Put Options held at the close of trading on June 14, 2012: _____.

I sold the following PUT OPTIONS on FAB during the period from June 15, 2012 - November 21, 2013, inclusive, and, if applicable, such options were exercised as follows:

| Date of Purchase or Exercise Month/Day/Year | Number of Contracts | Expiration Date Month/Year | Strike Price | Principal Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

I purchased the following PUT OPTIONS on FAB during the period from June 15, 2012 - November 21, 2013, inclusive, and, if applicable, such options were exercised as follows:

| Date of Purchase or Exercise Month/Day/Year | Number of Contracts | Expiration Date Month/Year | Strike Price | Principal Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Number of FAB Put Options held at the close of trading on November 21, 2013: _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.  NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL **NOT** BE PAID.

IV.    SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

### a. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN_____, 2015  AND MUST BE MAILED TO:

FAB UNIVERSAL CORP. SECURITIES LITIGATION
c/o Heffler Claims Group
P.O. Box 58970
Philadelphia, PA 19102-8970
Toll Free: (844) 491-5738

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by_____, 2015 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 6.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use a highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK SIMMONS, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. SPENCER, JOHN BUSSHAUS, and FAB UNIVERSAL CORP.,<br><br>Defendants. | Case No.: 13-CV-8216 (RWS)<br><br><br>**EXHIBIT A-3** |

## SUMMARY NOTICE OF PROPOSED
## <u>CLASS ACTION SETTLEMENT</u>

**TO:  ALL PERSONS WHO PURCHASED THE COMMON STOCK AND/OR CALL OPTIONS OF FAB UNIVERSAL CORP. ("FAB"), OR SOLD (WROTE) PUT OPTIONS ON FAB DURING THE PERIOD FROM JUNE 15, 2012 THROUGH NOVEMBER 21, 2013, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York in the above-captioned action (the "Litigation"), that a hearing will be held on_____at ___.m. in courtroom 18C before the Honorable Robert W. Sweet, United States District Judge of the Southern District of New York, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing") for the purpose of determining: (1) whether the proposed Settlement between Lead Plaintiffs and Defendants FAB Universal Corp. ("FAB"), Christopher J. Spencer, and John Busshaus (collectively, "Defendants") consisting of the sum of $1,500,000, should be approved by the Court as fair, reasonable, and

Page **1** of **3**

adequate; (2) whether the proposed plan to distribute the settlement proceeds is fair, reasonable and adequate; (3) whether the application for an award of attorneys' fees of one-third of the Settlement Amount, reimbursement of expenses of not more than $90,000, and awards to Lead Plaintiffs not to exceed a total of $10,000 should be approved; and (4) whether the Litigation should be dismissed with prejudice.

If you purchased the common stock and/or call options of FAB or sold (wrote) put options on FAB during the period between June 15, 2012 and November 21, 2013, inclusive, your rights may be affected by the Settlement of this Litigation. If you have not received a detailed Notice of Pendency and Settlement of Class Action (the "Settlement Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to FAB Universal Corp. Securities Litigation, c/o Heffler Claims Group, PO Box 58970, Philadelphia, PA 19102-8970. If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than _____, 2015, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Litigation whether or not you make a claim. NOTE THAT CLAIMS AMOUNTING TO AN AWARD OF LESS THAN $10.00 WILL **NOT** BE PAID. To exclude yourself from the Class, you must mail a request for exclusion to the Claims Administrator in the manner detailed in the Settlement Notice, and postmarked no later than _____, 2015.

Any objection to the Settlement, Plan of Allocation, or to Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and awards to Lead Plaintiffs must be received by each of the addresses indicated in the Settlement Notice by no later than

_____, 2015.

| COURT | PLAINTIFFS' COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District New York<br>500 Pearl Street<br>New York, NY 10007 | Richard W. Gonnello<br>Faruqi & Faruqi, LLP<br>369 Lexington Ave., 10th Floor<br>New York, New York 10017<br>*Lead Counsel for Class*<br><br>Phillip Kim<br>The Rosen Law Firm, P.A.<br>275 Madison Ave., 34th Floor<br>New York, New York 10016<br>*Lead Counsel for Class* | Eugene Licker<br>Loeb & Loeb LLP<br>345 Park Avenue<br>New York, NY 10154<br>*Counsel for FAB, Christopher J.*<br>*Spencer, and John Busshaus* |

If you have any questions about the Settlement, you may call or write to Lead Counsel identified above.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS SETTLEMENT NOTICE.**

DATED: _____

BY ORDER OF THE UNITED
STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF
NEW YORK

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK SIMMONS, Individually and on Behalf of all Others Similarly Situated, | Case No.: 13-CV-8216 (RWS) |
| Plaintiff, | **FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE** |
| v. | **EXHIBIT B** |
| CHRISTOPHER J. SPENCER, JOHN BUSSHAUS, and FAB UNIVERSAL CORP., | |
| Defendants. | |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Order"), dated _____, 2015, on the application of Lead Plaintiffs Qingping Deng, Michael Schivo, Joseph Caizzo, Frank Chung, Yang Lu, and Feng Chang (collectively, "Lead Plaintiffs"), on behalf of the Class, on the one hand, and FAB Universal Corp. ("FAB"), Christopher J. Spencer, and John Busshaus (collectively, "Defendants" and, together with Lead Plaintiffs, the "Settling Parties") for approval of the class settlement set forth in the Stipulation of Settlement ("Settlement Stipulation"), dated as of July 10, 2015 between the Settling Parties. Due and adequate notice has been given to the Class as required in the Preliminary Order, and the Court, having considered all papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all terms used herein shall have the same meanings as set forth in the Settlement Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and

over the Settling Parties to the Litigation, including all Class Members.

3. The District Court finds, for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each of the Class Members; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the District Court, Faruqi & Faruqi, LLP and The Rosen Law Firm, P.A., are hereby appointed as Class Counsel.

5. The Class is defined as all those who purchased the common stock, call options, or sold put options of FAB between June 15, 2012 and November 21, 2013, both dates inclusive. Excluded from the Class are Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of FAB, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Class are Persons who suffered no compensable losses (such as Persons who purchased FAB common stock during the Class Period but sold prior to any partial corrective disclosure). Also, as specified below, excluded from the Class are Persons who make requests for exclusion from the Class in the manner and within the time period provided by the Settlement Stipulation and/or by order of the Court and do not thereafter rescind such requests.

6.      This Order and Final Judgment is binding on all members of the Class, other than those persons listed in Exhibit 1 hereto who have filed timely and valid requests to be excluded from the Class.

7.      The notification provided for and given to the Class was in compliance with the Preliminary Order, and said notification constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).

8.      The Settlement is hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Settlement Stipulation.

9.      The Consolidated Complaint, dated August 1, 2014, is hereby dismissed in its entirety as to the Defendants, with prejudice, and without costs to any Settling Party, except to the extent provided in the Settlement Stipulation and herein.

10.      The Court further finds, pursuant to Section (c)(1) of the PSLRA, 15 U.S.C. § 78u-4(c)(1), that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11.      Upon the Effective Date, Lead Plaintiffs, the Class and each Class Member (other than those listed on Exhibit 1 hereto) (including but not limited to any Class Member who is a party to any other action, arbitration or other proceeding who is asserting claims related to the Released Claims against any of the Defendants and/or any of the Released Parties that are pending on the day of Final Approval), on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent or who purports to claim through them, shall have and shall be deemed by operation of law to have fully, finally and forever released, relinquished, acquitted

3

and discharged the Released Parties from the Released Claims (including, without limitation, Unknown Claims), whether or not such Class Member executes and delivers the Proof of Claim.

12. Upon the Effective Date, Lead Plaintiffs, the Class and each Class Member (other than those listed on Exhibit 1 hereto), on behalf of themselves and their respective predecessors, successors, assigns, personal representatives, heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent or who purports to claim through them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any other Released Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, except to enforce the Settlement.

13. Upon the Effective Date, the Defendants, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all Persons acting in concert with any such Person, shall have fully, finally and forever waived, released and forever discharged any all claims against Lead Plaintiffs relating to the institution and prosecution of the Action, and shall forever be enjoined from instituting, maintaining or prosecuting any or all such claims. Nothing contained herein shall release any claim Defendants may have against any entity or party other than Lead Plaintiffs, including but not limited to any claim against FAB or any of its current or former officers, directors, or insurance companies. Nothing contained herein shall release any claim Lead Plaintiffs and Class Members may have against any entity or party other than the Released Parties.

14. In accordance with the Private Securities Litigation Reform Act as codified at 15 U.S.C. § 78u-4(f)(7)(A), any and call claims for contribution arising out of any Released Claims (i) by any person or entity against any of the Released Parties, and (ii) by any

of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable. Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (ii) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity, any such claim for contribution. In accordance with 15 U.S.C. §78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Released Claim for which such person or entity and any Released Parties are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (ii) the amount paid to the Class by or on behalf of each such Released Party for common damages.

15.     Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed on Exhibit 1 hereto, is bound by this Order and Final Judgment, including, without limitation, the release of claims as set forth in the Settlement Stipulation.

16.     This Order and Final Judgment and the Settlement Stipulation, and all acts performed or papers related thereto are not, and shall not be construed to be, an admission by Defendants of any liability or wrongdoing whatsoever, or that recovery could be had in any amount should the action not be settled, and shall not be offered as evidence or received into evidence in this or any proceeding or used in any manner as an admission or implication of liability or fault on the part of Defendants or any other person. The Order and Final Judgment and the Settlement Stipulation, and all papers related thereto, also are not, and shall not be construed to be, any admission by Lead Plaintiffs or any Class Member of any lack of merit of the Litigation in any respect.

17.     In the event that the Settlement does not become consummated in

5

accordance with the terms of the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Stipulation.

18.     Any court order regarding the Plan of Allocation or the attorneys' fees and expenses award or award to Lead Plaintiffs shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

19.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of funds from the Net Settlement Fund, shall remain under the authority of this Court.

20.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Amount; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

21.     There being no just reason to delay entry of this Order and Final Judgment, the Clerk of the Court is ordered, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Order and Final Judgment forthwith.

Dated: New York, New York

_____, 2015

    _____
    Honorable Robert Sweet
    United States District Court Judge
    Southern District of New York