**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                   :
                                                   :     C.A. No. 13 Civ. 214 (RMB)(RLE)
                                                   :
In re: LONGWEI PETROLEUM INVESTMENT                :     CONSOLIDATED CLASS ACTION
HOLDING LIMITED SECURITIES                         :
LITIGATION                                         ::
                                                   :     JURY TRIAL DEMANDED
                                                   :
                                                   :     ECF CASE
                                                   
------------------------------------------------------------X
This Document Relates To:  All Actions             :
------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND AN AWARD TO CLASS PLAINTIFF**


**FARUQI & FARUQI, LLP**
Stuart J. Guber
101 Greenwood Ave., Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
Fax: (215) 277-5771
Email: sguber@faruqilaw.com

Richard W. Gonnello
Nina Varindani
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
Email: rgonnello@faruqilaw.com
nvarindani@faruqilaw.com

*Attorneys for Class Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ........................................................................................................... 3

I.    LEAD COUNSEL'S ATTORNEYS' FEE REQUEST IS FAIR AND
REASONABLE ............................................................................................ 3

    A.    Lead Counsel Seeks an Award of Attorneys' Fees from the Common Fund ........ 3

    B.    The Percentage-of-Recovery Method of Determining Fees Is Appropriate and
Preferable ............................................................................................. 4

    C.    A Fee of 25% of the Settlement Fund Is Fair, Reasonable and Lower Than
Fees Awarded in this District in Similar Cases ....................................... 4

    D.    The *Goldberger* Factors Strongly Support the Requested Fee ............................. 5

        1.    The Time and Labor Expended by Lead Counsel ..................................... 5

        2.    The Magnitude and Complexity of the Litigation ..................................... 6

        3.    The Risks of the Litigation ..................................................................... 7

        4.    The Quality of Representation .................................................................. 9

        5.    The Requested Fee in Relation to the Settlement ................................... 10

        6.    Public Policy Considerations ................................................................. 10

    E.    The Settlement Class's Reaction to the Fee Request ............................... 11

    F.    The Requested Attorneys' Fees Are Also Reasonable Under a Lodestar
Cross-Check ......................................................................................... 12

II.    LEAD COUNSEL'S EXPENSES WERE REASONABLY INCURRED IN
CONNECTION WITH THIS ACTION ....................................................... 14

III.    CLASS PLAINTIFF SHOULD RECEIVE THE REQUESTED AWARD ..................... 15

CONCLUSION ...................................................................................................... 16

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Adair v. Bristol Tech. Sys. Inc.*,
No. 97 Civ. 5874 (RWS), 1999 U.S. Dist. LEXIS 17627 (S.D.N.Y. Nov. 16, 1999).............10

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
298 F.R.D. 171 (S.D.N.Y. 2014) ......................................................................8, 14

*In re Am. Bank Note Holographics, Inc. Sec. Litig*,
127 F. Supp. 2d 418 (S.D.N.Y. 2001).............................................................12, 14

*In re Beacon Assocs. Litig.*,
No. 09 Civ. 777 (CM), 2013 U.S. Dist. LEXIS 82192 (S.D.N.Y. May 9, 2013)...........4, 5, 12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
909 F. Supp. 2d 259 (S.D.N.Y. 2012)...........................................................6, 13, 14

*In re Blech Sec. Litig.*,
Nos. 94 Civ. 7969 & 95 Civ. 6422 (RWS),
2000 U.S. Dist. LEXIS 6920 (S.D.N.Y. May 19, 2000) ......................................10

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980)................................................................................3

*CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*,
No. 12-CV-08087 (CM)(SN), 2013 U.S. Dist. LEXIS 85650 (S.D.N.Y. June 11, 2013)........8

*In re China Sunergy Sec. Litig.*,
No. 07 Civ. 7895 (DAB), 2011 U.S. Dist. LEXIS 53007 (S.D.N.Y. May 13, 2011)...............8

*City of Providence v. Aeropostale, Inc.*,
No. 11 Civ. 7132, 2014 U.S. Dist. LEXIS 64517 (S.D.N.Y. May 9, 2014)......................3, 13

*Farinella v. PayPal, Inc.*,
611 F. Supp. 2d 250 (E.D.N.Y. 2009) ...............................................................4, 12

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
No. 02-CV-3400 (CM) (PED),
2010 U.S. Dist. LEXIS 119702 (S.D.N.Y. Nov. 8, 2010)...........................................9, 10, 12

*Fogarazzo v. Lehman Bros. Inc.*,
No. 03 Civ. 5194 (SAS), 2011 U.S. Dist. LEXIS 17747 (S.D.N.Y. Feb. 23, 2011) ............6, 7

*In re Giant Interactive Grp., Inc.*,
279 F.R.D. 151 (S.D.N.Y. 2011) ....................................................................7

*In re Gilat Satellite Networks, Ltd.*,
No. CV-02-1510, 2007 U.S. Dist. LEXIS 68964 (E.D.N.Y. Sept. 18, 2007) ..................15, 16

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ................................................................................7, 13, 14

*Goldberger v. Integrated Res., Inc.*,
209 F.3d 43 (2d Cir. 2000) ...................................................................................... *passim*

*Hicks v. Morgan Stanley & Co.*,
No. 01 Civ. 10071 (RJH), 2005 U.S. Dist. LEXIS 24890 (S.D.N.Y. Oct. 24, 2005)...............4

*In re IMAX Sec. Litig.*,
No. 06 Civ. 6128 (NRB), 2012 U.S. Dist. LEXIS 108516 (S.D.N.Y. Aug 1, 2012) ..........4, 14

*In re Indep. Energy Holdings PLC Sec. Litig.*,
302 F. Supp. 2d 180 (S.D.N.Y. 2003)..................................................................................14

*Maley v. Del Global Techs. Corp.*,
186 F. Supp. 2d 358 (S.D.N.Y. 2002)....................................................................3, 9, 11, 13

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
No. 04 Civ. 8144 (CM), 2009 U.S. Dist. LEXIS 120953 (S.D.N.Y. Dec. 23, 2009)........10, 16

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
246 F.R.D. 156 (S.D.N.Y. 2007) .........................................................................................4, 7

*In re Nissan Radiator/Transmission Cooler Litig.*,
No. 10 CV 7493 (VB), 2013 U.S. Dist. LEXIS 116720 (S.D.N.Y. May 30, 2013)...............13

*RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*,
No. 94 Civ. 5587 (PKL) (RLE), 2003 U.S. Dist. LEXIS 8239 (S.D.N.Y. May 15, 2003) .....10

*In re Telik, Inc. Sec. Litig.*,
576 F. Supp. 2d 570 (S.D.N.Y. 2008)....................................................................4, 5, 7, 12

*In re Top Tankers, Inc., Sec. Litig.*,
No. 06 Civ. 13761, 2008 U.S. Dist. LEXIS 58106 (S.D.N.Y. July 31, 2008).........................16

*In re Union Carbide Corp. Consumer Prods. Bus. Sec. Litig.*,
724 F. Supp. 160 (S.D.N.Y. 1989).......................................................................................11

*In re Veeco Instruments Inc. Sec. Litig.*,
No. 05 MDL 01695 (CM), 2007 U.S. Dist. LEXIS 85554 (S.D.N.Y. Nov. 7, 2007) ..............3

*In re WorldCom, Inc. Sec. Litig.*,
388 F. Supp. 2d 319 (S.D.N.Y. 2005)..............................................................................10, 11

*Yung v. Integrated Transp. Network Grp., Inc.*,
   No. 00 Civ. 3965 (DAB)(HBP), 2001 U.S. Dist. LEXIS 24715 (S.D.N.Y. Sept. 4, 2001) ......9

**Statutes**

15 U.S.C. § 78u-4(a)(4) ..............................................................................................15

15 U.S.C. § 78u-4(a)(6) ................................................................................................4

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (Nov. 28, 1995)..........................................................15

S. Rep. No. 104-98 (June 19, 1995)...........................................................................15

Pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4(a)(4), Faruqi & Faruqi, LLP (the "Faruqi Firm" or "Lead Counsel"), Court-appointed Lead Counsel for Lead Plaintiffs Paul Love ("Love"), Fabio Benedetto Lupis ("Lupis") and Chris Wilson ("Wilson"), and Plaintiff Donald Pritt ("Pritt") (collectively, "Class Plaintiffs") and the Class, respectfully submit this memorandum of law in support of their motion for an award of attorneys' fees and reimbursement of litigation expenses incurred in prosecuting this action, and an award of $3,000 to Class Plaintiff Donald S. Pritt, Jr. for his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class.

## PRELIMINARY STATEMENT

As discussed in the accompanying Memorandum of Law in Support of Class Plaintiffs' Motion for Final Approval of the Class Action Settlement and Plan of Allocation and Certification of the Settlement Class, Class Plaintiffs, on behalf of themselves and the Class, and Michael Toups, Gerald DeCiccio, Douglas Cole, Child Van Wagoner & Bradshaw, PLLC and Anderson Bradshaw PLLC (collectively, "Settling Defendants"), have reached a proposed settlement of this class action (the "Action") pursuant to which the Settling Defendants have agreed to pay a total of $1,340,000 in cash that, if approved, will resolve all claims in the Action and will result in the dismissal of the Consolidated Securities Class Action Complaint (the "CSCAC") (ECF No. 47) with prejudice (the "Settlement"). The Settlement is the result of zealous prosecution by Lead Counsel and constitutes an excellent result for the Class considering the significant risks that a smaller recovery – or indeed, no recovery – might be achieved after a lengthy trial, and the likely appeals that would follow.

In connection with the Settlement, Lead Counsel respectfully seeks approval of an award of attorneys' fees in the amount of 25% of the Settlement Fund, or $335,000, plus accrued

1

interest, and reimbursement of $111,603.57 in litigation expenses reasonably incurred during the course of the Action.[1]

The requested fee is fair and reasonable in light of the significant obstacles Lead Counsel faced during the prosecution of the Action, Lead Counsel's skill and experience in litigating securities class actions, and the favorable result obtained for the Class.  In recognition of the risks undertaken and the effort expended by counsel in contingency fee cases, courts in this District routinely award fees of this size or higher in complex securities cases with comparable recoveries.  The fairness of the requested fee also becomes evident when it is compared to Lead Counsel's lodestar of $2,686,811.80.  (*See* Declaration of Stuart J. Guber in Support of the Motions for Final Approval of the Class Action Settlement, an Award of Attorneys' Fees and Reimbursement of Expenses and an Award to Class Plaintiff ("Guber Declaration" or "Guber Decl."), ¶¶ 8, 99, 101)).  With a negative "lodestar multiplier" of 0.12, it is clear that Lead Counsel's fee request is reasonable as greater multipliers are often approved.  (*Id*.)  Further, Lead Counsel reduced their fee request from 33 1/3% set forth in their initial motion papers to 25% in the amended motion papers in order that the Class' share of the Net Settlement Fund increase. (*Id.* ¶ 61).

Furthermore, the Class's reaction to the fee and litigation expenses request and the award to certain Class Plaintiff(s) of up to $5,000 has been positive.  The deadline set by the Court for objections to the Settlement and requests for exclusion is October 6, 2016.  Since notice, which informed potential members of the Class that Lead Counsel would seek fees of up to 25% of the

---

[1] All capitalized terms that are not otherwise defined herein shall have the same meaning as those provided in the Stipulation and Agreement of Settlement dated as of November 3, 2015 (the "Stipulation").  (ECF No. 265-1).  All citations and internal quotation marks are omitted unless otherwise noted.

Settlement Fund plus expenses, was disseminated beginning July 7, 2016, not a single Class Member has filed an objection or requested exclusion.  (*Id.* ¶ 86).

As detailed below, the requested fee is fair and reasonable under the applicable standards in this Circuit.  Accordingly, Lead Counsel respectfully submits that the requested attorneys' fees and reimbursement of expenses should be awarded.  Similarly, the requested award to Class Plaintiff Donald S. Pritt, Jr., is also fair and reasonable and should likewise be awarded.

## ARGUMENT

### I. LEAD COUNSEL'S ATTORNEYS' FEE REQUEST IS FAIR AND REASONABLE

#### A. Lead Counsel Seeks an Award of Attorneys' Fees from the Common Fund

Attorneys who recover a common fund for class members are entitled to receive reasonable attorneys' fees from that fund.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Goldberger v. Integrated Res.*, *Inc*., 209 F.3d 43, 47 (2d Cir. 2000).  "The purpose of the common fund doctrine is to fairly and adequately compensate class counsel for services rendered and to ensure that all class members contribute equally towards the costs associated with litigation pursued on their behalf."  *City of Providence v. Aeropostale, Inc*., No. 11 Civ. 7132, 2014 U.S. Dist. LEXIS 64517, at *30 (S.D.N.Y. May 9, 2014); *see also Goldberger*, 209 F.3d at 47; *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 U.S. Dist. LEXIS 85554, at *7-8 (S.D.N.Y. Nov. 7, 2007).

In addition to providing just compensation, an award of fair and reasonable attorneys' fees from a common fund serves to encourage skilled counsel to represent those who seek redress for injuries inflicted on a class and to discourage similar misconduct in the future.  *See Maley v. Del Global Techs. Corp*., 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002).

### B.      The Percentage-of-Recovery Method of Determining Fees Is Appropriate and Preferable

The two methods used in the Second Circuit for calculating a reasonable fee in class actions are the percentage-of-the-fund method ("percentage method") and the lodestar method. *See Goldberger*, 209 F.3d at 47.  The Second Circuit favors the percentage method in common fund cases.  *Id.* at 48-49; *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.* ("*Merrill Lynch Research*"), 246 F.R.D. 156, 171 (S.D.N.Y. 2007) ("The trend in the Second Circuit … has been to express attorneys' fees as a percentage of the total settlement …").

District courts in this Circuit frequently use the percentage method to calculate class counsel's award in common fund cases and reserve the lodestar calculation to test the proposed award's fairness.  *See, e.g.*, *In re Beacon Assocs. Litig.*, No. 09 Civ. 777 (CM), 2013 U.S. Dist. LEXIS 82192, at *44 (S.D.N.Y. May 9, 2013); *In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2012 U.S. Dist. LEXIS 108516, at *17 (S.D.N.Y. Aug 1, 2012); *Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071 (RJH), 2005 U.S. Dist. LEXIS 24890, at *23 (S.D.N.Y. Oct. 24, 2005). Moreover, the percentage method is consistent with the PSLRA's provision that attorneys' fees in securities class actions should represent a "reasonable percentage" of the amount recovered for the class.  *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 586 (S.D.N.Y. 2008); 15 U.S.C. § 78u-4(a)(6).

The foregoing authority suggests that the Court should use the percentage method to calculate a reasonable attorneys' fee in this Action.

### C.      A Fee of 25% of the Settlement Fund Is Fair, Reasonable and Lower Than Fees Awarded in this District in Similar Cases

The amount of attorneys' fees requested, 25% of the Settlement Fund, falls within the range of attorneys' fees awarded by courts within the Second Circuit.  *See, e.g., Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250, 272-73 (E.D.N.Y. 2009) (finding that Second Circuit district

courts applying the *Goldberger* factors awarded average fees of 10-25% in 2008). Courts within this Circuit often find a larger percentage of attorneys' fees than that requested here to be fair and reasonable. *See Beacon*, 2013 U.S. Dist. LEXIS 82192, at *44 ("In this Circuit, courts routinely award attorneys' fees that run to 30% and even a little more of the amount of the common fund."); *Telik*, 576 F. Supp. 2d at 587 (finding that the requested 25% fee was "less than the attorneys' fees awards made by courts in this District and other courts within the Second Circuit," and collecting Second Circuit securities class action cases which granted attorneys' fees of 30-33⅓%). Accordingly, substantial authority within this Circuit supports the 25% fee requested in this Action.

**D.    The *Goldberger* Factors Strongly Support the Requested Fee**

In *Goldberger*, the Second Circuit set forth the factors that district courts should use to evaluate the reasonableness of the requested attorneys' fees. *Goldberger*, 209 F.3d at 50. The factors include: (1) the time and labor expended by counsel; (2) the magnitude and complexity of the litigation; (3) the risks of the litigation; (4) the quality of the representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Id.* As discussed below, these factors as applied to this Action demonstrate that Lead Counsel's requested fee is fair and reasonable.

**1.    The Time and Labor Expended by Lead Counsel**

The requested fee is supported by the substantial time and diligent effort expended by Lead Counsel to achieve the Settlement in this Action. (Guber Decl. ¶¶ 98, 100-101). As set forth in more detail in the Guber Declaration, Lead Counsel conducted a thorough investigation into Defendants' fraud and committed extensive resources to developing the challenging, technical aspects of plaintiffs' claims over nearly four years of litigation. (*Id.* ¶¶ 7, 67, 93, 98).

Over the course of 4640.29 hours resulting in a lodestar of $2,686,811.80 (Guber Decl. Ex. B),

Lead Counsel:

- conducted a lengthy investigation by reviewing and analyzing: (i) publicly available information regarding Defendants; (ii) hundreds of thousands of pages of responsive documents produced in discovery and deposition testimony taken during a related on-going investigation; and (iii) documents from subpoenas issued to relevant non-parties, including GeoInvesting (Guber Decl. ¶¶ 56, 67, 98);

- conducted independent interviews with local residents conducted and translated by investigators on behalf of Lead Plaintiffs (*Id.* ¶¶ 12, 18, 98);

- consulted with (i) experts regarding auditing of publicly traded companies and (ii) the principals of GeoInvesting (*Id.* ¶¶ 12, 98);

- researched and evaluated the insurance coverage available for resolving the litigation (*Id.* ¶¶ 67, 98);

- requested and received pertinent financial information from the Auditor Defendants to determine their ability to pay any eventual settlement or judgment (*Id.*);

- drafted the detailed CSCAC (*Id.* ¶ 98);

- consulted with a damages expert (*Id.* ¶¶ 98, 105);

- successfully sought relief from the multiple motions to dismiss filed by the Settling Defendants (*Id.* ¶ 98); and

- participated in contentious in-person and telephonic settlement negotiations spanning several weeks with opposing counsel and Jed D. Melnick, Esq., a well-respected and highly experienced mediator, and consulted with opposing counsel regarding the terms of the Stipulation in the months following (*Id.*, ¶¶ 5, 67-69).

### 2.    The Magnitude and Complexity of the Litigation

Securities class actions are notoriously complex and difficult to prosecute.  *See, e.g., In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012); *Fogarazzo v. Lehman Bros. Inc.*, No. 03 Civ. 5194 (SAS), 2011 U.S. Dist. LEXIS 17747,

at *10 (S.D.N.Y. Feb. 23, 2011); *Merrill Lynch Research*, 246 F.R.D. at 172.  This litigation proved no exception, presenting substantial challenges from its inception.

Throughout the course of this nearly four year litigation involving complex accounting principles and international law issues, Class Plaintiffs overcame significant hurdles to protect the interests of Longwei shareholders.  This Settlement was reached only after: (i) Class Plaintiffs and Lead Counsel vigorously fought to oppose the multiple motions to dismiss that were filed by the Settling Defendants; (ii) through meeting and conferring with the Settling Defendants and the filing of motions to compel, Lead Counsel obtained and reviewed hundreds of thousands of pages of responsive documents, deposition testimony taken during a related on-going SEC investigation and documents from subpoenas issued to relevant non-parties; (iii) thoroughly researched the obstacles presented by the location of the majority of Defendants' assets, documents and witnesses in China; and (iv) engaged in several weeks of contentious settlement negotiations.  (Guber Decl. ¶¶ 56, 67-69, 72, 98).  The magnitude and complexity of this Action support the award of Lead Counsel's requested fees.

### 3.    The Risks of the Litigation

Courts in this Circuit consider the risks of the litigation critical to determining the reasonableness of the requested fees.  *See Telik*, 576 F. Supp. 2d at 592 (describing the risks of the litigation as "pivotal" to assessing the appropriateness of the requested fee award); *see also In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004).  Among the types of litigation risks considered, "[t]he most salient is the attorneys' risk in accepting a case on a contingency fee . . . ."  *In re Giant Interactive Grp., Inc.*, 279 F.R.D. 151, 164 (S.D.N.Y. 2011).

Lead Counsel prosecuted this Action on a contingent fee basis and did not receive any compensation for its services or reimbursement for litigation expenses for nearly four years.

(Guber Decl. ¶ 93).  As described below and in further detail in the Guber Declaration, there were significant risks that Lead Counsel might not obtain any recovery for the Class and would not be compensated for its efforts.  (*Id.* ¶ 7).  Accordingly, the contingency risk in this case weighs in favor of the requested award.

Lead Counsel continues to believe that the claims asserted in the CSCAC are meritorious and that the evidence developed to date supports those claims.  However, without the Settlement, the litigation would have continued, posing significant risks and additional costs.  As a number of Defendants' fact witnesses are located in China, obtaining the necessary depositions in this Action would have been very challenging, if not impossible.  *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 175 (S.D.N.Y. 2014) ("[d]efendants and key witnesses are located in China, which would add tremendous complication and cost to pursue discovery"); *In re China Sunergy Sec. Litig.*, No. 07 Civ. 7895 (DAB), 2011 U.S. Dist. LEXIS 53007, at *13-14, 16 (S.D.N.Y. May 13, 2011) (finding that the risks of litigation weighed in favor of approving the requested attorneys' fees where "the Company's location in China . . .  would have increased the difficulty and expense of discovery, and might have made it impossible to collect some of the evidence or take depositions necessary" to establish defendants' liability).  The parties would be required to conduct discovery through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") which is often "unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules."  *CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*, No. 12-CV-08087 (CM)(SN), 2013 U.S. Dist. LEXIS 85650, at *31 (S.D.N.Y. June 11, 2013) (citation omitted).  Further, despite being a signatory to the Hague Convention, China does not permit foreign attorneys to take depositions in China, thus the depositions of any Company

officers would require them to travel to Hong Kong where depositions are permitted.  *See Yung v. Integrated Transp. Network Grp., Inc.*, No. 00 Civ. 3965 (DAB)(HBP), 2001 U.S. Dist. LEXIS 24715, at *46-47 (S.D.N.Y. Sept. 4, 2001) (discussing limitations on deposition testimony in Hong Kong).  (Guber Decl. ¶¶ 4, 72-73).

Lead Counsel would have faced additional challenges proving falsity and scienter.  The Settling Defendants raised a number of defenses that they did not make any actionable misstatements and omissions and that they did not act with scienter.  For example, in their Motions to Dismiss and their Answers in this Action, the Settling Defendants denied that they made any actionable misstatements or acted with scienter.  (*Id.* ¶¶ 49, 51-52, 54).

Furthermore, even if Lead Counsel were to obtain a judgment in the Class' favor, there is a significant risk that Class Plaintiffs would be unable to enforce and collect a money judgment obtained from the Settling Defendants, who have a lack of financial resources and limited insurance coverage (if any at all) to satisfy an amount greater than the Settlement Amount. (*Id.* ¶¶ 4, 7, 57, 75).  Accordingly, the substantial risks of litigation support Lead Counsel's requested fee award.

### 4.    The Quality of Representation

The quality of the representation that Lead Counsel provided supports the reasonableness of the requested fee.  Lead Counsel is a national law firm with extensive experience representing investors in large, complex securities class actions.  (*Id.*, Ex. A).  The favorable outcome in this case is attributable to Lead Counsel's experience and its hard work, diligence and determination.

The quality of opposing counsel is an important factor to consider in evaluating the quality of Lead Counsel's work.  *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 U.S. Dist. LEXIS 119702, at *83 (S.D.N.Y. Nov. 8, 2010); *Maley*, 186 F. Supp. 2d at 373.  The Settling Defendants' counsel, Kaufhold Gaskin LLP ("Kaufhold

Gaskin"), Beuglemans, LLP, and Parr, Brown Gee & Loveless, are all national, highly-regarded law firms that provided its clients with excellent representation.  Lead Counsel's ability to obtain a favorable settlement for the Settlement Class while facing the formidable skill and resources of opposing counsel further bolsters the reasonableness of the requested fee award.

### 5.    The Requested Fee in Relation to the Settlement

To determine whether the requested fee is reasonable in relation to the settlement, Courts in this District compare the requested fee to those "awarded in similar securities class-action settlements of comparable value."  *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 U.S. Dist. LEXIS 120953, at *56 (S.D.N.Y. Dec. 23, 2009).  The 25% fee requested here is well below the range of fees awarded in comparable cases within the Second Circuit.  *See, e.g., RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587 (PKL) (RLE), 2003 U.S. Dist. LEXIS 8239, at *6-7 (S.D.N.Y. May 15, 2003) (awarding 33⅓% of $975,000 settlement, plus expenses); *In re Blech Sec. Litig.*, Nos. 94 Civ. 7969 & 95 Civ. 6422 (RWS), 2000 U.S. Dist. LEXIS 6920, at *16 (S.D.N.Y. May 19, 2000) (awarding 30% of $800,000 settlement); *Adair v. Bristol Tech. Sys. Inc.*, No. 97 Civ. 5874 (RWS), 1999 U.S. Dist. LEXIS 17627, at *8-9 (S.D.N.Y. Nov. 16, 1999) (awarding 33% of $975,000 settlement, plus expenses, and finding that "[c]ourts in this District have previously awarded fees at or exceeding this level on numerous occasions").  This factor further supports Lead Counsel's requested award.

### 6.    Public Policy Considerations

Courts in this District have held that "[p]ublic policy concerns favor the award of reasonable attorneys' fees in class action securities litigation."  *Flag Telecom*, 2010 U.S. Dist. LEXIS 119702, at *83-84 (quoting *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 141-42 (S.D.N.Y. 2008)).  "[T]o attract well-qualified plaintiffs' counsel who are able to

take a cause to trial, and who defendants understand are able and willing to do so, it is necessary to provide appropriate financial incentives." *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 359 (S.D.N.Y. 2005).

Securities class action lawsuits, such as this one, can only be maintained if counsel can receive reasonable compensation for its successful representation of plaintiffs injured by violations of the federal securities laws. *See In re Union Carbide Corp. Consumer Prods. Bus. Sec. Litig.*, 724 F. Supp. 160, 169 (S.D.N.Y. 1989) ("A large segment of the public might be denied a remedy for violations of the securities laws if contingent fees awarded by the courts did not fairly compensate counsel for the services provided and the risks undertaken."). Lead Counsel was willing to assume the considerable risks of this litigation and achieved a successful result for the Class through its efforts. (Guber Decl. ¶¶ 4, 76, 93). Public policy supports an award of the reasonable attorneys' fees and expenses requested herein.

### E.     The Settlement Class's Reaction to the Fee Request

Although not included among the *Goldberger* factors, the Settlement Class's reaction to the requested attorneys' fees "is entitled to great weight by the Court." *Maley*, 186 F. Supp. 2d at 374. Pursuant to this Court's Order Preliminarily Approving Proposed Settlement and Providing for Notice dated June 23, 2016 (ECF No. 279), 1,324 copies of the Settlement Notice and Proof of Claim were sent to potential Class members beginning July 7, 2016. (Guber Decl. ¶¶ 6, 82). On July 11, 2016, the Publication Notice was published in *Investor's Business Daily* and a copy of the Publication Notice was also published online over *Globenewswire.* (*Id.*). Additionally on July 11, 2016, a copy of the CSCAC and the Stipulation (including Exhibits) was placed on the website maintained by the Claims Administrator on behalf of Lead Counsel at www.longweipetroleumsecuritieslitigation.com. (*Id.* ¶ 83). The Settlement Notice, Proof of Claim and Publication Notice and Internet Notices (the "Notices") included all of the

information required by Federal Rule of Civil Procedure 23, due process, and the PSLRA, informing the Class that Lead Counsel would apply for an award of 25% of the Settlement Fund plus expenses not to exceed $115,000.  (*Id.* ¶ 84).  The deadline for objections to the fee request is October 6, 2016, as published in the Notices.  (*Id.*).  To date, no Class Member has objected to the amount of attorneys' fees requested.  (*Id.* ¶ 86).  The absence of objections supports the reasonableness of the requested attorneys' fees.  *See In re Am. Bank Note Holographics, Inc. Sec. Litig*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) (". . . the lack of objections may well evidence the fairness of the Settlement").

**F.     The Requested Attorneys' Fees Are Also Reasonable Under a Lodestar Cross-Check**

This Circuit encourages a lodestar cross-check on a requested fee award to evaluate its reasonableness.  *See Goldberger*, 209 F.3d at 50; *see Beacon*, 2013 U.S. Dist. LEXIS 82192, at *76.  To determine the lodestar, the court multiplies the number of hours an attorney devoted to the litigation by that attorney's hourly rate.  Then, by applying a multiplier, the court adjusts the lodestar amount to reflect factors including the risks of litigation, the result obtained, and the quality of representation.  *See, e.g. Flag Telecom*, 2010 U.S. Dist. LEXIS 119702, at *68; *Farinella*, 611 F. Supp. 2d at 269.

Lead Counsel has spent 4640.29 hours litigating this Action, resulting in a lodestar of $2,686,811.80.  (Guber Decl. ¶¶ 98, 101).  Lead Counsel's hourly billing rates range from $580 to $950 for partners and $375 to $550 for associates.  (*Id.* ¶ 101).  To determine "the propriety of the hourly rates charged by plaintiffs' counsel in class actions, courts have continually held that the standard is the rate charged in the community where the services were performed for the type of services performed by counsel," *i.e.*, the "market rate."  *Telik*, 576 F. Supp. 2d at 589.  Courts in this District have found comparable rates charged by plaintiffs' counsel in similar actions to

be reasonable.  *See, e.g., City of Providence*, 2014 U.S. Dist. LEXIS 64517, at *37-38 (approving lodestar based upon partners' hourly fees of $640-875 and associates' hourly fees of $335-665); *In re Nissan Radiator/Transmission Cooler Litig.*, No. 10 CV 7493 (VB), 2013 U.S. Dist. LEXIS 116720, at *49 (S.D.N.Y. May 30, 2013) (approving lodestar based upon hourly fees from $525-795 for partners and from $325-675 for associates).  Accordingly, the market rate supports the reasonableness of the hourly rates used by Lead Counsel in the calculation of its lodestar.

The hours worked by Lead Counsel are also reasonable.  The Settlement was achieved only after Lead Counsel performed a great deal of work on behalf of the Class during the nearly four years leading up to the Settlement.  (Guber Decl. ¶¶ 7, 67, 93, 98).  Lead Counsel respectfully submits that the 4640.29 hours worked in connection with this Action were necessary to achieve the Settlement for the benefit of the Class and are therefore reasonable.  (*Id.* ¶¶ 100-01).

The requested attorneys' fees, 25% of the Settlement Fund, or $335,000, represents a negative multiplier of 0.12 of Lead Counsel's lodestar.  (*Id.* ¶¶ 8, 99).  This multiplier is less than those typically awarded in similar securities class actions in this District and confirms the reasonableness of the requested fee.  *See Global Crossing*, 225 F.R.D. at 468 (approving requested attorneys' fees with a 2.16 multiplier, which "falls comfortably within the range of lodestar multipliers . . . used for cross-check purposes in common fund cases in the Southern District of New York"); *Maley*, 186 F. Supp. 2d at 368-69 ("[A] multiplier of 4.65 [is] well within the range awarded by courts in this Circuit and courts throughout the country."); *City of Providence*, 2014 U.S. Dist. LEXIS 64517, at *38 (approving requested attorneys' fees with a negative multiplier of 0.70); *Bear Stearns*, 909 F. Supp. 2d at 271 (approving the requested

attorneys' fees with a negative multiplier of "less than 0.92—a strong indication of the reasonableness of the proposed fee.").

## II.   LEAD COUNSEL'S EXPENSES WERE REASONABLY INCURRED IN CONNECTION WITH THIS ACTION

Pursuant to the Notices, Lead Counsel also respectfully requests reimbursement of $111,603.57 for litigation expenses reasonably incurred in connection with prosecuting this Action.   (Guber Decl. ¶¶ 102-06).   It is well-established that "[c]ounsel is entitled to reimbursement from the common fund for reasonable litigation expenses."   *In re IMAX*, 2012 U.S. Dist. LEXIS 108516, at *18 (quoting *In re Merrill Lynch Tyco*, 249 F.R.D. at 143).   Courts in this Circuit frequently grant reasonable reimbursement requests from plaintiffs' counsel in common fund cases.   *See, e.g., Advanced Battery Techs.*, 298 F.R.D. at 183 (granting lead plaintiffs' counsel's request for reimbursement of "out-of-pocket expenses reasonably and necessarily incurred" in prosecuting the action); *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients.") (citing *Mitland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)); *Am. Bank Note Holographics*, 127 F. Supp. 2d at 433 (granting plaintiffs' counsel's request for reimbursement of expenses).

Lead Counsel has itemized the categories of expenses it incurred and attests to their accuracy in the Guber Declaration.   (Guber Decl., Ex. C).   Lead Counsel's expenses include expert fees, mediation fees, filing fees, electronic research, photocopying, postage, stockholder transfer records, and meals and transportation.   (Guber Decl. ¶ 105 and Ex. C).   These expenses are those for which "the paying, arms' length market" routinely reimburses attorneys.   *Global Crossing*, 225 F.R.D. at 468 (granting the requested reimbursement and categorizing the

expenses – witnesses, filing fees, service of process, travel, legal research, document review – as those for which attorneys are often reimbursed).

Moreover, no objections to the expense request, which was stated in the Notices, have been submitted.  (Guber Decl. ¶ 86).  As such, the requested reimbursement should be awarded from the Settlement Fund.

## III.   CLASS PLAINTIFF SHOULD RECEIVE THE REQUESTED AWARD

Class Plaintiff Donald S. Pritt, Jr., seeks an award of $3,000 in recognition of the time and effort he expended during his representation of the Class.  *See* Declaration of Donald S. Pritt, Jr. ("Pritt Decl.") attached as Exhibit D to the Guber Decl.[2]  The PSLRA authorizes "the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4); *see also* H.R. Conf. Rep. No. 104-369, at 35 (Nov. 28, 1995) ("[L]ead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as a lead plaintiff, including lost wages, and [the committee] grants the courts discretion to award fees accordingly"); S. Rep. No. 104-98, at 10 (June 19, 1995) ("Recognizing that service as the lead plaintiff may require court appearances or other duties involving time away from work, the Committee grants courts discretion to award the lead plaintiff reimbursement for 'reasonable costs and expenses' (including lost wages) directly relating to representation of the class.").

Courts "routinely award such costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation and to incur such

---

[2] Pritt is a chiropractor licensed in the State of New York with an office in Brooklyn. Pritt Decl. ¶ 1. Based on Pritt's income during the course of the litigation his hourly rate was $150 per hour. *Id.* at ¶ 4.

expenses in the first place." *In re Gilat Satellite Networks, Ltd.,* No. CV-02-1510, 2007 U.S. Dist. LEXIS 68964, at *61-62 (E.D.N.Y. Sept. 18, 2007). Here, during the course of the litigation, Pritt spent 20 hours providing representation to the Class that he would have otherwise devoted to his employment.  (Pritt Decl. ¶ 5).  This time included: (a) reviewing and approving pleadings, motions and other submissions filed with the Court; (b) having extensive telephonic and email contact with Lead Counsel regarding strategy and developments in the case; (c) reviewing  submissions to the mediator and traveling to, attending, and fully participating in the mediation, including settlement negotiations and discussions; (d) reviewing and approving responses and objections to discovery requests drafted by Lead Counsel; and (e) searching for, reviewing and producing documents to Lead Counsel and pursuant to requests for production propounded defendants.  (Pritt Decl. ¶ 3).  These are precisely the types of activities that support the requested award.  *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 U.S. Dist. LEXIS 120953, at *60-62 (S.D.N.Y. Dec. 23, 2009).  Further, a fee award of $3,000 in a settlement with an overall value of $1.34 million is reasonable.  *See e.g., In re Top Tankers, Inc., Sec. Litig.*, No. 06 Civ. 13761, 2008 U.S. Dist. LEXIS 58106, at *57 (S.D.N.Y. July 31, 2008) (award of $3,000 to lead plaintiff out of $1.2 million settlement).

Accordingly, Class Plaintiff Donald S. Pritt's request for a $3,000 award pursuant to 15 U.S.C. § 78u-4(a)(4) should be granted.

### CONCLUSION

For the reasons stated above, Lead Counsel respectfully requests that this Court award attorneys' fees of 25% of the Settlement Fund, plus accrued interest, reimbursement of litigation expenses in the amount of $111,603.57 and an award to Class Plaintiff Donald S. Pritt, Jr. in the amount of $3,000.00 for his representation of the Class.

16

Dated:  September 21, 2016   Respectfully submitted,

           **FARUQI & FARUQI, LLP**
           */s/ Stuart J. Guber*
           Stuart J. Guber
           101 Greenwood Ave., Suite 600
           Jenkintown, PA 19046
           Tel: (215) 277-5770
           Fax: (215) 277-5771
           Email: sguber@faruqilaw.com

           Richard W. Gonnello
           Nina Varindani
           685 Third Avenue, 26th Floor
           New York, NY 10017
           Tel: (212) 983-9330
           Fax: (212) 983-9331
           Email: rgonnello@faruqilaw.com
           nvarindani@faruqilaw.com

           *Attorneys for Class Plaintiffs*

17